UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC U.S.A., INC. and UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 03-CV-440 (WES) |

**REPLY IN SUPPORT OF MICROSOFT CORPORATION'S MOTION TO COMPEL RESPONSES TO ITS INTERROGATORIES NOS. 8 AND 20**

## I. INTRODUCTION

In its fourth attempt to answer Microsoft's Interrogatory No. 8, Uniloc has finally admitted it has not marked its patented products in compliance with 35 U.S.C. § 287. Uniloc's delay in providing this admission was not a product of miscommunication or clarification, as it represents in its papers. The numerous letters and repeated meet and confer sessions between the parties on this issue clearly establish that Uniloc has known for months that Microsoft considered Uniloc's response to be deficient, and would move to compel supplementation.

But their admission now—a year late—that they failed to mark does not, as Uniloc claims, moot this motion. Nor does its token, but substance-free, "supplementation" of Microsoft's Interrogatory No. 20. Uniloc continues to fail to provide any meaningful response, in clear violation of its discovery obligations.

## II. ARGUMENT

Over a year ago, Microsoft asked Uniloc one simple question: Do you mark? For the past year, Uniloc has given Microsoft nothing but non-responses to this simple question. Only now, after letters, telephone conferences, sending a draft motion to compel to Uniloc, and filing the present motion to compel, does Uniloc finally admit the truth: It has not marked. That ends

the dispute with respect to Interrogatory No. 8. But it does not fully answer the question posed by Interrogatory No. 20.

In short, Uniloc has now made 2 key admissions: (1) it has not marked any of its products, and (2) it never provided Microsoft with actual notice of infringement. These two admissions are fatal to Uniloc's claim of entitlement to pre-suit damages. *Gary v. Logitech*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). Despite this, Uniloc still inexplicably maintains in its response to Interrogatory No. 20 that it is entitled to pre-suit damages.

By the present motion, Microsoft is seeking an order compelling Uniloc to explain how and why this can possibly be. The current response to Interrogatory No. 20 provides none of this detail, and Microsoft is entitled to a clear statement from Uniloc as to the basis for this contention so that Microsoft can easily frame its response, including a motion for partial summary judgment at the appropriate time. Uniloc's response also has a substantial impact on the scope and content of the remaining expert and fact discovery in this case, since it should cut the relevant time frame in half.

Rather than simply concede the inevitable, and bring the issue to a belated close, Uniloc, in its response to Interrogatory No. 20, attempts to hide behind a laundry list of facts and contentions. Uniloc should be compelled to identify those particular facts that it contends actually bear on its allegation of entitlement to pre-suit damages. All that Uniloc has done in this regard is to make a blanket incorporation by reference of its responses to Interrogatory Nos. 8, 11, 13, 17, and 18. This is wholly inadequate. For example, Uniloc's third supplemental response to Interrogatory No. 8 does not support, but rather refutes, Uniloc's position that it is entitled to pre-suit damages. Uniloc's responses to Interrogatory Nos. 11 and 13 are directed to issues of willful infringement and the amount of damages Uniloc alleges it is owed, neither of which has anything to do with either marking or notice of alleged infringement. Microsoft's Interrogatory Nos. 17 and 18 are even farther afield, in that they are directed to whether Uniloc contends it is entitled to reasonable royalty or lost profits damages. These too have nothing to do with whether Uniloc complied with § 287.

If there is some subset of facts contained in these five interrogatory responses that Uniloc contends somehow bears on its alleged entitlement to pre-suit damages, it must identify them in its response to Interrogatory No. 20. It should not be permitted to "hide the ball" from Microsoft through a vague and overly broad incorporation by reference.

Uniloc does not seriously dispute that an interrogatory seeking identification of the bases of its contentions is completely appropriate and must be answered. *Schaap v. Executive Industries, Inc.*, 130 F.R.D. 384 (N.D. Ill. 1990); *Dendema, A.B., v. Denbur, Inc.*, 2002 U.S. Dist. LEXIS 434, *7 (N.D. Ill. 2002) (ordering intervenor to provide responses to interrogatories seeking factual basis to allegations in its complaint); *Continental Illinois National Bank & Trust v. Caton*, 136 F.R.D. 682, 683-84 (D. Kan 1991) ("[t]he defendant is entitled to know the factual basis of plaintiff's allegations and the documents which the plaintiff intends to use to support those allegations."). In *Schaap*, the court required the defendant in a warranty suit to answer interrogatories requesting the factual bases for a variety of the defendant's legal positions. The defendant objected to six separate interrogatories requesting factual bases for its denials of allegations in the complaint. *Id.* at 387-88. The defendant objected on the basis that the interrogatories would require it to "disclose its legal theories and strategies." *Id.* at 388. The court in *Schaap* disagreed, stating "an interrogatory 'is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact.'" *Id.* at 388; *see also* FED.R.CIV.P. 33(c). Furthermore:

> The questions asked by plaintiffs in this case only require a simple yes or no answer, ***and the factual basis behind that answer***. Consequently, [defendant] can reveal the facts behind its position without revealing its mental impressions and trial strategies. The disputed interrogatories are not objectionable solely because they inquire into [defendant's] position on a particular issue. After all, one of the main goals of discovery is to clarify, narrow, and sharpen the issues. For the litigation to proceed fairly and effectively, there must be mutual access to all relevant facts. To ensure mutual access to all relevant facts, [defendant] is hereby ordered to respond to plaintiffs' interrogatories.

*Schaap*, 136 F.R.D. at 388 (internal citations omitted) (emphasis added).

Uniloc should provide Microsoft with the same information the court required of the defendant in *Schaap*—the factual bases for Uniloc's contention that it is entitled to pre-suit damages. As in *Schaap*, Microsoft's Interrogatories seek the factual bases for Uniloc's legal contention that it is entitled to pre-suit damages. As in *Schaap*, Uniloc argues that Microsoft is impermissibly asking it to disclose its legal theories. The result on this motion should be no different than in *Schaap*. Without the bases for Uniloc's contentions, Microsoft will be prejudiced in its ability to prepare its defense to Uniloc's claim that it is entitled to pre-suit damages, and will be forced to undertake additional third party discovery in the remaining discovery period.

Uniloc's remaining argument—that Microsoft's Interrogatory No. 20 is premature because an expert's evaluation is required—is also an insufficient excuse not to respond. *Bohannon v. Honda Motor Company*, 127 F.R.D. 536, 538-39 (D. Kan. 1989).

## III. CONCLUSION

For the foregoing reasons, Microsoft respectfully requests the Court to order Uniloc to fully respond to Microsoft's Interrogatory No. 20.

Dated: June 13, 2005

By: ______________________________

Joseph V. Cavanagh #1139
Staci L. Kolb #5451
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

Frank E. Scherkenbach
Kurt L. Glitzenstein
Fish & Richardson, P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Of Counsel:

Isabella E. Fu, Esq.
MICROSOFT CORPORATION
One Microsoft Way
Redmond, WA 98052-6399
Telephone: (425) 882-8080
Facsimile: (425) 936-7329

Attorneys for Defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**

I certify that on June 13, 2005 I caused a true and correct copy of the foregoing REPLY IN SUPPORT OF MICROSOFT CORPORATION'S MOTION TO COMPEL RESPONSES TO ITS INTERROGATORIES NOS. 8 AND 20 to be served as follows:

Francis A. Connor, III
Jennifer L. Buckley
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Attorneys for Plaintiffs
UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED

(VIA HAND DELIVERY)

Paul J. Hayes
Dean G. Bostock, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111

Counsel for Plaintiffs
UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED

(VIA EXPRESS MAIL)

Cynthia Dragon
______________________