UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC U.S.A., INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 03-CV-440 (WES) |

# DEFENDANT MICROSOFT CORPORATION'S APPLICATION FOR FEES PURSUANT TO FRCP 37(a)(4)(A)

## I. INTRODUCTION

Uniloc's failure to provide a timely response to Microsoft's interrogatories regarding marking has resulted in needless delay and imposed unnecessary costs on Microsoft. Uniloc's belated supplementations are not the result of any new information. Rather, these responses offer what Uniloc must have known before Microsoft bore the expense of preparing its Motion to Compel: It does not have a claim to pre-suit damages. Microsoft asks the Court to grant reasonable fees incurred as a result of Uniloc's inexcusable delay in answering Microsoft's Interrogatories related to marking, as authorized by Fed. R. Civ. P. 37(a)(4)(A).

## II. BACKGROUND

On January 7, 2004, Microsoft served Uniloc with its First Set of Interrogatories, including Interrogatory No. 8, which asks Uniloc to specify the details of any alleged marking of any alleged embodiments of the '216 patent.

Uniloc's first response to Interrogatory No. 8 cited Rule 33(d), but failed to identify any documents showing that either Uniloc or its licensees had ever marked. From its own search of Uniloc's entire document production, Microsoft determined that Uniloc had not produced any

documents showing that a Uniloc product, or a product from one of its licensees or business partners, had ever been marked.

On October 14, 2004, the parties met and conferred in part regarding Uniloc's responses to Interrogatory No. 8 concerning marking. Counsel for Uniloc agreed at this meeting to supplement its responses to Interrogatory No. 8. Microsoft offered to exchange supplemental interrogatory responses by October 29, 2004. Uniloc did not object to this date, and then accepted Microsoft's supplementation without providing its own. Two months later, after still having not received Uniloc's promised supplementation, Microsoft sent Uniloc a draft motion to compel directed to this and other issues. Uniloc finally relented and provided a supplemental response on January 10, 2005. [May 13, 2005 Declaration of Denis Ticak ¶¶4-5 (herein "Ticak Decl.")]. However, the supplemental response to Interrogatory No. 8 refused to state whether any of the 100 products allegedly embodying the patent-in-suit that Uniloc separately identified had been marked.

In a further meet and confer, Uniloc conceded that its response was still deficient, and agreed to once again supplement its response to Interrogatory No. 8, this time by February 11, 2005. Uniloc provided its second supplemental response to Microsoft's Interrogatory No. 8, again belatedly, on February 22, 2005. Uniloc's answers were again incomplete and non-responsive, and essentially just re-packaged its previous supplemental response.

As a result of Uniloc's still-deficient second supplemental response, Microsoft again requested that Uniloc supplement its response to Microsoft's Interrogatory No. 8. Although initially stating that it would supplement, Uniloc informed Microsoft by letter dated March 30, 2005, that it would not supplement its response to Interrogatory No. 8. [Ticak Decl. ¶9].

Microsoft put considerable other resources into investigating the facts that might potentially support or refute Uniloc's claim that it is entitled to pre-suit damages. Uniloc's failure to timely respond to Microsoft's interrogatories, and its parsimonious doling of out limited information, forced Microsoft to incur the expense of subpoenaing numerous third

parties, including IBM, Simon & Schuster, and Ziff Davis, to determine, *inter alia*, if they had evidence that Uniloc did or did not mark its patented products.

In view of Uniloc's failure to respond to Microsoft's interrogatory regarding marking, Microsoft also served a new Interrogatory No. 20 seeking Uniloc's contention as to whether it is entitled it to pre-suit damages. Responding, Uniloc admitted that it had not provided Microsoft with actual notice of the alleged infringement as required to recover pre-suit damages in the absence of marking, but it failed to say one way or the other whether it contended that it was entitled to pre-suit damages.

Microsoft filed its Motion to Compel on May 13, 2005. Despite the extensive back-and-forth between the parties regarding Uniloc's responses, Uniloc falsely represented to the Court in its papers that Microsoft had failed to meet and confer on the issue prior to resorting to a motion:

> Unfortunately, contrary to the spirit, if not the letter, of Fed.R.Civ.P. 37 and Local Rule 13(d), defendant did not attempt to meet and confer prior to the filing of the Motion.

[Def.'s Opp'n to Microsoft's Mot. to Compel at 1.] Along with its Opposition, Uniloc provided what would be the first of two separate supplementations to its responses to Microsoft's Interrogatories *after* Microsoft filed its Motion. With its Opposition, Uniloc supplemented Interrogatory Nos. 8 and 20. After Microsoft submitted its reply brief to the Court, Uniloc served its second supplemental response to Interrogatory No. 20. With its last supplementation, Uniloc tacitly acknowledged what it must have known all along: It does not have a claim to pre-suit damages.

## III. LEGAL AUTHORITY

Fed. R. Civ. P. 37(a)(4)(A) governs instances where supplementations are provided after a motion is filed:

> if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees....

Rule 37(a)(4)(A) requires the Court to order a non-movant or its counsel to pay the movant's reasonable expenses incurred in bringing its motion unless the opposition to the motion to compel was "substantially justified," or other circumstances make an award of expenses unjust. *Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001). The proper method of awarding attorneys' fees for a violation of Rule 37 is the lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended. *Cobell v. Norton* 231 F.Supp.2d 295, 300 (D.D.C. 2002). The Court may consider the prevailing local market rates in determining whether an attorney's fees are reasonable. *Id.* at 302. The description of the hours spent in bringing a motion is also considered in determining whether the time spent was reasonable. *E.E.O.C. v. Accurate Mechanical Contractors, Inc.*, 863 F.Supp. 828, 834 (E.D. Wis. 1994).

## IV. ARGUMENT

Why did it take a draft motion to compel, numerous letters, repeated meet and confer sessions, and a full set of briefing before Uniloc would finally tell the whole truth with regard to its inability to press a claim to pre-suit damages? Because Uniloc knew all along that it had absolutely no basis to make such a claim, and consequently would be unable to point to billions of dollars of Microsoft's revenue as part of its damages claim. Given the significance of this issue, Microsoft invested considerable resources into the factual and legal investigation into the points that could support or refute such a claim. By this motion, Microsoft only seeks its fees in connection with its motion to compel and other directly related expenses, but the true cost of Uniloc's obstructionist conduct has been much, much higher.

In view of Uniloc's belated supplementations to Microsoft's Interrogatory Nos. 8 and 20, Uniloc should be ordered to pay Microsoft its reasonable expenses, including attorneys' fees, incurred in preparing its briefing on its Motion to Compel. *Cabana,* 200 F.R.D. at 17. Uniloc has never offered any justification for failing to properly, timely, and completely respond to Microsoft's Interrogatories. There have not been "changed circumstances" after Microsoft filed its Motion that would warrant Uniloc's conduct. Uniloc's responses provide information that

Uniloc has been well aware of since Microsoft first served its Interrogatories—it has no basis to support its claim of pre-suit damages.

Microsoft is only seeking reimbursement for the time spent by its attorneys in preparing briefing regarding Uniloc's responses to Interrogatory Nos. 8 and 20, including the memorandum supporting the motion and the reply brief, and the draft memorandum provided to Uniloc on December 29, 2004. Attorneys from the law firm of Fish & Richardson Laura R. Braden, an associate at with three years experience, Denis Ticak, an associate with two years experience, and Kurt Glitzenstein, a principal with over thirteen years experience, worked on and prepared the above briefing. Ms. Braden's and Mr. Ticak's billable rates are each $209/hour, while Mr. Glitzenstein's billable rate is $390 per hour. The table below gives the total legal fees generated by these three attorneys in preparing the Motion to Compel, and the accompanying Declaration of Denis Ticak identifies the particular tasks, and the time spent to perform them.

| Attorney | Billable Rate | Hours Worked | Sub-Total Fees |
|---|---|---|---|
| Kurt Glitzenstein | $390/hour | 1.5 | $585.00 |
| Laura Braden | $209/hour | 10.7 | $2236.30 |
| Denis Ticak | $209/hour | 36.3 | $7586.70 |
| | | Total Fees | $10,408.00 |

Microsoft also submits the Declaration of Stephen J. Reid, Jr. in support of this Application for Fees. Mr. Reid is a member of the bar of the State of Rhode Island, and is a partner in the law firm of Blish & Cavanagh LLP. Mr. Reid's declaration provides support for the fact that the above rates are comparable to the prevailing market rates in the Providence market, and that the number of hours spent on the briefing was reasonable.

## V. CONCLUSION

For the foregoing reasons, Microsoft requests that the Court order Uniloc to pay Microsoft $10,408.00 for its failure to timely supplement its responses to Microsoft's Interrogatory Nos. 8 and 20.

Dated: June 27, 2005

By: ______________________________

Joseph V. Cavanagh, Jr. #1139
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

Frank E. Scherkenbach
Kurt L. Glitzenstein
Fish & Richardson, P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Of Counsel:

Isabella E. Fu, Esq.
MICROSOFT CORPORATION
One Microsoft Way
Redmond, WA 98052-6399
Telephone: (425) 882-8080
Facsimile: (425) 936-7329

Attorneys for Defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**

I certify that on June 27, 2005 I caused a true and correct copy of the foregoing DEFENDANT MICROSOFT CORPORATION'S APPLICATION FOR FEES PURSUANT TO FRCP 37(a)(4)(A); and, DECLARATION OF DENIS TICAK IN SUPPORT OF DEFENDANT MICROSOFT CORPORATION'S APPLICATION FOR FEES PURSUANT TO FRCP 37(a)(4)(A) to be served as follows:

Francis A. Connor, III
Jennifer L. Buckley
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Attorneys for Plaintiffs
UNILOC USA, INC. and UNILOC
SINGAPORE PRIVATE LIMITED

(Via Hand Delivery)

Paul J. Hayes
Dean G. Bostock, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111

Counsel for Plaintiffs
UNILOC USA, INC. and UNILOC
SINGAPORE PRIVATE LIMITED

(Via Overnight Mail)

21114396.doc