**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED<br>Plaintiffs,<br>vs.<br>MICROSOFT CORPORATION,<br>Defendant. | Civ. A. No. 03-CV-440 (WES) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT MICROSOFT CORPORATION'S APPLICATION FOR FEES PURSUANT TO FED. R. CIV. P. 37(a)(4)(A)**

Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private Ltd. (*collectively*, "Uniloc") submit this memorandum in opposition to defendant Microsoft Corporation's application for an award of attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(4)(A) ["Fee Application"]. Microsoft's request for fees suffers from the same procedural and substantive infirmities as its earlier motion to compel, and should be denied.

Argument

In disregard for the plain language of Rule 37, Microsoft filed its motion to compel, for which it now seeks attorneys fees, without first conducting a conference between counsel to explore whether motion practice was necessary. Accordingly, Microsoft's motion to compel did not include the required certification from counsel that it had "in good faith conferred or attempted to confer with [plaintiffs] in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). The certification requirement is not optional. That omission was fatal to defendant's

aware of that infirmity, Microsoft filed the present Fee Application. Nothing illustrates Microsoft's mal intent better than the inordinate amount of attorney time that Microsoft declares, under oath, was spent preparing the straightforward discovery motion. Attorney Laura Braden drafted and revised the motion over the course of 10.7 hours. Declaration of Denis Ticak In Support of Defendant Microsoft Corporation's Application for Fees Pursuant to Fed. R. Civ. P. 37(a)(4)(A), dated June 27, 2005, at 1. Months later, Attorney Ticak logged a total of 36.3 hours working on the motion that Laura Braden had already drafted and preparing a reply brief in support of the motion. *Id.* at 2. Attorney Ticak spent a staggering 27.9 hours on the reply brief alone. *Id.* The filed version of that reply brief was only 3 ½ pages long. *See generally* Reply In Support of Microsoft Corporation's Motion to Compel, which is attached to this opposition as Exhibit B.

This incredible waste of attorney time is a direct result of defendant's counsel's failure to follow the rules of procedure. Microsoft's now withdrawn motion to compel was entirely unnecessary. Had Microsoft conducted a meet-and-confer as required by Rule 37, Uniloc would have been more than willing to provide the supplemental responses, which it was then in the midst of preparing. By its plain language, Rule 37 bars an award of fees in these circumstances. The Fee Application should be denied.

and Uniloc will provide a supplemental answer in the event additional information is discovered." *See* Plaintiffs' Second Supplemental Answers to Defendant's Interrogatory Nos. 6-8, at 11, which is attached to this opposition as Exhibit A. Uniloc never refused to supplement further its answer to Interrogatory No. 8. In its second supplemental answer, and in the March 30th letter, plaintiffs simply stated that, as of those dates, no additional information was available. As Microsoft details in its motion, the last discovery conference between counsel occurred on February 11th. ***Thirteen weeks*** later, Microsoft served and filed its motion to compel, without any effort to schedule a meet and confer to discuss plaintiffs' ongoing investigation of these factual issues.

The history concerning Interrogatory No. 20 is even more egregious. No meet and confer ever occurred to address plaintiffs' answer to Interrogatory No. 20. Thus, with respect to that interrogatory, Microsoft's motion to compel was not only improper under Fed. R. Civ. P. 37, but also violated the language of the Court's Local Rule 13(d).

In sum, Rule 37 expressly prohibits an award of attorneys fees here, where it is undisputed that the motion to compel "was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(4)(A). This is not a circumstance where a party failed or refused to answer an interrogatory. Rather, plaintiffs provided responses that were consistent with the progress being made in their ongoing investigation into this complicated and extensive factual issue. Indeed, Microsoft acknowledged that it was a complex task in its motion to compel, which required interaction with several licensees and third-party software vendors. Microsoft Memorandum, at 2. An award of fees would be improper and unjust.

It is apparent that Microsoft was merely interested in seeking some sanction against plaintiffs, rather than raising a meritorious discovery issue. First, it sought an evidentiary sanction, despite the fact that no discovery order had ever been sought from the Court. After being made

motion to compel, and warrants a denial of the Fee Application. If Microsoft had complied with its obligation, it would have learned that plaintiffs were finalizing supplemental responses. The responses were served together with plaintiffs' opposition to the motion to compel.

Microsoft offers no explanation for its failure to confer; if, however, Microsoft believed that its earlier discussions with plaintiffs' counsel obviated the need for the Rule 37 conference, it is mistaken. To that end, Microsoft incorrectly stated in its motion to compel that plaintiffs' counsel refused to supplement plaintiffs' answer to interrogatory No. 8 in a March 30th letter. *See* Memorandum of Points and Authorities in Support of Microsoft's Motion to Compel Responses to Interrogatories Nos. 8 and 20, at 5 ["Microsoft Memorandum"] ("Although initially stating that it would supplement, Uniloc informed Microsoft by letter dated March 30, 2005, that it would not supplement its response to Interrogatory No. 8"). Yet, in the accompanying declaration of defendant's counsel Denis Ticak, the actual quote from the March 30th letter stated that "'[Uniloc has] no reason to supplement [its] response ***at this time***.'" [bold and italics added].

Microsoft's Fee Application is based upon the erroneous assertion that Uniloc knew it had no basis for claiming pre-suit damages in this case but refused to answer Microsoft's interrogatories to that effect. In fact, Uniloc has not conceded its claim for pre-suit damages. To the contrary, Uniloc's investigation into its claim for pre-suit damages is ongoing and Uniloc informed Microsoft of that fact in its discovery responses and in the March 30th letter.

Thus, when the March 30th letter is taken in proper context with plaintiffs' then existing supplemental answer to Interrogatory No. 8, it is plain that plaintiffs were continuing their efforts to investigate the facts and circumstances concerning commercialization of the patented technology, and any "marking," which might have occurred, within the meaning of 35 U.S.C. § 287. In its February 22nd supplemental response, Uniloc stated that its "investigation into this matter is ongoing

Conclusion

For these reasons, Microsoft's Fee Application should be denied.

**UNILOC USA, INC.**
**UNILOC SINGAPORE PRIVATE LIMITED**

Dated: July 7, 2005.

By:____________________
Francis A. Connor, III (R.I. Bar No. 4640)
Sheri L. Pizzi (R.I. Bar No. 5720)
**TAYLOR DUANE BARTON & GILMAN, LLP**
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)

OF COUNSEL:

Paul J. Hayes, Esq.
Rosemary Allen, Esq. (R.I. Bar No. 5407)
Dean G. Bostock, Esq.
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
(617) 542-6000 (Telephone)
(617) 542-2241 (Facsimile)

Certificate of Service

I certify that a true and accurate copy of this opposition was served on counsel for Microsoft Corporation, Joseph V. Cavanagh, Esq. of Bliss and Cavanagh, Commerce Center, 30 Exchange Terrace, Providence, Rhode Island 02903, by first class mail and Denis Ticak, Esq. of Fish & Richardson P.C., 225 Franklin Street, Boston, Massachusetts 02110, by first class mail on July 7, 2005.

____________________