UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNILOC USA, INC., and UNILOC SINGAPORE PRIVATE LIMITED, Plaintiffs, | : | |
| v. | : | CA 03-440S |
| MICROSOFT CORPORATION, Defendant. | : | |

**ORDER**
**DENYING APPLICATION**
**FOR ATTORNEYS' FEES**

Before the court is Defendant Microsoft Corporation's Application for Fees Pursuant to FRCP 37(a)(4)(A) (Document #92) ("Application"). A hearing on the Application was conducted on July 13, 2005.

Microsoft Corporation ("Microsoft") seeks fees because of Plaintiffs' alleged "inexcusable delay in answering Microsoft's Interrogatories related to marking ...." Application at 1. The fees are sought pursuant to Fed. R. Civ. P. 37(a)(4)(A).[1] In

[1] Fed. R. Civ. P. 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

support of the Application, Microsoft notes that it filed a motion to compel on May 13, 2005. See Application at 1; see also Microsoft's Motion to Compel Responses to Its Interrogatories Nos. 8 and 20 (Document #77) ("Motion to Compel"). The Motion to Compel sought an order requiring Uniloc "to respond fully to Microsoft's Interrogatory Nos. 8 and 20 immediately." Motion to Compel. Although Microsoft subsequently withdrew its request for relief with regard to Interrogatory No. 8[2] and thereafter withdrew its request for relief as to Interrogatory No. 20,[3] in the letter announcing this withdrawal, Microsoft stated that it should not have been put to the expense of making the Motion to Compel and that it would "be submitting an application for its fees incurred in connection with [the Motion to Compel]," Letter from Glitzenstein to court of 6/16/05. This is that Application.

In light of the above stated facts, it is apparent that Microsoft is relying upon that portion of Rule 37(a)(4)(A) which provides that "if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion ...." Fed. R. Civ. P. 37(a)(4)(A).

Plaintiffs Uniloc USA, Inc., and Uniloc Singapore Ltd. (collectively "Uniloc") object to the Application because, among other grounds, the Motion to Compel did not include the required

---

[2] See Letter from Glitzenstein to court of 6/16/05 ("In Microsoft's reply brief, filed June 13, 2005, Microsoft withdrew its requested relief with regard to Interrogatory No. 8, in view of Plaintiff's Third Supplemental Response to that Interrogatory.").

[3] See id.

certification from counsel that Microsoft had "in good faith conferred or attempted to confer with [plaintiffs] in an effort to secure the disclosure without court action." Plaintiffs' Opposition to Defendant Microsoft Corporation's Application for Fees Pursuant to Fed. R. Civ. P. 37(a)(4)(A) (Document #100) at 1 (quoting Fed. R. Civ. P. 37(a)(2)(A))(alteration in original).[4] Microsoft argued at the hearing that, although the Motion to Compel did not contain such a certification, the memorandum filed in support of the motion detailed Microsoft's efforts to obtain the information sought from Plaintiffs. See Tape of 7/13/05 Hearing; see also Memorandum of Points and Authorities in Support of Microsoft's Motion to Compel Responses to Its Interrogatories Nos. 8 and 20 ("Microsoft's Mem.") at 3-5; Declaration of Denis Ticak in Support of Microsoft's Motion to Compel Responses to Its Interrogatories Nos. 8 and 20 ("Ticak Decl."). Microsoft suggested that these efforts were an adequate substitute for the certification requirement and that there was no realistic possibility that an additional contact with counsel for Uniloc prior to filing the Motion to Compel would have alleviated the need to file it. See Tape of 7/13/05 Hearing.

The court has reviewed Microsoft's Mem. and the Ticak Decl. The latest date reflected in those documents of any conference or communication between the parties prior to the filing of the Motion to Compel on May 13, 2005, is a March 30, 2005, letter

---

[4] Fed. R. Civ. P. 37(a)(2)(A) provides:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Fed. R. Civ. P. 37(a)(2)(A).

from Dean Bostock, counsel for Uniloc, to Denis Ticak, wherein Mr. Bostock states, in reference to Uniloc's response to Interrogatory No. 8, that "Uniloc has no reason to supplement [its] response at this time." Ticak Decl. ¶ 8 (alteration in original). The court declines to find that receipt of a communication of this nature, made some six weeks before the filing of the Motion to Compel, is an acceptable substitute for the certification required by Rule 37(a)(2)(A).[5]

It has been the court's practice to require compliance with this Rule. Indeed, in some instances the court has declined to hear motions to compel which lack the required certification. Awarding attorneys' fees to a party which has failed to comply with the Rule would give the impression that the court does not attach importance to it and that it can be disregarded or overlooked with no consequences. This would be contrary to the message which the court has sought to disseminate for more than six years. For these reasons, the Application is DENIED.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
U.S. MAGISTRATE JUDGE
July 14, 2005

BY ORDER:

Deputy Clerk

[5] The Memorandum of Points and Authorities in Support of Microsoft's Motion to Compel Responses to Its Interrogatories Nos. 8 and 20 ("Microsoft's Mem.") refers to "serv[ing] a new Interrogatory No. 20 seeking Uniloc's contention as to whether it had complied with § 287, such as to entitle it to pre-filing damages," Microsoft's Mem. at 5, and that in responding Uniloc "admitted that it had not provided Microsoft with actual notice of the alleged infringement, but it failed to say one way or the other whether it contended that it was entitled to pre-filing damages," id. However, no date is given for either the service of this interrogatory or for Uniloc's answer, and the court will not guess when these events occurred.