UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNILOC U.S.A., INC. and
UNILOC SINGAPORE PRIVATE LIMITED,

Plaintiffs,

v.

MICROSOFT CORPORATION,

Defendant.

Civil Action No. 03-CV-440 (WES)

RECEIVED
JUL 27 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

**(MR. CARY DREELAN)**

**TO THE REGISTRAR OF THE SUPREME COURT OF SOUTH AUSTRALIA, ADELAIDE SA 5001, AUSTRALIA:**

The United States Federal District Court for the District of Rhode Island hereby presents this Letter Of Request For International Judicial Assistance ("Letter of Request") to the Supreme Court of South Australia for its assistance in obtaining testimony from Mr. Cary Dreelan for use at trial in the above-captioned matter *Uniloc U.S.A., Inc. and Uniloc Singapore Private Limited v. Microsoft Corporation*, Civil Action No. 03-CV-440 (WES), currently pending in this Court. This request is being made pursuant to Rule 28 of the United States Federal Rules of Civil Procedure and the Laws of Australia and South Australia, and the Hague Convention on the Taking of Evidence in Civil or Commercial Matters, Oct. 7, 1972, 23 UST 2355 (herein the "Convention").

Plaintiffs Uniloc U.S.A., Inc. and Uniloc Singapore Private Limited ("Uniloc"), brought this patent infringement suit against Microsoft Corporation ("Microsoft") for infringement of U.S. Patent No. 6,490,216 (the '216 patent) entitled "System For Software Registration" on September 26, 2003. In its complaint, Uniloc alleges that Microsoft has infringed the '216 patent by making, using, and selling products using Microsoft's Product Activation technology. Microsoft has filed a counterclaim for judgment that it does not infringe the '216 patent, and that the '216 patent is invalid and unenforceable.

In the United States, the circumstances surrounding the conception and first reduction to practice of a patented invention, as well as the design and operation of embodiments of the patent, can be highly relevant to the validity of a patent, its interpretation, and its infringement. *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996); *Lamoureux v. Genesis Pharm. Services, Inc.*, 226 F.R.D. 154, 160 (D. Conn. 2004); *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1383 (Fed. Cir. 1999); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996); *Dow Chemical Co. v. Astro-Valcour, Inc.*, 110 F. Supp. 2d 104, 106 (N.D.N.Y. 2000). In addition, the circumstances surrounding the commercialization, marketing and distribution of a patented article are relevant to the validity of the patent, and a plaintiff's

potential recovery. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1564 (Fed. Cir. 1995); *Wahl Instruments, Inc. v. Acvious, Inc.*, 950 F.2d 1575, 1581 (Fed. Cir. 1991); *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 829 (Fed. Cir. 1991).

Uniloc has identified Mr. Dreelan in its mandatory initial disclosures as an individual who may have knowledge and information concerning the structure, function, operation, and use of the subject matter disclosed and claimed in the '216 patent.

Defendant Microsoft has requested that this Court issue this Letter of Request to obtain the testimony of Mr. Dreelan for the purpose of obtaining his testimony for use at trial regarding the claims and defenses of the parties. In support of this Letter of Request, Microsoft has offered the following information, set forth in numbered paragraphs, all of which are allegations and are not findings of this Court:

1. Mr. Dreelan was one of the first, if not the first, software programmers employed by two of Uniloc's predecessors, Computrix and Uniloc Corporation. While at Computrix and Uniloc Corporation, Mr. Dreelan was involved in the early development of the technology disclosed by the '216 patent along with the named inventor of the '216 patent, Fredric B. Richardson.

2. Upon information and belief, during a February 8, 2005 telephone conversation with counsel for Microsoft, Mr. Dreelan stated that he designed and built the first version of the system embodying the subject matter of the '216 patent. Mr. Dreelan also stated that he conceived and developed functions that improved Uniloc Corporation's technology.

3. Documents provided by Plaintiffs indicate that Mr. Dreelan was at least partially responsible for the development of Uniloc's technology. [*See* UNILOC 531-32, Ex. B.] On information and belief, Mr. Dreelan is the "programmer" referenced in the statement "[t]ogether with his programmer, [Mr. Richardson] seems to have developed a unique method of copy protection and distribution for software" found on the page designated UNILOC 531.

4. Mr. Dreelan's knowledge of the facts and circumstances surrounding the development, design, and manufacture of products embodying the subject matter of the '216 patent may be highly relevant to Microsoft's defenses and counterclaims related to non-infringement, invalidity, unenforceability, and damages available to Plaintiffs.

5. In and around 1993 to 1995, Uniloc Corporation was party to a licensing agreement with IBM for the distribution of software using Uniloc technology embodying the subject matter of the '216 patent. On information and belief, Mr. Dreelan stated during the February 8, 2005 call that he was employed at Uniloc Corporation while the license agreement with IBM was in effect.

6. Mr. Dreelan's knowledge of events and circumstances related to Uniloc's efforts to commercialize the technology of the '216 patent is directly relevant to issues including the damages recovery available to Plaintiffs, and the invalidity of the '216 patent.

Microsoft has applied to this Court for issuance of this Letter of Request for the purpose of obtaining Mr. Dreelan's testimony responsive to the topics of examination attached as Exhibit A to this Letter of Request.

This Court requests that you compel the appearance of Mr. Dreelan at a convenient location to obtain testimony under oath for use at trial in the above-captioned judicial proceeding. This Court also requests that the parties to this lawsuit be notified of the time and location of the execution of this Letter of Request so that they may attend the deposition. In addition, this Court requests that U.S. counsel to the parties be allowed to conduct the examination of the witness before a competent person appointed or authorized by you for that purpose.

This Court also requests that a stenographer and/or videographer be permitted to attend the oral deposition to transcribe and record Mr. Dreelan's testimony for use at trial. If permitted, Microsoft shall arrange for the attendance of a stenographer and/or videographer at the deposition. This Court also requests that the parties be permitted to arrange for a notary public or justice of the peace to administer an oath to Mr. Dreelan similar to that administered in U.S. practice. In addition, this Court requests that Mr. Dreelan review and sign the transcript of his testimony indicating that the testimony is his own, and that he make any necessary corrections to the transcript at that time. Upon execution, the executed request is to be returned to counsel for the defendant, John Swinson, Mallesons Stephen Jacques, Level 30, Waterfront Place, 1 Eagle Street, Brisbane QLD 4000, Australia.

Mr. Dreelan's current home address and contact information is as follows:

84a River Drive
Athelstone, SA 5076, Australia
Tel: +61 8 8336 4643
Email: cary@groundhog.com.au

The parties to this case may be contacted through their respective counsel of record in the United States. For Defendant Microsoft:

Frank E. Scherkenbach
Kurt L. Glitzenstein
Fish & Richardson, P.C.
225 Franklin Street
Boston, Massachusetts 02110

For Plaintiff Uniloc:

Paul J. Hayes
Dean G. Bostock
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111

**EXHIBIT A**
**Topics for Examination of Mr. Dreelan:**

1 Initial development of Uniloc's patented technology:
- 1.1 Prior art to Uniloc's patented technology;
- 1.2 The conception of Uniloc's patented technology;
- 1.3 The first reduction to practice of an embodiment of Uniloc's patented technology;
- 1.4 Mr. Dreelan's role in, or contribution to, the development of Uniloc's patented technology;
- 1.5 Mr. Richardson's role in, or contribution to, the development of Uniloc's patented technology;
- 1.6 Others' role(s) in, or contribution to, the development of Uniloc's patented technology;
- 1.7 Conversations regarding the development of Uniloc's patented technology;
- 1.8 Other similar technologies available at the time Uniloc's patented technology was first conceived, reduced to practice, and patented;
- 1.9 Identities of other possible inventors of Uniloc's patented technology;
- 1.10 Identities of individuals involved in the initial development of Uniloc's technology;

2 The '216 patent:
- 2.1 The design and manufacture of products embodying Uniloc's patented technology;
- 2.2 Conversations regarding the '216 patent;
- 2.3 Conversations regarding patent applications for subject matter related to the '216 patent;
- 2.4 Conversations with Mr. Richardson regarding the technology disclosed in the '216 patent;
- 2.5 The manufacture of embodiments of the '216 patent;
- 2.6 The sale and marketing of embodiments of the '216 patent;
- 2.7 The structure, function, operation, and use of the subject matter disclosed and claimed in the '216 patent;

3 The IBM license agreement:
- 3.1 The identity of individuals from Uniloc involved in the negotiations leading to the licensing agreement with IBM;
- 3.2 The circumstances surrounding the execution of the IBM licensing agreement;
- 3.3 The identity of individuals from IBM involved in the negotiations leading to the licensing agreement with IBM;
- 3.4 Uniloc's performance under the licensing agreement;
- 3.5 IBM's performance under the licensing agreement;
- 3.6 The reasons for the termination of the IBM license agreement.

Microsoft's Australia solicitor:

John Swinson
Mallesons Stephen Jaques
Level 30, Waterfront Place
1 Eagle Street
Brisbane QLD 4000, Australia
Tel: +61 7 3244 8000
Fax: +61 7 3244 8999

This Court requests that Microsoft, by its Australian solicitor, Mr. John Swinson, of Mallesons Stephen Jaques (or if Mr. Swinson is unavailable, another partner of Mallesons Stephen Jaques) be nominated for the purpose of commencing proceedings under Rules 79.01 - 79.07 of the Rules of the Supreme Court of South Australia (*Supreme Court Rules* 1987 (SA)) with respect to this Letter of Request.

The United States District Court for the Northern District of California extends to the appropriate judicial authority of the Courts of South Australia the highest consideration for its courtesy and assistance in this matter.

7-29-05
Date:

David L. Martin
David L. Martin
United States Magistrate Judge

Martha Saucier
Clerk of the Court by Deputy Clerk