**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED<br>Plaintiffs,<br>vs.<br>MICROSOFT CORPORATION,<br>Defendant. | Civ. A. No. 03-CV-440 (WES) |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF LICENSE AGREEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc"), hereby respectfully move the Court for an order compelling production by defendant, Microsoft Corporation ("Microsoft"), of a patent license agreement between Microsoft and Intertrust Technologies Corporation. This license agreement relates to the determination of a reasonable royalty measure of damages. Further, it is needed to rebut the opinion of Microsoft's damages expert who relies upon other license agreements entered into between Microsoft and other third parties. For the reasons set forth in the accompanying memorandum of law, Uniloc respectfully requests that this motion be granted.

**CERTIFICATE OF COMPLIANCE WITH FED.R.CIV.P. 37(a)(2)(A)**

The undersigned certifies that Uniloc's counsel has attempted to confer with Microsoft's counsel in a good-faith attempt to secure the relief requested in this motion and that the attempt was not successful.

UNILOC USA, INC.
UNILOC SINGAPORE PRIVATE LIMITED

Dated: November 9, 2005

By: ______________________

Francis A. Connor, III (R.I. Bar No. 4640)
Sherri L. Pizzi (R.I. Bar No. 5720)
**TAYLOR DUANE BARTON & GILMAN, LLP**
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)

OF COUNSEL:

Paul J. Hayes, Esq.
Rosemary Allen, Esq. (R.I. Bar No. 5407)
Paul J. Cronin, Esq.
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
(617) 542-6000 (Telephone)
(617) 542-2241 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on local counsel for Microsoft Corporation, Joseph V. Cavanagh, Esq. of Bliss and Cavanagh, Commerce Center, 30 Exchange Terrace, Providence, Rhode Island 02903, by hand delivery and on national counsel for Microsoft Corporation, Frank R. Scherkenbach, Esq. of Fish & Richardson P.C., 225 Franklin Street, Boston, Massachusetts 02110, by overnight courier on November 9, 2005.

______________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED<br>Plaintiffs,<br>vs.<br>MICROSOFT CORPORATION,<br>Defendant. | Civ. A. No. 03-CV-440 (WES) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF LICENSE AGREEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc"), respectfully submit this memorandum of law in support of their motion for an Order compelling defendant, Microsoft Corporation ("Microsoft"), to produce a copy of a patent license agreement recently entered into between Microsoft and a third party regarding the very technology at issue in this case. For the reasons set forth below, Uniloc respectfully requests that this motion should be granted.

**BACKGROUND**

This is a patent infringement case in which Uniloc alleges that Microsoft infringes Uniloc's U.S. Patent No. 5,490,216 ("the 216 Patent"). More particularly, Uniloc alleges that certain anti-piracy technology used in numerous well-known Microsoft products such as Windows XP and Office XP infringes the '216 Patent. The accused technology is known as

"Product Activation" and is used to prevent unauthorized and unlicensed use of Microsoft's products. *See* Ex. A. As a remedy for Microsoft's infringement, Uniloc is entitled by statute to no less than a reasonable royalty resulting from Microsoft's unlawful use of the patented technology. *See* 35 U.S.C. § 284. The withheld license is relevant to the determination of the royalty rate.

This is not the first patent case involving Microsoft's Product Activation technology. Microsoft was previously sued by a company known as Intertrust Technologies Corporation ("Intertrust") in the U.S. District Court for the Northern District of California, Civil Action No. C01-1640 SBA. According to Intertrust's website, Microsoft settled that case involving Product Activation by taking a license under Intertrust's patents and paying Intertrust a license fee of $440 million dollars. *See* Ex. B.

As set forth below, prior license agreements entered into by a defendant in a patent case are relevant to the determination of a reasonable royalty because they reflect the value an infringer places upon the accused technology. During discovery, Uniloc requested Microsoft to produce all documents referring or relating to such value. Microsoft, however, has refused to produce a copy of the license agreement with Intertrust.

On October 19, 2005, Microsoft produced to Uniloc copies of various license agreements that it had entered into with third parties. A copy of the Intertrust license agreement was not included with these (presumably self-serving) licenses. As a result, counsel for Uniloc wrote to Microsoft's counsel requesting that the Intertrust agreement be produced or, in the alternative, that Microsoft identify the agreement if it had previously been produced. Ex. C. Microsoft responded on October 24, 2005 stating that the Intertrust agreement is "irrelevant to the claims and defenses of the parties in this case" and that the agreement is "not responsive to Uniloc's

document requests". *See* Ex. D. Counsel for Uniloc responded on October 25, 2005 explaining: (1) the plain relevance of the Intertrust agreement, i.e., the issue of the determination of a reasonably royalty in this case, and (2) that the agreement had been requested long a go in Uniloc's document request number 54. *See* Ex. E. In the same letter, counsel for Uniloc also requested a meet-and-confer on this issue the following day and requested counsel for Microsoft to propose a convenient time for the meet-and-confer. *Id.* Counsel for Microsoft failed to respond to the request for a meet-and-confer. On October 28, 2005 Counsel for Uniloc wrote again to Counsel for Microsoft, noting the absence of any response to Uniloc's prior letter requesting a meet-and-confer, and warning that a motion to compel would be filed together with a request for attorney's fees, if the Intertrust agreement was not produced by the end of business on October 31, 2005. Ex. F. Counsel for Microsoft did not respond to this letter either. Therefore, Uniloc must resort to filing this motion.

The Intertrust agreement should also be produced as it will enable Uniloc to rebut the expert report of Microsoft's damages expert. As set forth below, Microsoft's expert has attempted to minimize the value of Product Activation to Microsoft. Microsoft's expert relies upon two other license agreements submitted with his report. Uniloc wants to use the Intertrust agreement to rebut and/or impeach Microsoft's expert by showing that Microsoft paid Intertrust $440 million for this same technology. The rebuttal report of Uniloc's expert is due to be served on December 8, 2005.

## ARGUMENT

The patent statute provides that a patent owner is entitled to no less than a reasonably royalty measure of damages resulting from the infringement of a patent by the defendant. *See* 35 U.S.C. § 284. At trial, the determination of a reasonable royalty is reached by consideration of

the so-called, and well-known, "*Georgia-Pacific*" factors. *See, e.g. Dow Chem. Co. v. Mee Industries, Inc.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003) (in determining reasonable royalty, "district court should consider the so-called *Georgia-Pacific* factors").[1] One of the *Georgia Pacific* factors to be considered is "[t]he rates paid by the licensee for the use of other patents comparable to the patent in suit". *Georgia-Pacific*, 318 F. Supp. at 1120.

On or around March 1, 2005, Uniloc served the following document request on Microsoft:

**REQUEST NO. 54**

> All documents and/or things that describe, concern, constitute, identify, relate to and/or refer to, the economic and/or financial value that Microsoft has placed and/or places on the accused Microsoft Product Activation technology and/or as a result of Microsoft's deployment, employment, incorporation, license and/or use of such technology in Microsoft's accused products.
>
> *See* Ex. G.[2]

Clearly, the $440 million that Microsoft paid to Intertrust for a license to allow Microsoft to use its Product Activation feature is responsive to this request as it relates to the value that Microsoft has placed on this technology.

Microsoft's other excuse for withholding the Intertrust license agreement is that it is not relevant to any issue in the case. This excuse is also wholly without merit. As stated above, Uniloc claims a reasonable royalty measure of damages in this case. A reasonable royalty is determined by applying the *Georgia-Pacific* factors. Two of these factors are "[t]he rates paid by the licensee for

---

[1] These factors were originally considered together in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1126 (S.D.N.Y. 1970).

[2] Thus, Microsoft's assertion that the license agreement was not requested is incorrect (as evidenced by the fact that Microsoft has produced numerous other license agreements in this case, including two in support of its damages expert's report).

the use of other patents comparable to the patent in suit" and "[t]he opinion testimony of qualified experts". *See Georgia-Pacific*, 318 F. Supp. at 1120.

Thus, there is "nothing objectionable" about examining other licenses in connection with determining a reasonable royalty. *Gargoyles, Inc. v. United States*, 113 F.3d 1572, 1581 (Fed. Cir. 1997). In fact, prior license agreements "carry considerable weight in calculating a reasonable royalty rate". *Dow v. Mee Indus.*, 341 F. Supp. at 1382 n. 4 (quoting *Unisplay S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 519 (Fed. Cir. 1995)). As a result, the Intertrust agreement that relates to the Product Activation technology at issue in this case is relevant and should be produced.

Uniloc also requests an expedited disposition of this motion. Microsoft served its damages expert report on counsel for Uniloc on November 8, 2005. Uniloc's rebuttal damages report is due to be served on counsel for Microsoft on or before December 8, 2005. Microsoft's damages expert (Mr. Napper) relies upon two license agreements in support of his opinion. These two license agreements are between Microsoft and two third parties. Uniloc's damages expert (Mr. Gemini) should be allowed to rely upon other Microsoft agreements in rebutting Mr. Napper's report. Mr. Napper attempts to diminish the value of the product activation technology used in the accused Microsoft products. However, Mr. Napper's opinion is directly contradicted by the license agreement entered into by Microsoft with Intertrust relating to the same accused Product Activation technology. Contrary to Mr. Napper's opinion herein that this technology is of little value, Microsoft was willing to and did pay Intertrust $440 million dollars for a patent license permitting Microsoft to use Product Activation. Uniloc's expert should be permitted to use the Intertrust/Microsoft license agreement to rebut the opinion of Microsoft's expert. To do so, Uniloc's expert will need to obtain a copy of the agreement in advance of the December 8, 2005

deadline for serving his rebuttal report. Accordingly, Uniloc requests an early disposition of this motion.

## CONCLUSION

For the reasons set forth above, this motion should be granted and Uniloc awarded its attorneys fees incurred in connection with this motion for Microsoft's failure to respond to Uniloc's request for a meet-and-confer regarding this dispute.

**UNILOC USA, INC.**
**UNILOC SINGAPORE PRIVATE LIMITED**

Dated: November 9, 2005

By: ______________________________

Francis A. Connor, III (R.I. Bar No. 4640)
Sherri L. Pizzi (R.I. Bar No. 5720)
**TAYLOR DUANE BARTON & GILMAN, LLP**
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)

OF COUNSEL:

Paul J. Hayes, Esq.
Rosemary Allen, Esq. (R.I. Bar No. 5407)
Paul J. Cronin, Esq.
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
(617) 542-6000 (Telephone)
(617) 542-2241 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on local counsel for Microsoft Corporation, Joseph V. Cavanagh, Esq. of Blish and Cavanagh, Commerce Center, 30 Exchange Terrace, Providence, Rhode Island 02903, by hand delivery and on national counsel for Microsoft Corporation, Frank R. Scherkenbach, Esq. of Fish & Richardson P.C., 225 Franklin Street, Boston, Massachusetts 02110, by overnight courier on November 9, 2005.

______________________________