UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 03 440 (WES) |

**DEFENDANT MICROSOFT CORPORATION'S MOTION FOR LEAVE TO EXCHANGE ADDITIONAL CLAIM TERMS**

Pursuant to the June 18, 2004 Order entered by the Court, Defendant Microsoft Corporation ("Microsoft") hereby moves for leave to exchange more than 10 claim terms with Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private Limited on December 2, 2005.

For the reasons set forth in the accompanying Memorandum in Support of Microsoft's motion, Microsoft respectfully requests that this relief be granted.

Microsoft's counsel has made efforts in good faith to confer with opposing counsel concerning the issues raised in this motion. On November 10, 2005, Microsoft's counsel sent a letter to opposing counsel on November 10, 2005 outlining Microsoft's position with respect to exchanging claim terms and seeking Uniloc's position. Uniloc's counsel responded that it "believes that a maximum of ten claim terms is more than sufficient in this case." Microsoft's counsel provided a draft of the attached Memorandum to opposing counsel on November 17, 2005 and requested Uniloc's assent to this motion. Uniloc's counsel replied on November 21, 2005 that it would not assent to the motion.

Dated: November 21, 2005

By: Joseph V Cavanagh (mcd)
Joseph V. Cavanagh, Jr. #1139
**BLISH & CAVANAGH**
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900 (Telephone)
(401) 751-7542 (Facsimile)

Frank E. Scherkenbach
Kurt L. Glitzenstein
Laura R. Braden
**FISH & RICHARDSON P.C.**
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Isabella Fu, Esq.
**MICROSOFT CORPORATION**
One Microsoft Way
Redmond, WA 98052-6399
Telephone: (415) 882-8080
Facsimile: (415) 936-7329

Attorneys for Defendant
MICROSOFT CORPORATION

## CERTIFICATE OF GOOD FAITH

Counsel for Defendant hereby certify that they have made efforts in good faith to confer with opposing counsel concerning the issues raised in this motion as set forth above, and that those efforts have been unsuccessful, necessitating the filing of this motion.

Joseph V. Cavanagh (mcd)
Joseph V. Cavanagh, Jr.

# CERTIFICATE OF SERVICE

I certify that on November 21, 2005 I caused a true and correct copy of the foregoing **DEFENDANT MICROSOFT CORPORATION'S MOTION FOR LEAVE TO EXCHANGE ADDITIONAL CLAIM TERMS** to be served as follows:

Francis A. Connor, III
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Attorneys for Plaintiffs
UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED

(by hand)

Paul J. Hayes
Dean G. Bostock
Paul J. Cronin
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111

Counsel for Plaintiffs
UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED

(by overnight delivery)

Mary C Dunn
_______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 03 440 (WES) |

**MEMORANDUM IN SUPPORT OF DEFENDANT MICROSOFT CORPORATION'S MOTION FOR LEAVE TO EXCHANGE ADDITIONAL CLAIM TERMS**

This motion seeks leave to increase from ten to twenty-three the total number of claim terms for the claim construction process set forth in this Court's Order of June 18, 2004. The Order provided in pertinent part: "Parties shall exchange list of terms of construction (limit of 10 per party, unless authorized by the Court) by" December 2, 2005.

Microsoft forecasted at the outset of the case that there would likely be six to twelve disputed claim terms. However, since then, and since the date of the Order, Uniloc has almost doubled the number of claims that it asserts against Microsoft. Moreover, the Parties' respective expert reports have made clear that this number of terms are significant to the disputes involving invalidity, non-infringement, and unenforceability of the '216 patent.

While at first blush this sounds like a request to double the workload, Microsoft does not believe that the Court will need to separately construe twenty-three disputed terms. First, given the positions taken by Uniloc's expert, it appears likely that the parties will agree on a substantial number of terms. As to these, the Court would simply need to adopt the agreed-to construction for purposes of summary judgment motions, and ultimately jury instructions should a trial be

necessary. Second, a number of terms are synonymous and so can be grouped together for claim construction purposes. As to these, even if there is a dispute between the parties, the Court will only need to construe the meaning of the group of synonymous terms. Taking these considerations into account, Microsoft's best estimate at this time is that there will be a maximum of twelve claim construction disputes, assuming that Uniloc and Microsoft are unable to agree on any additional constructions beyond those for the terms identified below.

## Background

On June 18, 2004, the Court entered an Order outlining a claim construction procedure for this case. That Order, in conjunction with a subsequent Order modifying its dates, directs the parties to exchange claim terms for construction on December 2, 2005.[1] Under the terms of the Order, each party is limited to exchanging ten terms for construction unless authorized by the Court.

This Order was on a motion filed by Microsoft on April 27, 2004, which sought an early claim construction procedure, and which predicted that the Court would be asked to construe six to twelve claim terms.

Since that Order, Uniloc has asserted seven additional claims, many of which contain terms not found in the nine originally asserted claims.

On September 1, 2005 and November 7, 2005, the parties exchanged the first two rounds of expert reports, including on all liability issues (non-infringement, invalidity, and unenforceability). Although one round of expert report exchanges remains (December 8, 2005),

[1] The June 18, 2004 Order states: "Parties shall exchange list of terms of construction (limit of 10 per party, unless authorized by the Court) by April 15, 2005". June 18, 2004 Order, p. 1. The date for exchanging terms has since been changed to December 2, 2005. *See* June 10, 2005 Order.

this is only a reply round, and so Microsoft believes that it can now evaluate the likely scope of the claim construction disputes in this case.

## Argument

Exhibit A to this memorandum sets forth the twenty-three claim terms that are significant to the parties' disputes involving invalidity, non-infringement, and unenforceability of the '216 patent.

A number of the terms on this list raise identical claim construction issues, and can therefore be grouped together for claim construction purposes. For example, the applicant made several arguments during prosecution that applied equally to four differently worded claim terms: "licensee unique ID," "security key," "registration key," and "enabling key." The impact and binding nature of the prosecution history on those four terms is identical. Likewise, the terms "licensee unique ID generating means" and "registration key generating means" present the Court with identical claim construction issues. Similarly, the applicant's arguments during prosecution applied equally to three other differently worded claim terms: "includes the algorithm utilized by said local licensee unique ID generating means to produce said local licensee unique ID," "wherein said registration system is replicated at the registration authority," and "generated by a third party means of operation of a duplicate copy of said registration key generating means." The impact and binding nature of the prosecution history on those three terms is also identical, and the claim terms can therefore be construed as a group.

Moreover, Microsoft believes, based on the expert reports and interrogatory responses that have been exchanged to date, that a number of the terms it has identified will not be disputed by the parties. For example, both parties' experts appear to agree on the definition of "use

mode." Although the meaning of this term may not be disputed by the parties, the claim term "use mode" is unlikely to be known to or readily understood by the jury, and Microsoft would therefore seek to have the jury instructed on its meaning. Because claim terms must be construed from the perspective of one of ordinary skill in the art rather than the perspective of a layman, it is often the case that juries need to be instructed on technical terms, even if those terms are undisputed. *See, e.g., 3M Innovative Properties Co. v. Dupont Dow Elastomers LLC*, 361 F.Supp.2d 958, 963-964 (D. Minn. 2005) (adopting agreed upon constructions for terms in asserted claims that "may not be readily understood by a jury"); *see also Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1353 (Fed. Cir. 2003) ("A district court may – indeed, often must – interpret or define a term in the claims that is not in dispute in order to provide a proper context for the discussion of the terms that are in dispute"). Other terms Microsoft believes may not be in dispute but would nonetheless require a jury instruction include: "platform," "licensee unique ID generating means"/"registration key generating means" (as distinct from "licensee unique ID"/ "registration key", the meaning of which does appear to be disputed), "platform unique ID," and "includes the algorithm utilized by said local licensee unique ID generating means to produce said local licensee unique ID"/ "wherein said registration system is replicated at the registration authority" / "generated by a third party means of operation of a duplicate copy of said registration key generating means." As the parties confer prior to filing the Joint Statement of Claims with Agreed Upon Construction and Claims Not Agreed Upon on January 16, 2006, it may become clear that additional claim terms are not disputed.

Given that some terms present identical claim construction issues and others do not appear to be in dispute, Microsoft's list of twenty-three terms would result in claim construction determinations only being required for the following twelve terms:

1. Registration system
2. Licensee unique ID/Registration key/Security key/enabling key
3. Mode switching means … only if …
4. Information uniquely descriptive of an intending licensee / information … which uniquely identifies an intended registered user
5. Platform unique ID generating means
6. Provided to said mode-switching means by said intending user
7. Communicated to said intending user
8. Checking by the registration authority
9. Correctly entered
10. Fully enabled mode / full version run
11. Partly enabled or demonstration mode
12. Serial number

## Conclusion

For the foregoing reasons, Microsoft respectfully requests that its motion for leave to increase from ten to twenty-three the total number of claim terms for the claim construction process set forth in this Court's Order of June 18, 2004, be granted.

Dated: November 21, 2005

By: _Joseph V. Cavanagh_

Joseph V. Cavanagh, Jr. #1139
**BLISH & CAVANAGH**
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900 (Telephone)
(401) 751-7542 (Facsimile)

Frank E. Scherkenbach
Kurt L. Glitzenstein
Laura R. Braden
**FISH & RICHARDSON P.C.**
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Isabella Fu, Esq.
**MICROSOFT CORPORATION**
One Microsoft Way
Redmond, WA 98052-6399
Telephone: (415) 882-8080
Facsimile: (415) 936-7329

Attorneys for Defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2005 I caused a true and correct copy of the foregoing **DEFENDANT MICROSOFT CORPORATION'S MOTION FOR LEAVE TO EXCHANGE ADDITIONAL CLAIM TERMS** to be served as follows:

Francis A. Connor, III
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Attorneys for Plaintiffs
UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED

(by hand)

Paul J. Hayes
Dean G. Bostock
Paul J. Cronin
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111

Counsel for Plaintiffs
UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED

(by overnight delivery)

Mary Conn
____________________________

# EXHIBIT A
## Microsoft's List of Claim Terms to Exchange with Uniloc

1. Registration system
2. Platform
3. Licensee unique ID
4. Registration key
5. Security key
6. Enabling key
7. Licensee unique ID generating means
8. Registration key generating means
9. Use mode
10. Mode switching means … only if …
11. Information uniquely descriptive of an intending licensee / information … which uniquely identifies an intended registered user
12. Platform unique ID
13. Platform unique ID generating means
14. Provided to said mode-switching means by said intending user
15. Communicated to said intending user
16. Checking by the registration authority
17. Correctly entered
18. Fully enabled mode / full version run
19. Partly enabled or demonstration mode
20. Serial number
21. Includes the algorithm utilized by said local licensee unique ID generating means to produce said local licensee unique ID
22. Wherein said registration system is replicated at the registration authority
23. Generated by a third party means of operation of a duplicate copy of said registration key generating means."