**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED<br>Plaintiffs, | ) | |
| vs. | ) | Civ. A. No. 03-CV-440 (WES) |
| MICROSOFT CORPORATION,<br>Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**MOTION FOR LEAVE TO EXCHANGE ADDITIONAL CLAIM TERMS**

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Ltd. (together Uniloc"), respectively submit this response to the motion of defendant, Microsoft Corporation ("Microsoft"), for leave to modify the Court's Pretrial Order to "exchange additional claim terms". More particularly, Microsoft now belatedly seeks leave of Court to increase the number of claim terms to be construed by the Court from ten to twenty-three. For the reasons set forth below, Microsoft's motion should be denied.

**DISCUSSION**

As noted in Microsoft's brief, the Court first entered an Order regarding claim construction almost a year-and-a-half ago, on June 18, 2004. In that Order, Microsoft agreed that each party would be limited to ten claim terms for the purposes of claim construction in this case. Since that first Order was entered, the claim construction schedule set forth therein has been rescheduled on at least three occasions. *See* Docket Entries 39, 75, 88. Most recently, the

claim construction procedure was again rescheduled via an Order dated June 10, 2005 granting Microsoft's motion to modify the Pretrial Order. In none of these prior Orders did Microsoft request that it should be allowed to seek construction of more than ten terms.

In fact, since the first Order was entered on June 18, 2004 until today, Microsoft never requested that the number of claim terms to be construed be increased. In the interim, much discovery has been taken and fact discovery ended on August 1, 2005. Approximately forty (40) depositions have been taken, including around fourteen (14) depositions conducted on two separate trips to Australia. In addition, opening and responsive expert reports have now been exchanged. Uniloc submits that it is simply too late now for Microsoft to suddenly decide that it needs to more than double the number of claim terms to be construed in this case. Thus, Uniloc objects to Microsoft's related motion as untimely.

Moreover, the only purported justification proffered by Microsoft in support of its motion for leave is that Uniloc now asserts that more claims of the patent are infringed than when the original Order was entered in June, 2004. This argument is disingenuous. As of June 2004, Uniloc asserted that Microsoft infringes eleven claims of the patent. In its expert report recently served on Microsoft, Uniloc asserts that Microsoft infringes sixteen claims. Thus, only five claims have been added. However, these five additional claims (nos. 12-16) were expressly made known to Microsoft over six months ago in Uniloc's supplemental interrogatory responses dated February 17 and March 21, 2005. Thus, Microsoft's argument that it needs twenty-three claim terms construed because additional claims have recently been asserted by Uniloc is unfounded and Microsoft must abide by the existing Pretrial Order. Microsoft was aware of these additional claims long ago and well prior to the June 2005 Amended Pretrial Order (Docket Entry 88) wherein Microsoft agreed (again) to a ten term limit.

Microsoft is attempting with no good reason to unduly complicate this case and burden the parties and the Court with an unwieldy and wasteful claim construction procedure. Not only is the basis for Microsoft's motion unfounded as set forth above, the motion will only cause unwarranted, additional effort and time to be consumed by the parties and the Court. Permitting the interpretation of ten claim terms in this case is sufficient for the claims at issue. By attempting to enlarge its limit of ten terms to a limit of twenty-three terms, Microsoft is hoping to obtain an increased chance that it will be able to convince the Court to construe one or more of these terms overly narrowly. Undoubtedly, Microsoft will seek to have the Court import limitations from the specification of the patent into the claims to obtain an overly narrowly interpretation thereof. Also, Microsoft will undoubtedly attempt to have the Court import limitations from dependent claims into independent claims in violation of the doctrine of claim differentiation. Both such methods of claim interpretation are impermissible.[1] Microsoft's motion does not point to any dispute over the meaning of the additional terms set forth in the appendix thereto. Thus, Microsoft has not even established that any dispute exists between the parties regarding these additional terms. As a result, Uniloc submits that for this additional reason, Microsoft has not shown good cause for amending the long-standing limitation of ten claim terms to be construed.

## CONCLUSION

For reasons set forth above, good reason does not exist for increasing the number of claim terms to be exchanged and Microsoft's motion should be denied.

---

[1] *See, e.g., Superguide Corp. v. DirecTV Enterprises, Inc.*, 358 F.3d 870, 875 (Fed. Cir. 2004) (it is "important" not to read limitations from the patent specification (written description) into the claims); *Modine Mfg. Co. v. U.S. Intern. Trade Com'n*, 75 F.3d 1545, 1551 (Fed. Cir. 1996) (rule prohibiting reading limitations from one claim into another is "immutable and universally applicable").

**UNILOC USA, INC.**
**UNILOC SINGAPORE PRIVATE LIMITED**

Dated: December 2, 2005

By: ______________________
Francis A. Connor, III (R.I. Bar No. 4640)
Sheri L. Pizzi (R.I. Bar No. 5720)
**TAYLOR DUANE BARTON & GILMAN, LLP**
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)

OF COUNSEL:

Paul J. Hayes, Esq.
Paul J. Cronin, Esq.
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
(617) 542-6000 (Telephone)
(617) 542-2241 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on local counsel for Microsoft Corporation, Joseph V. Cavanagh, Esq. of Bliss and Cavanagh, Commerce Center, 30 Exchange Terrace, Providence, Rhode Island 02903, by first class mail and on national counsel for Microsoft Corporation, Kurt L. Glitzenstein, Esq. of Fish & Richardson P.C., 225 Franklin Street, Boston, Massachusetts 02110, by facsimile and first class mail on December 2, 2005.

______________________