UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 03 440 (WES) |

**DECLARATION OF LAURA R. BRADEN**

I, Laura R. Braden, an associate of the law firm Fish & Richardson P.C., counsel for Defendant Microsoft Corporation ("Microsoft") in the above-captioned matter, declare the following to be true, to the best of my knowledge, information, and belief:

1. As of the Court's June 18, 2004 Order, Uniloc had served one response to Microsoft's interrogatory seeking Uniloc's infringement contentions and identification of its asserted claims. In that response, Uniloc asserted nine claims of the '216 patent, stating: "As presently advised, the asserted claims of the '216 Patent are: 1, 2, 7, 8, 9, 10, 11, 17 and 18." Pls.' 2-06-04 Resp. to Def.'s Interrog. No. 1, p. 6.

2. Presently, Uniloc asserts claims 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 of the '216 patent against Microsoft. Of the seven additional claims asserted since Uniloc's original interrogatory response, three (claims 12, 19 and 20) are independent claims.

3. On November 10, 2005, I sent a letter to Uniloc's counsel identifying twenty claim terms Microsoft believed required construction by the Court. In that letter, I requested that Uniloc's counsel "let us know whether Uniloc has any terms to add to this list."

4. Uniloc's counsel responded by letter dated November 15, 2005 that "Uniloc believes that a maximum of ten claim terms is more than sufficient for this case." Uniloc's counsel did not respond to the question of whether Uniloc would seek construction of any additional terms other than the twenty identified by Microsoft.

5. On November 17, 2005, I sent a draft of Microsoft's Memorandum in Support of its Motion for Leave to Exchange Additional Claim terms to Uniloc's counsel and requested Uniloc's assent to the motion. Uniloc's counsel requested additional time to consider the motion, and on November 21, 2005, responded that Uniloc did not assent to Microsoft's motion and would oppose it.

6. On December 2, 2005, Uniloc provided Microsoft with its list of ten claim terms for construction. Each of the claim terms identified on Uniloc's list appeared on the list of claim terms attached to Microsoft's November 21, 2005 Memorandum in Support of its Motion for Leave to Exchange Additional Claim Terms, which had been provided to Uniloc on November 17.

7. Following receipt of Uniloc's list of claim terms on December 2, Microsoft's counsel attempted to confer with Uniloc's counsel to further reduce the number of claim terms on Microsoft's list. Microsoft's counsel sent a letter to Uniloc's counsel on December 6, 2005 asking whether Uniloc agreed with Microsoft's position that certain claim terms were synonymous with terms on Uniloc's list. Uniloc's counsel responded on December 13, 2005 as follows:

> As you may know, the term 'synonymous' has several meanings. Assuming the meaning you attribute is 'alike' or 'nearly alike,' Uniloc considers, subject to the Court's construction, the four terms to be synonymous. On the same basis, Uniloc considers the terms set forth in your Box 11 to be synonymous.

Because it was unclear from this response whether Uniloc agreed that the synonymous terms should be treated in the same way for claim construction purposes, Microsoft's counsel wrote a letter to Uniloc's counsel on December 19, 2005 stating: "in our view terms that the parties agree

are 'synonymous' will be lumped together for claim construction purposes and will receive the same claim construction." Uniloc's counsel's response on December 21, 2005 indicated that it did not believe that the same treatment of synonymous terms was warranted: "We have made our position clear with respect to the definition of the term 'synonymous.' To the extent your letter digresses from that definition, we are obviously not in agreement." Because Uniloc does not agree that synonymous terms should be treated in the same way for claim construction purposes, Microsoft could not eliminate these terms from its list of terms for construction.

8. The December 8, 2005 Rebuttal Expert Report of David Klausner raised new arguments not made in Mr. Klausner's initial expert report on infringement. Two of these arguments bring new terms into dispute that Microsoft did not have reason to know would be in dispute prior to receiving the December 8, 2005 report. Specifically, Mr. Klausner argues, at p. 21 of his report, that "I also disagree with Dr. Wallach that no 'matching' comparison is made between the local and the remote PIDs because if the function results in different PID structures, the activation process will fail to enable the use mode." Mr. Klausner also argues, at p. 45 of his report, that the claim term "mode switching means will permit said data to run in said use mode in subsequent execution only if said platform unique ID has not changed" does not require an "exact match." These new arguments demonstrate that the claim terms "has matched" (claims 1, 2, 7-11, 17-20) and "mode switching means will permit said data to run in said use mode in subsequent execution only if said platform unique ID has not changed" (claims 7-9) will be disputed by the parties.

9. Attached as Exhibit A hereto is a list of the fourteen claim terms Microsoft seeks to exchange with Uniloc.

Dated: December 22, 2005

[signature]

Laura R. Braden

**EXHIBIT A to the Declaration of Laura R. Braden**

**Microsoft's List of Claim Terms for Construction**

1. registration key
2. enabling key
3. information uniquely descriptive of the licensee
4. platform unique ID generating means
5. provided to said mode-switching means by said intending user
6. communicated to said intending user
7. fully enabled mode / full version run
8. partly enabled or demonstration mode
9. serial number
10. includes the algorithm utilized by said local licensee unique ID generating means to produce said local licensee unique ID
11. wherein said registration system is replicated at the registration authority
12. generated by a third party means of operation of a duplicate copy of said registration key generating means
13. has matched
14. mode switching means will permit said data to run in said use mode in subsequent execution only if said platform unique ID has not changed