UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 03 440 (WES) |

**DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO EXCHANGE ADDITIONAL CLAIM TERMS**

## I. Introduction

The Court's June 18, 2004 Order establishing a claim construction schedule contemplates the construction of up to twenty claim terms—with the possibility of more with leave of Court. (Dkt. 28.) Microsoft now seeks leave of the Court to exceed this number by four.

Expert discovery in this case, although still underway, by early November had progressed far enough to enable Microsoft to determine that there might be as many as twenty-three disputed claim terms. Because Microsoft did not know which if any of these terms would also be included on Uniloc's list, Microsoft sent Uniloc a letter (and later a copy of the present motion before filing it) to explore whether there was any common ground between Uniloc's list and Microsoft's. Uniloc refused entirely to engage on this question.

As it turns out, there was common ground, and substantial common ground at that. Well after this motion was filed, Uniloc provided Microsoft with its list of ten terms on December 2. Each and every term on Uniloc's list was on Microsoft's original list of twenty-three terms. Then, on December 8, Uniloc served its rebuttal expert report on infringement, improperly raising a number of new infringement theories, including theories that demonstrate that two claim terms

which do not appear on either party's list are disputed. Given the overlap between Microsoft's list of terms and Uniloc's and given the new claim terms Uniloc attempts to make at issue in its rebuttal infringement report, Microsoft can now reduce its requested relief on this motion to seeking leave to exchange with Uniloc four additional claim terms for construction.

## II. Argument

Uniloc's principal opposition to Microsoft's motion is that it is "untimely," apparently because it was filed long after Judge Smith's June 18, 2004, Order.[1] Uniloc, though, overlooks two things. First, Judge Smith's Order expressly contemplated that the parties might need to exchange more than twenty total (ten per party) terms for construction: "Parties shall exchange list of terms of construction (limit 10 per party, ***unless authorized by the Court***) ...." (Dkt. 28, at 1; emphasis added.) The Order does not set any deadline for seeking leave to increase the ten-per-party limit.

Second, in opposing Microsoft's request for an early (i.e., during fact discovery) claim construction proceeding, Uniloc insisted that claim construction should occur *after* expert discovery, which is only now wrapping up. Uniloc argued that "[i]t would be inefficient ... for a *Markman* proceeding to occur in this case prior to the conclusion of expert discovery." (Dkt. 24; Uniloc May 11, 2004 Br., at 6.) Uniloc's reasoning was that the Court might want to consider expert evidence of what a term meant to one of ordinary skill in the art. (*Id.*) Plainly also the expert discovery process would bring to the surface those claim terms that bear on the resolution of

[1] Uniloc's other argument concerns the number of claims that it was asserting at the time of Judge Smith's Claim Construction Order, versus today. On this, Uniloc is simply, and demonstrably, wrong. In its infringement interrogatory response prior to the June 18, 2004, Order, Uniloc asserted nine claims, two of which are independent claims: "As presently advised, the asserted claims of the '216 Patent are: 1, 2, 7, 8, 9, 10, 11, 17 and 18." (Declaration of Laura R. Braden ("Braden Decl."), ¶ 1.) Uniloc also told the Court in its opposition to Microsoft's motion for an early claim construction that it was asserting nine claims: "The '216 patent consists of twenty claims, at least nine of which have been asserted to date." (Dkt. 24, at 2.) Since that date, Uniloc has asserted an additional seven claims (claims 12, 13, 14, 15, 16, 19 and 20), three of which are independent claims (claims 12, 19, and 20). (Braden Decl., ¶ 2.) Thus, as correctly stated in Microsoft's opening brief, the number of asserted claims has almost doubled since the June 18, 2004, Order was entered.

the liability issues, and as to which the parties are in dispute. As Uniloc also noted: "As both parties will undoubtedly retain expert witnesses to testify regarding, at a minimum, infringement and validity, any claim construction proceeding should properly await the conclusion of expert discovery." (*Id.*)

That is what has happened here. Once Uniloc's expert positions on the liability issues were reasonably well known from their responsive expert reports, Microsoft acted promptly to raise the issue of the number of terms with Uniloc, and when that failed, to bring it to the Court's attention. Specifically, on November 10, 2005, just three days after the exchange of responsive expert reports and more than three weeks before the deadline for exchanging terms for construction, Microsoft sent Uniloc a letter identifying twenty terms that Microsoft believed required construction by the Court, and asking Uniloc whether it had any terms to add to the list. (Braden Decl., ¶ 3.) Uniloc refused to address that issue, instead replying by letter dated November 15, 2005, that "Uniloc believes that a maximum of ten claim terms is more than sufficient for this case." (Braden Decl., ¶ 4.)

That of course was not the issue, and was not the question that Microsoft had posed. Microsoft was attempting to determine whether the parties had *collectively* identified more than twenty terms for construction, and whether there was any overlap in their respective lists. Accordingly, Microsoft again attempted to engage Uniloc on the point. Microsoft sent a draft copy of the present motion to Uniloc, in the hopes of obtaining its assent.[2] After requesting (and being given) additional time to consider the motion, Uniloc responded on November 21, 2005, that it did not assent to the motion, and would oppose. (Braden Decl., ¶ 5.) Uniloc again failed to engage in

[2] This motion also added three additional terms to its list, bringing the total on Microsoft's list to twenty-three.

any discussion of the terms Microsoft identified, or whether Uniloc would be putting different terms on its list, and if so, how many.

Uniloc provided Microsoft with its list of ten claim terms for construction on December 2, 2005, the same day that it filed its opposition to Microsoft's motion. (Braden Decl., ¶ 6.) Each of the ten terms on Uniloc's list appears on Microsoft's list of twenty-three terms. (*Id.*.) Accordingly, in view of Uniloc's belated engagement on the substance, Microsoft can now reduce its requested relief on this motion to seeking leave to exchange with Uniloc four additional claim terms for construction.[3]

Moreover, on December 8, Uniloc served its rebuttal expert report concerning infringement. In this report, Uniloc's expert made new arguments not made in his initial report. Microsoft objects to Uniloc's attempt to assert new infringement theories in its expert's rebuttal report and intends to raise this issue with the Court at the appropriate point. With respect to the present motion, Uniloc's new infringement arguments demonstrate that two claim terms not identified on either party's list of claim terms for construction are in dispute in the event that Uniloc is permitted to pursue these untimely infringement theories. (Braden Decl., ¶ 8.) Because Microsoft had no notice of the dispute regarding these terms prior to the December 2, 2005 deadline for exchanging terms for construction, it did not include the terms on the list provided in conjunction with its November 21, 2005 Motion for Leave to Exchange Additional Claim Terms. Even including these two additional terms, Microsoft now seeks leave of the Court to exchange only four additional terms for

[3] Since December 2, Microsoft has attempted to confer with Uniloc's counsel to further reduce the number of claim terms on Microsoft's list. Specifically, it appeared from Uniloc's list of claim terms that the parties might be in agreement that certain terms should be treated synonymously for claim construction purposes, and Microsoft's list of terms could therefore be reduced further. However, as of December 21, 2005, Uniloc's counsel, while agreeing that the terms in question are synonymous, would not agree that the terms should be treated in the same way for claim construction purposes. (Braden Decl., ¶ 7). Accordingly, Microsoft could not eliminate those terms from its list of terms for construction.

construction. A complete list of Microsoft's terms for construction is attached as exhibit A to the accompanying Declaration of Laura R. Braden.

Notwithstanding Uniloc's chiding of Microsoft for "attempting with no good reason to unduly complicate this case and burden the parties and the Court" (Opp., at 3), it is Uniloc that through its complete failure to engage meaningfully on this issue has turned what should have been a simple matter of stipulation or assent to a contested motion over an additional four claim terms. Uniloc's opposition-for-opposition's sake also fails to address the most fundamental issue of this motion: If indeed the parties dispute the meanings of more than twenty claim terms (an issue that will not be resolved until later in the process established by the Court), how are those additional disputes to be resolved if the Court's ten-per-party limit is not expanded? The Supreme Court has said that it must be done by the Court, not the jury,[4] which is exactly what Microsoft seeks through this motion. Microsoft's request to increase the number of terms to exchange—and about which the parties will later confer to identify the extent to which there are disputes for the Court to resolve—by four additional terms is both reasonable and warranted under the circumstances of this case, and the controlling caselaw.

## III. Conclusion

For the foregoing reasons and those set forth in its opening brief, including the increase in the total number of asserted claims since the Court's June 18, 2004, Order, and the fact that the parties have recently exchanged responsive expert reports providing some indication of the number and nature of the claim construction disputes, Microsoft submits that its modest request to increase the number of claim terms by four is both reasonable and warranted, and should be granted.

---

[4] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 391 (1996).

Dated: December 13, 2005

By: ______________________

Joseph V. Cavanagh, Jr. #1139
**BLISH & CAVANAGH**
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900 (Telephone)
(401) 751-7542 (Facsimile)

Frank E. Scherkenbach
Kurt L. Glitzenstein
Laura R. Braden
**FISH & RICHARDSON P.C.**
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Isabella Fu, Esq.
**MICROSOFT CORPORATION**
One Microsoft Way
Redmond, WA 98052-6399
Telephone: (415) 882-8080
Facsimile: (415) 936-7329

Attorneys for Defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**

I certify that on December 22, 2005, I caused a true and correct copy of the foregoing **DEFENDANT MICROSOFT CORPORATION'S REPLY REGARDING ITS MOTION FOR LEAVE TO EXCHANGE ADDITIONAL CLAIM TERMS** to be served as follows:

Francis A. Connor, III
Sheri L. Pizzi
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Attorneys for Plaintiffs
UNILOC USA, INC. and UNILOC
SINGAPORE PRIVATE LIMITED

(by hand)

Paul J. Hayes
Dean Bostock
Paul J. Cronin
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111

Counsel for Plaintiffs
UNILOC USA, INC. and UNILOC
SINGAPORE PRIVATE LIMITED

(by overnight delivery)

______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 03 440 (WES) |

**DECLARATION OF LAURA R. BRADEN**

I, Laura R. Braden, an associate of the law firm Fish & Richardson P.C., counsel for Defendant Microsoft Corporation ("Microsoft") in the above-captioned matter, declare the following to be true, to the best of my knowledge, information, and belief:

1. As of the Court's June 18, 2004 Order, Uniloc had served one response to Microsoft's interrogatory seeking Uniloc's infringement contentions and identification of its asserted claims. In that response, Uniloc asserted nine claims of the '216 patent, stating: "As presently advised, the asserted claims of the '216 Patent are: 1, 2, 7, 8, 9, 10, 11, 17 and 18." Pls.' 2-06-04 Resp. to Def.'s Interrog. No. 1, p. 6.

2. Presently, Uniloc asserts claims 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 of the '216 patent against Microsoft. Of the seven additional claims asserted since Uniloc's original interrogatory response, three (claims 12, 19 and 20) are independent claims.

3. On November 10, 2005, I sent a letter to Uniloc's counsel identifying twenty claim terms Microsoft believed required construction by the Court. In that letter, I requested that Uniloc's counsel "let us know whether Uniloc has any terms to add to this list."

4. Uniloc's counsel responded by letter dated November 15, 2005 that "Uniloc believes that a maximum of ten claim terms is more than sufficient for this case." Uniloc's counsel did not respond to the question of whether Uniloc would seek construction of any additional terms other than the twenty identified by Microsoft.

5. On November 17, 2005, I sent a draft of Microsoft's Memorandum in Support of its Motion for Leave to Exchange Additional Claim terms to Uniloc's counsel and requested Uniloc's assent to the motion. Uniloc's counsel requested additional time to consider the motion, and on November 21, 2005, responded that Uniloc did not assent to Microsoft's motion and would oppose it.

6. On December 2, 2005, Uniloc provided Microsoft with its list of ten claim terms for construction. Each of the claim terms identified on Uniloc's list appeared on the list of claim terms attached to Microsoft's November 21, 2005 Memorandum in Support of its Motion for Leave to Exchange Additional Claim Terms, which had been provided to Uniloc on November 17.

7. Following receipt of Uniloc's list of claim terms on December 2, Microsoft's counsel attempted to confer with Uniloc's counsel to further reduce the number of claim terms on Microsoft's list. Microsoft's counsel sent a letter to Uniloc's counsel on December 6, 2005 asking whether Uniloc agreed with Microsoft's position that certain claim terms were synonymous with terms on Uniloc's list. Uniloc's counsel responded on December 13, 2005 as follows:

> As you may know, the term 'synonymous' has several meanings. Assuming the meaning you attribute is 'alike' or 'nearly alike,' Uniloc considers, subject to the Court's construction, the four terms to be synonymous. On the same basis, Uniloc considers the terms set forth in your Box 11 to be synonymous.

Because it was unclear from this response whether Uniloc agreed that the synonymous terms should be treated in the same way for claim construction purposes, Microsoft's counsel wrote a letter to Uniloc's counsel on December 19, 2005 stating: "in our view terms that the parties agree

are 'synonymous' will be lumped together for claim construction purposes and will receive the same claim construction." Uniloc's counsel's response on December 21, 2005 indicated that it did not believe that the same treatment of synonymous terms was warranted: "We have made our position clear with respect to the definition of the term 'synonymous.' To the extent your letter digresses from that definition, we are obviously not in agreement." Because Uniloc does not agree that synonymous terms should be treated in the same way for claim construction purposes, Microsoft could not eliminate these terms from its list of terms for construction.

8. The December 8, 2005 Rebuttal Expert Report of David Klausner raised new arguments not made in Mr. Klausner's initial expert report on infringement. Two of these arguments bring new terms into dispute that Microsoft did not have reason to know would be in dispute prior to receiving the December 8, 2005 report. Specifically, Mr. Klausner argues, at p. 21 of his report, that "I also disagree with Dr. Wallach that no 'matching' comparison is made between the local and the remote PIDs because if the function results in different PID structures, the activation process will fail to enable the use mode." Mr. Klausner also argues, at p. 45 of his report, that the claim term "mode switching means will permit said data to run in said use mode in subsequent execution only if said platform unique ID has not changed" does not require an "exact match." These new arguments demonstrate that the claim terms "has matched" (claims 1, 2, 7-11, 17-20) and "mode switching means will permit said data to run in said use mode in subsequent execution only if said platform unique ID has not changed" (claims 7-9) will be disputed by the parties.

9. Attached as Exhibit A hereto is a list of the fourteen claim terms Microsoft seeks to exchange with Uniloc.

Dated: December 22, 2005

[signature]

Laura R. Braden

**<u>EXHIBIT A to the Declaration of Laura R. Braden</u>**

**Microsoft's List of Claim Terms for Construction**

1. registration key
2. enabling key
3. information uniquely descriptive of the licensee
4. platform unique ID generating means
5. provided to said mode-switching means by said intending user
6. communicated to said intending user
7. fully enabled mode / full version run
8. partly enabled or demonstration mode
9. serial number
10. includes the algorithm utilized by said local licensee unique ID generating means to produce said local licensee unique ID
11. wherein said registration system is replicated at the registration authority
12. generated by a third party means of operation of a duplicate copy of said registration key generating means
13. has matched
14. mode switching means will permit said data to run in said use mode in subsequent execution only if said platform unique ID has not changed