**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNILOC USA, INC., and<br><br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civ. A. No. 03-CV-440 (WES) |

# STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF INEQUITABLE CONDUCT

Pursuant to Local Rule 12.1, plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc"), submit this statement of undisputed facts material to Uniloc's motion for partial summary judgment on the issue of inequitable conduct.

## THE LAWSUIT

1. Uniloc filed this lawsuit against defendant, Microsoft Corporation ("Microsoft"), on or around September 26, 2003. [Complaint]

2. Uniloc alleges that Microsoft infringes U.S. patent number 5,490,216 ("the '216 patent"). [Complaint, ¶¶ 8-13]

3. The '216 patent was issued on February 6, 1996. [Ex. B, front page][1]

---

[1] Exhibits referred to herein are those submitted in support of the present motion.

4. Microsoft alleges that the '216 patent is unenforceable. [Ex. A, ¶ 34]

THE GRUNDY LETTER

5. On or around October 13, 1993, Mr. Greg Grundy wrote to Mr. Ric Richardson informing Mr. Richardson that Mr. Grundy's U.S. patent application had been allowed. [Ex. C] Mr. Grundy did not include a copy of his allowed patent application in the letter to Mr. Richardson.

6. In his letter, Mr. Grundy stated that "I look forward to speaking with you and hope to formulate an arrangement which is to our mutual benefit". [Ex. C]

7. The letter from Mr. Grundy to Mr. Richardson dated October 13, 1993 is not prior art to the '216 patent.

8. During prosecution of the application for the '216 patent, the applicant cited U.S. patent number 5,291,598 ("the Grundy patent") to the Patent & Trademark Office ("PTO"). [Ex. M]

9. The Grundy patent was more material to the PTO's examination of the '216 patent application than the letter from Mr. Grundy to Mr. Richardson dated October 13, 1993.

10. The letter from Mr. Grundy to Mr. Richardson dated October 13, 1993 was, at best, cumulative of the Grundy patent.

11. Microsoft has not presented clear and convincing evidence that Uniloc intended to deceive the PTO into granting the '216 patent because of the letter from Mr. Grundy to Mr. Richardson dated October 13, 1993.

THE COOREY LETTERS

12. In November 1994 and January 1995, Mr. Mark Coorey was an attorney for, and director of, Mr. Grundy's company (Tryware P/L). [Ex. D]

13. On November 20, 1994, Mr. Coorey wrote to the Australian Patent Office informing them that the Grundy patent had issued and asserting that the Uniloc invention was not patentable. [Ex. D]

14. On January 11, 1995, Mr. Coorey wrote to the Australian Patent Office informing them of Mr. Grundy's U.S. patent number 5,375,240 ("the '240 patent"). [Ex. E]

15. The letters from Mr. Coorey to the Australian Patent Office dated November 20, 1994 and January 11, 1995 are not prior art to the '216 patent.

16. The Grundy patent was more material to the PTO's examination of the '216 patent application than the letters from Mr. Coorey dated November 20, 1994 and January 11, 1995.

17. The letters from Mr. Coorey to the Australian Patent Office dated November 20, 1994 and January 11, 1995 were, at best, cumulative of the Grundy patent.

18. Microsoft has not presented clear and convincing evidence that Uniloc intended to deceive the PTO into granting the '216 patent because of the letters from Mr. Coorey to the Australian Patent Office dated November 20, 1994 and January 11, 1995.

## STATEMENTS TO THE PTO REGARDING THE GRUNDY PATENT

19. During prosecution of the application for the '216 patent, the applicant's attorney argued that the Grundy patent did not render the pending patent claims unpatentable. [Ex. A, pp. 18-21]

20. The patent examiner was aware of the Grundy patent at the time such argument was made. [Ex. M]

21. The patent examiner responsible for examining the '216 patent application was a Primary Examiner. [Ex. B, front page]

22. The patent examiner responsible for examining the '216 patent application was free to accept or reject the applicant's attorney's arguments regarding the Grundy patent.

23. Microsoft has not presented clear and convincing evidence that Uniloc intended to deceive the PTO into granting the '216 patent because of the argument made to the PTO by the applicant's attorney regarding the Grundy patent.

## THE GERMAN REFERENCE

24. The PTO issued a Notice of Allowability of the claims of the '216 patent on August 8, 1995. [Ex. I]

25. Uniloc paid the issue fee for the '216 patent on or around November 6, 1995. [Ex. J]

26. The '216 patent was issued on February 6, 1996. [Ex. B, front page]

27. During prosecution of the European patent application corresponding to the '216 application, the European Patent Office cited German patent application number 40 19 652. [Ex. G]

28. In a letter dated January 5, 1996, Uniloc's German patent attorney, Mr. Fiener, informed Uniloc's Australian patent attorney, Mr. Maxwell, of the 40 19 652 reference. [Ex. G]

29. In a letter dated January 17, 1996, Mr. Maxwell informed Uniloc's Mr. Cox of the 40 19 652 reference and reported to Mr. Cox that the reference "should not cause any real problems." [Ex. H]

30. The Grundy patent was more material to the PTO's examination of the '216 patent application than the German patent application number 40 19 652.

31. The German patent application number 40 19 652 was, at best, cumulative of the Grundy patent.

32. Microsoft has not presented clear and convincing evidence that Uniloc intended to deceive the PTO into granting the '216 patent because of the German patent application number 40 19 652.

## INVENTORSHIP

33. Mr. Richardson is the sole inventor named on the '216 patent. [Ex. B, front page]

34. During prosecution of the '216 patent application, Mr. Richardson submitted a sworn declaration to the PTO stating that he is the sole inventor of the subject matter claimed in the '216 patent. [Ex. L]

35. Microsoft has taken the deposition of Mr. Higgs and Mr. Bell in this case.

36. Neither Mr. Higgs nor Mr. Bell has claimed that they should have been named as inventors on the '216 patent.

37. Microsoft has not presented clear and convincing evidence that either Mr. Higgs or Mr. Bell should have been named as inventors on the '216 patent.

38. Microsoft has not presented clear and convincing evidence that Uniloc or its patent attorney believed, knew or should have known that either Mr. Higgs or Mr. Bell should have been named as inventors on the '216 patent.

39. Microsoft has not presented clear and convincing evidence that Uniloc intended to deceive the PTO into granting the '216 patent by naming Mr. Richardson as the sole inventor on the '216 patent.

**UNILOC USA, INC.**
**UNILOC SINGAPORE PRIVATE LIMITED**

Dated: September 21, 2006

By: __/s/ Sheri Pizzi__________________
Francis A. Connor, III (R.I. Bar No. 4640)
Sheri L. Pizzi (R.I. Bar No. 5720)
**TAYLOR DUANE BARTON**
**& GILMAN, LLP**
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)

OF COUNSEL:

By: ___/s/ Dean Bostock__________________
Paul J. Hayes, Esq.
Dean G. Bostock, Esq.
**MINTZ, LEVIN, COHN, FERRIS,**
**GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
(617) 542-6000 (Telephone)
(617) 542-2241 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on September 21, 2006.

____/s/ Dean G. Bostock______