MAIL ROOM JUL 5 1995 PAT. & TRADEMARK OFF.

CLAUTZ1.001AUS PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant | : | Frederic B. Richardson, III | Group Art Unit 2202 |
| Serial No. | : | 08/124,718 | |
| Filed | : | September 21, 1993 | |
| For | : | SYSTEM FOR SOFTWARE REGISTRATION | |
| Examiner | : | David C. Cain | |

RECEIVED JUL 26 1995 GROUP 2200

AMENDMENT IN RESPONSE TO MARCH 30, 1995 OFFICE ACTION

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

In response to the March 30, 1995 Office Action, please amend the above-captioned patent application as indicated below.

IN THE CLAIMS:

Please cancel Claims 1-21, 25, 26 and 30 without prejudice.

Please add Claims 31 - 50 as follows:

31. A registration system for licensing execution of digital data in a use mode, said digital data executable on a platform, said system including local licensee unique ID generating means and remote licensee unique ID generating means, said system further including mode switching means operable on said platform which permits use of said digital data in said use mode on said platform only if a licensee unique ID first generated by said local licensee unique ID generating means has matched a licensee unique ID subsequently



MS-U 467230

**Serial No.** : 08/124,718
**Filed** : September 21, 1993

generated by said remote licensee unique ID generating means; and wherein said remote licensee unique ID generating means comprises software executed on a platform which includes the algorithm utilized by said local licensee unique ID generating means to produce said licensee unique ID.

2 32. The system of Claim 1 31, wherein said local licensee unique ID generating means generates said local licensee unique ID by execution of a registration algorithm which combines information in accordance with said algorithm, said information uniquely descriptive of an intending licensee of said digital data to be executed in said use mode.

3 33. The system of Claim 2 32, wherein said mode switching means permits operation of said digital data in said use mode in subsequent execution of said digital data only if said licensee unique ID generated by said local licensee unique ID generating means has not changed.

4 34. The system of Claim 3 33, wherein said local licensee unique ID generating means comprises part of said digital data when executed on said platform.

5 35. The system of Claim 4 34, wherein said mode switching means comprises part of said digital data when executed on said platform.

6 36. The system of Claim 5 35, wherein the information utilized by said local licensee unique ID generating means to produce said licensee unique ID comprises prospective licensee details including at least one of payment details, contact details and name.

7 37. The system of Claim 1 31, said system further including platform unique ID generating means, wherein said mode switching means will permit

B1





29

**Serial No.** : 08/124,718
**Filed** : September 21, 1993

REMARKS

The foregoing amendments are responsive to the March 30, 1995 Office Action. The Examiner is respectfully requested to enter the foregoing amendments and to consider the following remarks in support of the patentability of the claims submitted herein for reconsideration. By way of a preamble the Examiner is advised that new Claim 31 is substantially a combination of canceled Claim 1 and Claim 6. New Claim 42 is substantially a combination of canceled Claim 13 and Claim 16. New Claim 47 is substantially a combination of canceled Claim 19 and Claim 21. New Claim 49 is substantially a combination of canceled Claim 25 and Claim 6. New Claim 50 is substantially a combination of canceled Claim 26 and Claim 6.

The new claims subsidiary to these claims correspond substantially to the claims which were subsidiary to the respective canceled main claims.

Response to Rejection of Claims 1-21, 25, 26 and 30 Under 35 U.S.C. Sub-section 103

The Examiner has withdrawn objections based on Chou, et al., and now relies on U.S. Patent No. 5,291,598 to Grundy to reject all pending claims as obvious in light of the disclosure of Grundy.

In response, the Applicant submits herewith redrafted claims, the main claims of which include, broadly, the following two distinguishing limitations:

(a) The "Licensee Unique ID" on which the registration system relies for matching for verification purposes is generated locally, and

(b) The algorithm used to generate locally the "Licensee Unique ID" is replicated remotely for the purposes of remote generation of a separate "Licensee Unique ID" for matching purposes.

It is inherent in the system of the present application, as claimed, that the "Licensee Unique ID" is entirely the product of data generated locally as distinct from data added before



MS-U 467235