UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 03 440 (WES) |

**MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL DECLARATION IN OPPOSITION TO MICROSOFT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY**

A major focus of Microsoft's motion for summary judgment of non-infringement is that Uniloc failed to provide evidence on multiple key issues on which it bears the burden of proof. Tacitly conceding this point, Uniloc now belatedly attempts to introduce new evidence through its expert, Mr. David Klausner. This would have been improper if attempted in Uniloc's opposition, and is even more so on surreply; Uniloc's motion should be denied and its new expert declaration disregarded. *See Mulberry Phosphates v. City of Toledo*, 1997 U.S. App. LEXIS 23161 (6th Cir. 1997) (affirming district court's refusal to consider surreply affidavits that "reflected an improper attempt to introduce new evidence that properly could and should have been submitted" in opposition to a motion for summary judgment); *Choice Hotels Int'l, Inc. v. Madison Three*, *Inc.*, 83 F.Supp.2d 602, 604 (D. Md. 2000) (striking defendant's unauthorized surreply and accompanying affidavit in defense against plaintiff's motion for summary judgment submitted ostensibly to cure defects identified by plaintiff's reply brief.). Uniloc does not allege that its new evidence is responsive to any new evidence improperly submitted with Microsoft's

reply brief. Nor does it provide any explanation for its failure to submit this evidence previously, let alone in accordance with the Court's Scheduling Order requirements for the disclosure of expert opinions.

Not only is Uniloc's effort to shore up the deficient record on the key non-infringement issues far too late, it is also far too little. Even with Mr. Klausner's new declaration, Uniloc still fails to present any clear, cogent and consistent theory of infringement.

Uniloc's proposed supplemental declaration of Mr. Klausner contains four substantive paragraphs. Each is improper and should be disregarded by the Court.

Paragraph three sets forth a conclusory and untimely opinion that Mr. Klausner's infringement opinions are unchanged by the Court's claim construction order. Uniloc's opposition brief relied entirely on Mr. Klausner's non-infringement opinions, without acknowledging that many of those opinions were based on claim constructions rejected by the Court. Mr. Klausner's new declaration now admits as much—the opinions expressed in his reports do not completely address the Court's claim constructions. Beyond this, Mr. Klausner provides no explanation of how and why the accused products infringe the '216 patent under the Court's claim constructions. Mr. Klausner's conclusory statement that "my opinion that the accused products infringe" is not altered by the Court's constructions is insufficient to preclude summary judgment. *Arthur A. Collins, Inc. v. Northern Telecom Ltd.*, 216 F.3d 1042, 1046 (Fed. Cir. 2000) ("It is well settled that an expert's unsupported conclusion on the ultimate issue of infringement is insufficient to raise a genuine issue of material fact.")

Paragraph four of Mr. Klausner's proposed declaration opines that "combining" and/or "concatenation" "is summing in accordance with the Court's claim construction," and purports to show that Mr. Klausner opined in his reports that various values are concatenated or combined in

Microsoft's accused products. Not only is this a new theory,[1] it is a theory that misstates the Court's claim construction. Summation means addition, not "concatenation" or "combining:" "Summer 85 acts as a local licensee unique ID generating means by combining, ***by addition***, customer information C, product information P and serial number S in order to provide a local licensee unique ID here designated Y." ('216 Patent at 12:62-65; emphasis added.) Mr. Klausner's attempt to recast the Court's construction of "summation" (i.e., "combining, by addition") to mere concatenation or combining underscores the simple fact that Uniloc has no evidence of summation.

Paragraph five of Mr. Klausner's proposed supplemental declaration offers the conclusory assertion that hashing algorithms are mathematical summations. In its opposition brief, Uniloc offered attorney argument to the same effect, which Mr. Klausner's belated evidence is an effort to shore up. This paragraph is wholly objectionable, and should be stricken, on three bases. First, Mr. Klausner's opinion is untimely. The deadline set by the Court's Scheduling Order for Uniloc to disclose its expert opinions on infringement passed over a year ago, and since that time Mr. Klausner has been deposed on those opinions and Microsoft has moved for summary judgment on those opinions. *See Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003) (affirming exclusion of expert testimony that was provided just over one month after the deadline for expert disclosure); *Primus v. United States*, 389 F.3d 231, 236 (1st Cir. 2004) (affirming the exclusion of plaintiff's late expert testimony proffered in response to the defendant's motion for summary judgment). Second, the statement is conclusory in its failure to identify any specific facts that show how or why hashing algorithms are mathematical

[1] In its opposition, Uniloc merely argued that its expert had "opined that the algorithms in the accused products are the same or the structural equivalent of the summation algorithm that he identified in the specification," (Uniloc Opp. at 17), a point Microsoft refuted on reply. (Microsoft Reply at 15; Second Braden Decl. ¶ 3.)

summations. *See Arthur A. Collins, Inc.*, 216 F.3d at 1046. Third, Uniloc cannot create a factual dispute sufficient to survive summary judgment merely by having its expert disagree with the sworn testimony of its own 30(b)(6) witness, Mr. Cooper, who stated unequivocally that the hash algorithms in question were ***not*** equivalent to summation, and explained why to boot. (*See* Microsoft Br. at 39-40.); *Sinskey v. Pharmacia Ophthalmics, Inc.*, 982 F.2d 494, 498 (Fed. Cir. 1992) ("A party cannot create an issue of fact by supplying an affidavit contradicting his prior deposition testimony, without explaining the contradiction or attempting to resolve the disparity.").

Finally, in paragraph six of his proposed supplemental declaration Mr. Klausner claims that he has already submitted evidence that the alleged licensee unique IDs in Microsoft's products are "associated with" the licensee. Uniloc made the same argument in its opposition brief. There, it provided a string citation to 39 pages of Mr. Klausner's expert reports with no quotations. (Uniloc Opp. at 10.) Mr. Klausner's proposed supplemental declaration adds an additional 122 pages of string cites to his reports where this evidence is purportedly provided. Even though Uniloc bears the burden of proof on this issue, it again fails to provide even a single quotation showing that Mr. Klausner opined that even one of the alleged licensee unique IDs is "associated with" the licensee, let alone all eight. Neither Uniloc nor Mr. Klausner offers any explanation for Uniloc's failure to include these additional string cites in its opposition. More to the point, for the same reasons explained in Microsoft's reply brief, Mr. Klausner's alleged opinion on this issue simply is not present in his reports, not on the pages cited in Mr. Klausner's new declaration or anywhere else. (Microsoft Reply at 5-6; Second Braden Decl. ¶ 2.)

For the foregoing reasons, Microsoft respectfully requests that Uniloc's motion for leave to file a supplemental declaration in opposition to Microsoft's motion for summary judgment of non-infringement and invalidity be denied.

Dated: November 22, 2006

By: /s/ Joseph V. Cavanagh, Jr.
Joseph V. Cavanagh, Jr. #1139
**BLISH & CAVANAGH**
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900 (Telephone)
(401) 751-7542 (Facsimile)

/s/ Laura R. Braden
Frank E. Scherkenbach
Kurt L. Glitzenstein
Laura R. Braden
**FISH & RICHARDSON P.C.**
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Isabella Fu, Esq.
**MICROSOFT CORPORATION**
One Microsoft Way
Redmond, WA 98052-6399
Telephone: (415) 882-8080
Facsimile: (415) 936-7329

Attorneys for Defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**

I certify that on November 22, 2006, I caused a true and correct copy of the foregoing MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL DECLARATION IN OPPOSITION TO MICROSOFT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY to be served as follows:

Francis A. Connor, III
Sheri L. Pizzi
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Attorneys for Plaintiffs
UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED

(Served via e-file)

Paul J. Hayes
Dean Bostock
Paul J. Cronin
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo
One Financial Center
Boston, MA 02111

Counsel for Plaintiffs
UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED

(Served via e-file)

/s/ Laura R. Braden

Laura R. Braden