UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC U.S.A., INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 03-CV-440 (WES) |

**MICROSOFT'S RESPONSE TO UNILOC'S BENCH MEMORANDUM RE: TECHNICAL ADVISORS**

Defendant Microsoft Corporation ("Microsoft") submits this response to Plaintiffs' Uniloc USA, Inc. and Uniloc Singapore Pty. Ltd. ("Uniloc") Bench Memorandum Re: Technical Advisors. Uniloc alleges three reasons why the Court should not employ a technical advisor to assist with the disposition of Microsoft's pending motion for summary judgment: delay, danger of improper fact-finding, and that technical advisors are generally disfavored in the First Circuit. Microsoft submits that Uniloc's concerns of delay and improper fact-finding are unsupported and without merit. As for the First Circuit, that Court has stated that technical advisors are in fact appropriate in circumstances such as those presented by Microsoft's summary judgment motion. While the use of a technical advisor is discretionary with the Court, the technical complexity of this case, which is compounded by Uniloc's myriad infringement theories, fully warrants the assistance of a technical advisor should the Court feel that one would be helpful.

## I. Use of a Technical Advisor Will Not Likely Cause Unreasonable Delay

The duration of this litigation is principally attributable to the complexity of the technical issues, and the number of infringement theories advanced by Uniloc. If anything, the

appointment of a technical advisor is likely to hasten resolution by facilitating the Court's understanding of the technical issues. Uniloc has made no showing that employing a technical advisor would delay the proceedings any longer than not doing so.

Uniloc has also not shown that any delay would be prejudicial. Uniloc has previously sought and obtained two extensions of fact discovery, totaling seven months. *See* Plaintiffs' Assented-To Motion to Modify The Court's Amended Pretrial Order of November 23, 2004 (four month extension) and Plaintiffs' Assented-To Motion to Modify The Court's Amended Pretrial Order of March 14, 2005 (three month extension). This is clearly not a time-is-of-the-essence case, and any modest additional time needed to identify a technical expert and bring him or her up to speed will pale by comparison with Uniloc's discovery extensions to date.

## II. Retention of a Technical Advisor Poses No Threat of Improper Fact-Finding

Uniloc also alleges that use of a technical advisor is "fraught with the danger" of improper fact-finding. (Mem., at 2.) Uniloc does not identify any fact-finding concerns specific to Microsoft's motion. Uniloc's generalized fears can be readily allayed through clear delineation of the advisor's role and the issue(s) he or she is to assist with, as well as a report detailing the advisor's conclusions. Such procedures would be in line with those found to be appropriate in *Techsearch, LLC v. Intel Corp.*, 286 F.3d 1360, 1379-80 (Fed. Cir. 2002), cited at page 2 of Uniloc's Memorandum, a case in which the Federal Circuit **affirmed** the district court's reliance on a technical advisor.[1]

---

[1] Interpreting Ninth Circuit law, the Federal Circuit found that a district court in appointing a technical advisor should: "use a 'fair and open procedure for appointing a neutral technical advisor … addressing any allegations of bias, partiality or lack of qualifications' in the candidates; clearly define and limit the technical advisor's duties, presumably in a writing disclosed to all parties; guard against extra record information; and make explicit, perhaps through a report or record, the nature and content of the technical advisor's tutelage concerning the technology." *Techsearch*, 286 F.3d at 1379 (footnotes omitted).

Uniloc is also incorrect in suggesting that the role of the technical advisor is to simply "pick sides" on the issues of non-infringement and invalidity. Indeed, several of Microsoft's non-infringement positions turn entirely on questions of law, such as claim construction and contract interpretation. Others turn on whether Uniloc has offered any evidence or argument in support of certain of its infringement theories, a failure-of-proof question that is also an issue of law. Microsoft understands the advisor's role to be to evaluate, in those select instances in which Uniloc actually purports to have evidence in support of one of its infringement theories, whether Uniloc's alleged evidence raises a *genuine* dispute, or whether it is merely conclusory or unsupported. The evaluation of these issues, and assisting the Court with understanding the technical foundation of the case, do not usurp the jury's role. Uniloc's true fear is that a technical advisor who understands the issues will confirm what Microsoft contends -- that the jury has no role in this case, on the genuinely undisputed record.

## III. Technical Advisors Are Not Disfavored in the First Circuit

Finally, Uniloc suggests that the First Circuit frowns on the use of technical advisors, citing *Reilly v. United States*, 863 F.2d 149, 157 (1st Cir. 1988). But in *Reilly*, the First Circuit **affirmed** the use of a technical advisor as appropriate on the facts of that case. There the District Court had appointed a technical advisor to assist with consideration of complex economic damages issues. *Reilly*, 863 F.2d at 153-54. Approving, the First Circuit observed that "the litigation was so far outside the mainstream that the judge, in our estimation, had good reason to energize ***his inherent power to bring a technical advisor on board***." *Id*. at 157. (emphasis added). A technical advisor should be "engaged only where the trial court is faced with problems of unusual difficulty, sophistication, and complexity, involving something well beyond the regular questions of fact and law with which judges must routinely grapple." *Id*. This case

plainly meets this standard. Product Activation involves complex software technologies that are not normally before trial courts, even those that routinely deal with patent litigations. If the present case is not a proper one for the use of a technical advisor, it is difficult to imagine one that is.

There is much precedent and practice, both within and outside of the First Circuit, for employing technical advisors in patent litigations. For example, Judge Richard Stearns and other judges of the United States District Court for the District of Massachusetts employ technical advisors in patent litigations where warranted. *See, e.g., Biogen, Inc. v. Amgen Inc.*, 1996 U.S. Dist. LEXIS 22617; *MediaCom Corp. v. Rates Tech.*, 4 F. Supp. 2d 17, 30 (D. Mass. 1998); *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 126 F. Supp. 2d 69, 78 n.3 (D. Mass. 2001). In fact, Uniloc's counsel in this case is involved in another software patent litigation for a different client against Microsoft in the District of Massachusetts, where Judge Reginald Lindsay indicated at the Scheduling Conference at the outset of the case that he would appoint a technical advisor. *Dufresne v. Microsoft Corporation*, D.Mass Case 1:02-cv-11778-RCL, Docket No. 42 (Clerk's Notes: re: Scheduling Conference held February 6, 2003). The Ninth Circuit, in an *en banc* decision, has also approved of the proper use of technical advisors. *Association of Mexican-American Educators v. California*, 231 F.3d 572, 590-91 (9th Cir. 2000). Justice Breyer has endorsed the use of specialists to assist judges in appropriate cases involving "significant science-related issues." *GE v. Joiner*, 522 U.S. 136, 149 (1997) (Breyer, J., concurring). The proper use of technical advisors has also been endorsed in academic literature. *See, e.g.*, Note, Improving Judicial Gatekeeping: Technical Advisors and Scientific Evidence, 110 Harv. L. Rev. 941, 948-949 (1997); *but see, e.g., contra* Note, Setting Limits on Judicial Scientific, Technical, and Other Specialized Fact-Finding In The New Millennium, 86 Cornell L.

Rev. 167 (2000). While the typical case may not require the services of a technical advisor, patent cases are not typical cases, and software patent cases are rarer still.

## IV. Conclusion

For the foregoing reasons, Microsoft respectfully submits that (1) Uniloc has failed to show cause for the Court to refrain from appointing a technical advisor to aid in consideration of Microsoft's pending motion for summary judgment, and (2) such an appointment, after full and fair opportunity for the Parties to raise objections to any particular candidate, is warranted.

Dated: January 18, 2007

By: /s/ Joseph V. Cavanagh
Joseph V. Cavanagh, Jr. #1139
**BLISH & CAVANAGH**
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900 (Telephone)
(401) 751-7542 (Facsimile)

/s/ Laura R. Braden
Frank E. Scherkenbach
Kurt L. Glitzenstein
Laura R. Braden
**FISH & RICHARDSON P.C.**
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Isabella Fu, Esq.
**MICROSOFT CORPORATION**
One Microsoft Way
Redmond, WA 98052-6399
Telephone: (415) 882-8080
Facsimile: (415) 936-7329

Attorneys for Defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**

I certify that on January 18, 2007, I caused a true and correct copy of the foregoing **MICROSOFT'S RESPONSE TO UNILOC'S BENCH MEMORANDUM RE: TECHNICAL ADVISORS** to be served as follows:

| | |
|---|---|
| Francis A. Connor, III<br>Sheri L. Pizzi<br>Taylor Duane Barton & Gilman, LLP<br>10 Dorrance Street, Suite 700<br>Providence, RI 02903 | Attorneys for Plaintiffs<br>UNILOC USA, INC. and UNILOC<br>SINGAPORE PRIVATE LIMITED |

(served via e-mail)

| | |
|---|---|
| Paul J. Hayes<br>Dean Bostock<br>Paul J. Cronin<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, Massachusetts 02111 | Counsel for Plaintiffs<br>UNILOC USA, INC. and UNILOC<br>SINGAPORE PRIVATE LIMITED |

(served via e-email)

/s/ Laura R. Braden
Laura R. Braden