# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

UNILOC USA, INC., and
UNILOC SINGAPORE PRIVATE LIMITED,

Plaintiffs,

vs.

MICROSOFT CORPORATION,

Defendant.

Civ. A. No. 03-CV-440 (WES)

## PLAINTIFFS' REPLY BRIEF RE: TECHNICAL ADVISORS

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc"), respectfully submit this reply to address the arguments raised in the response of defendant, Microsoft Corporation ("Microsoft"), regarding the issue of technical advisors.

## DISCUSSION

On January 10, 2007, Uniloc submitted a bench memorandum addressing the issue of technical advisors in general. At the status conference in chambers on that date, the Court indicated that a technical advisor may be useful to help the Court determine the materiality of the facts in dispute. Microsoft now responds enthusiastically that a technical advisor should be appointed.[1]

The Court of Appeals for the First Circuit has made clear that courts may not "appoint a legal advisor to brief [the court] on legal issues, since 'determination of purely legal questions is the responsibility of the court itself.'" *Reilly v. United States*, 863 F.2d 149, 158 (1st Cir. 1988) (citing *Reed v. Cleveland Bd. of Educ.*, 607 F.2d 737, 747 (6th Cir. 1979)). Thus, Uniloc submits that it

[1] Interestingly, although it has believed since day one of this case that the technology involved is complex, Microsoft never previously requested the Court to appoint a technical advisor.

would not be appropriate to use a technical advisor to resolve the issue of materiality, a legal issue for the Court. *See*, *e.g.*, *Boyd v. Baeppler*, 215 F.3d 594, 602 (6th Cir. 2000).

Microsoft's new-found zeal for the appointment of a technical expert is based upon its position that the case is complex. Microsoft Response, pp. 3-4. However, and as in the prior *Arendi* case before Judge Torres, complex cases are best disposed of by a jury. *See Violet v. Picillo*, 648 F. Supp. 1283, 1287 (D.R.I. 1986), *overruled on other grounds, United States v. Davis*, 794 F. Supp. 67 (D.R.I. 1992).

Oddly, on page 4 of its response, Microsoft asserts that "Product Activation involves complex software technologies that are not normally before trial courts". In fact, Microsoft Product Activation technology was recently before a jury in the *z4 Techs., Inc. v. Microsoft* case previously referenced in Uniloc's summary judgment opposition brief (pages 6-7).[2] In that case, the jury found last year that Microsoft's Product Activation infringed (willfully) the patent-in-suit therein and awarded damages against Microsoft in the amount of $115,000,000. In contrast, in the prior *Arendi* case before Judge Torres, a jury found that another Microsoft technology did not infringe the Arendi patent in that case. Thus, juries are capable of determining whether or not Microsoft's "complex" technologies infringe a patent.

As the moving party, the burden was upon Microsoft to submit its motion for summary judgment with sufficient clarity to enable the Court to understand it. As District Court Judge Selya noted in a prior case in this District, to prevail on summary judgment, it must appear "***with sufficient clarity*** that the movant is, as a matter of law, entitled to prevail on the claim or defense to which the motion appertains." *Bank of New York v. Hoyt*, 617 F. Supp. 1304, 1307 (D.R.I. 1985) (citing *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975)) (emphasis added). Microsoft's failure to

[2] Civil Action No. 6:06-CV-142, Eastern District of Texas.

present a motion meeting this standard, including its failure to submit an expert declaration in support of its motion, simply means that the motion should be denied because Microsoft failed to carry its burden of showing a basis to grant that motion.[3]

On page 3 of its response, Microsoft alleges that Uniloc opposes using a technical advisor at this time because the advisor "will confirm what Microsoft contends." To the contrary, it is Microsoft that is attempting to obtain an unfair advantage in this case. Having failed to present a summary judgment motion with sufficient clarity, and having chosen not submit an expert declaration on the issue of infringement, Microsoft now requests a second bite of the apple. Microsoft now wants the Court to appoint a technical advisor in an attempt to provide its motion with the clarity that Microsoft itself did not, and in view of the Court's claim construction cannot, provide. Thus, Microsoft's belated request for the appointment of a technical advisor should be rejected.

On page 4 of its response, Microsoft points to the *Dufresne v. Microsoft* case "where Judge Reginald Lindsay indicated at the Scheduling Conference at the outset of the case that he would appoint a technical advisor." That Scheduling Conference took place in February 2003. It is now almost four years later and the parties have still not agreed upon an advisor (primarily because Microsoft has failed to propose anyone who does not have direct ties with it), and an advisor has yet to be appointed. Thus, Microsoft's statement that "Uniloc has made no showing that employing a technical advisor would delay the proceedings any longer than not doing so" (Microsoft response, p. 2) is belied by the history of the *Dufresne* case.

[3] Now gung-ho for the appointment of a technical advisor, Microsoft no doubt hopes that such an advisor would act as a surrogate expert on its behalf, as Microsoft chose not to submit any affidavit from its technical expert in this case in support of its motion for summary judgment. Thus, the affidavit of Uniloc's expert, Mr. Klausner, identifying how each and every element of the asserted claims is infringed is undisputed by Microsoft's technical expert.

## CONCLUSION

For the reasons set forth above, Uniloc does not believe that the use of a technical advisor is appropriate under these circumstances.

Dated: January 25, 2007

**UNILOC USA, INC. and**
**UNILOC SINGAPORE PRIVATE LIMITED,**

By: /s/ Sheri Pizzi
Francis A. Connor, III (RI Bar #4640)
Sheri L. Pizzi (RI Bar #5720)
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street; Suite 700
Providence, RI 02903
Telephone: (401) 273-7171
Facsimile: (401) 273-2904

**OF COUNSEL:**

By: /s/ Dean G. Bostock
Paul J. Hayes, Esq.
Dean G. Bostock, Esq.
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, PC
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on January 25, 2007.

By: /s/ Sheri L. Pizzi