UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC U.S.A., INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 03-CV-440 (WES)<br><br>**REDACTED** |

**MICROSOFT'S OPPOSITION TO UNILOC'S MOTION TO PRECLUDE THE TESTIMONY OF DEFENDANT'S EXPERT WITNESS, BRIAN W. NAPPER**

**I.   INTRODUCTION**

Brian Napper, the damages expert proffered by Microsoft, has submitted a report in which he presents his opinion as to the reasonable royalty that the parties in this case would have agreed to as part of the hypothetical negotiation outlined in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970). The central question posed by that case is a pragmatic, real-world one: What would Microsoft and Uniloc have agreed to in terms of a reasonable royalty for the patent-in-suit in May of 2001? Mr. Napper examined the real-world evidence, including evidence showing that Microsoft universally enters into license agreements with lump-sum royalty payments, as well as evidence showing that Uniloc was a small struggling company with a chronic inability to commercialize its patented technology, and concluded that a lump-sum reasonable royalty is appropriate on the facts of this case as well. Moreover, the figure arrived at by Mr. Napper — $3-7 million — is no token sum, and in fact rivals the entire appraised value of Uniloc around the time of the hypothetical negotiation. In short, and contrary to Uniloc's expert Mr. Gemini, Mr. Napper's conclusions are soundly based in both fact and law, and there is no basis on which to exclude his testimony.

1

## II. ARGUMENT

### A. Mr. Napper's Conclusion Is In Full Accord With The Patent Statute

Uniloc principally contends that a "lump sum" reasonable royalty is precluded as a matter of law by the language of the patent statute, which requires that damages must be "in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. Uniloc, with no supporting authority, interprets these words as requiring a running royalty, i.e., an amount that *necessarily* increases incrementally for every accused product sold.

Neither the statute nor the caselaw supports Uniloc's novel reading. There is certainly nothing in *Georgia-Pacific* that forecloses a lump-sum reasonable royalty, in any aspect of its familiar 15-factor inquiry. *See Georgia-Pacific*, 318 F.Supp. at 1120. The Federal Circuit has "endorsed the conceptual framework of a hypothetical negotiation between patentee and infringer as a means for determining a reasonable royalty." *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1372, 1384 (Fed. Cir. 2001). The statute requires only that a patent owner be compensated in an amount at least equal to a reasonable royalty for the use made of the invention by an infringer. The hypothetical negotiation framework is designed to capture precisely this amount, and is flexible enough — indeed intended — to accommodate the fact-specific nature of the inquiry. *See, e.g., Mobil Oil Corp. v. Amoco Chems. Corp.*, 915 F.Supp. 1333, 1353 (D.Del 1994) ("some of the *Georgia-Pacific* factors may be of minimal or no relevance to a particular case and other factors may have to be molded by the Court to fit the facts of the case at hand").

Uniloc is also flatly incorrect when it states on page 5 that no Federal Circuit case has endorsed a "lump-sum" damages theory. *See Stickle v. Heublin, Inc.*, 716 F.2d 1550, 1561-63

(Fed. Cir. 1983) (affirming damages award based on lump sum amount in industry in which "use royalties" were uncommon). Lump-sum royalties for patent damages have also been expressly endorsed by other District Courts. *See Third Wave Technologies, Inc. v. Stratagene Corp.*, 405 F.Supp.2d 991, 1012 (W.D.Wis 2005) (holding that lump sum damage award "is proper when the evidence shows that it is commonly utilized in the industry"); *Advanced Display Sys., Inc. v. Kent State Univ.*, Nos. 3-96-CV-1480 & 3-96-CV-1608, 2002 WL 1489555, at *6 (N.D. Tex. July 10, 2002) (lump-sum payments may be used to calculate a reasonable royalty) (unpublished).

So it is clear that a reasonable royalty may take the form of a single lump-sum payment, of appropriate amount, when the particular facts of the case warrant. *Snellman v. Ricoh Co., Ltd.*, 862 F.2d 283, 289 (Fed. Cir. 1988) ("The jury justifiably could have calculated a lump sum royalty based on [the defendant's] expected sales"). Uniloc suggests that a lump-sum payment is necessarily contrary to the patent statute because the same royalty would be due "irrespective of whether a [sic] 1,000 infringing product activations or over 600,000,000 infringing activations occurred." (D.I. No. 220, January 28, 2009, Memorandum Of Law In Support Of Plaintiffs' Motion To Preclude Testimony Of Defendant's Expert Witness, Brian W. Napper at 5.) Uniloc ignores that Mr. Napper expressly accounted in his analysis for the magnitude of Microsoft's sales in arriving at his $3-$7 million figure. For example, Mr. Napper notes that "[p]rior to the introduction of Product Activation Microsoft — unlike many of the small software vendors targeted by Uniloc for its 'try before you buy' distribution scenario — had numerous well established sales channels and had experienced considerable sales of its Windows and Office software products." (D.I. No. 217, January 6, 2009, Declaration of Rebecca Rogers ("Rogers Decl."), Exhibit N, November 7, 2005 Expert Report of Brian Napper at 19.)

Similarly, the comparable licenses considered by Mr. Napper,   REDACTED
were entered into in the similar context of products with substantial sales volumes. (*See id.* at 12) The second *Georgia-Pacific* factor — "[t]he rates paid by the licensee for the use of other patents comparable to the patent in suit" — expressly contemplates Mr. Napper's reliance on such licenses, both for their lump-sum character and their amounts. *See Georgia-Pacific*, 318 F.Supp. 1116, 1120. As Mr. Napper explains, "Microsoft generally enters a lump sum, nonexclusive agreement for software patents and does not enter into a 'per transaction type royalty.'" (D.I. No. 217, January 6, 2009, Rogers Decl., Exhibit N, November 7, 2005 Expert Report of Brian Napper at 12.) Mr. Napper's conclusion that the parties to a hypothetical negotiation would have agreed on a single lump-sum payment is well-founded in the record.

### B. Mr. Napper's Analysis Is Guided By The Other Georgia-Pacific Factors As Well

In addition to *Georgia-Pacific* factor 2 noted above, Mr. Napper's analysis is soundly based on the other *Georgia-Pacific* factors given the facts of this case. As part of the first *Georgia-Pacific* factor, Mr. Napper considered Uniloc's own attempts to profit from its invention. (*Id.*) Because Uniloc met with little success, this factor suggested a lower, rather than a higher royalty. (*Id.*) Under his analysis of factors 9 and 10, Mr. Napper discussed the significant public relations problems and customer frustration associated with the introduction of Product Activation. (*Id.* at 20-23.)   REDACTED

(*id.* at 31). From these facts, Mr. Napper quite sensibly concluded that Microsoft would not have been willing to pay more for the patent than the entire value of the company that

owned it. (*Id.*) And, contrary to Uniloc's suggestion that Mr. Napper failed to consider the value to Microsoft of any allegedly infringing use, Mr. Napper includes an extensive analysis of this issue as part of his discussion of factors 12 and 13. (*Id.* at 27-28.) In that section, Mr. Napper reports **REDACTED**

(*Id.*) As part of that analysis, Mr. Napper also considers the difficulty of quantifying any additional the benefits, or benefits net of the significant costs of maintaining the technology, of Product Activation. (*Id.* at 25, 28.)

Uniloc singles out the fact that Mr. Napper did not base his conclusions on the overall revenue or profitability of the accused products as a marquee example of his failure to connect his analysis to the facts of the case. (D.I. No. 220, January 28, 2009, Memorandum Of Law In Support Of Plaintiffs' Motion To Preclude Testimony Of Defendant's Expert Witness, Brian W. Napper at 6.) Had he focused on overall product revenue or profitability, as Uniloc says he should have, that would have been improper. Mr. Napper's analysis is not based on the overall revenue or profitability of the accused products because such figures are inapplicable in this case, under the entire market value rule.[1] The issue is what is the benefit attributable to the use of Product Activation, and the evidence considered by Mr. Napper shows that that benefit, if any, is small.

### C. Mr. Napper's Analysis Is Not Obviously Biased

Mr. Napper has presented an objective analysis of the damages issues in this case. It is in no way one-sided or conclusory. His analysis considers the scope of the piracy problem confronting Microsoft. (*Id.* at 4 ("Piracy studies have identified software piracy as potentially causing billions of dollars in worldwide losses.").) As noted above, he also acknowledges REDACTED

---

[1] On this subject, see D.I. 217, January 26, 2009, Defendant's Memorandum In Support Of Its Motion To Preclude Testimony Of Plaintiff's Damages Expert, Joseph Gemini, pages 15-17.

**REDACTED**

— hardly a sign of an expert biased in favor of the alleged infringer, and an amount that [REDACTED]

. (*Id.* at 27-28.) Finally, his conclusion as to the range of the appropriate reasonable royalty in this case — **REDACTED**

comparable licenses considered in his report. (*Id.* at 12, 32.) Uniloc's charge of "bias" is pure attorney argument .

## III. CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court deny Uniloc's motion to preclude the testimony of Mr. Napper.

Dated: February 9, 2009     By:     /s/ Joseph V. Cavanagh
                                              Joseph V. Cavanagh, Jr. #1139
                                              **BLISH & CAVANAGH**
                                              Commerce Center
                                              30 Exchange Terrace
                                              Providence, Rhode Island 02903
                                              (401) 831-8900 (Telephone)
                                              (401) 751-7542 (Facsimile)

                                              Frank E. Scherkenbach, Esq.
                                              Kurt L. Glitzenstein, Esq.
                                              **FISH & RICHARDSON, P.C.**
                                              225 Franklin Street
                                              Boston, MA 02110-2804
                                              (617) 542-5070 (Telephone)
                                              (617) 542-8906 (Facsimile)

                                              Isabella Fu, Esq.
                                              **MICROSOFT CORPORATION**
                                              One Microsoft Way
                                              Redmond, WA 98052-6399
                                              (425) 882-8080 (Telephone)
                                              (425) 936-7329 (Facsimile)

                                              *Attorneys for Defendant*
                                              *Microsoft Corporation*

## CERTIFICATE OF SERVICE

I certify that on February 9, 2009, I caused a true and correct copy of MICROSOFT'S OPPOSITION TO UNILOC'S MOTION TO PRECLUDE THE TESTIMONY OF DEFENDANT'S EXPERT WITNESS, BRIAN W. NAPPER to be served via hand delivery on the following counsel of record:

| | |
|---|---|
| Francis A. Connor, III<br>Sheri L. Pizzi<br>TAYLOR DUANE BARTON & GILMAN, LLP<br>10 Dorrance Street, Suite 700<br>Providence, RI 02903 | Attorneys for Plaintiffs<br>UNILOC USA, INC. and UNILOC<br>SINGAPORE PRIVATE LIMITED |
| Paul J. Hayes<br>Dean G. Bostock<br>Paul J. Cronin<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY<br>   AND POPEO, P.C.<br>One Financial Center<br>Boston, MA 02111 | Counsel for Plaintiffs<br>UNILOC USA, INC. and UNILOC<br>SINGAPORE PRIVATE LIMITED |

/s/ Joseph V. Cavanagh