# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and <br> UNILOC SINGAPORE PRIVATE LIMITED <br><br> Plaintiffs, <br><br> vs. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. A. No. 03-CV-440 (WES) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' MOTION *IN LIMINE* REGARDING CROSS-EXAMINATION OF MR. DAVID KLAUSNER
## (MIL No. 7)

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc"), respectfully move *in limine* to preclude defendant, Microsoft Corporation ("Microsoft"), from cross-examining Mr. Klausner regarding his unrelated charitable activity of entertaining sick children, as such activities have no relevance to any issue in this case. For the reasons set forth herein, Uniloc requests that this motion be granted.

## ARGUMENT

This is a patent infringement case in which Uniloc claims that defendant, Microsoft, infringes Uniloc's U.S. patent number 5,490,216 ("the '216 patent"). All of the claims, counterclaims and defenses in this case relate solely to issues of patent law. Mr. Klausner has been retained as an expert on behalf of Uniloc to testify on the issue of liability in this case, i.e. infringement and validity.

Fed. R. Evid. Rule 401 defines relevant evidence as: "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence." More importantly though, Federal Rule of Evidence 402 states a flat prohibition that "[e]vidence which is not relevant is not admissible."

Separate and apart from his role as a retained expert in this case, Mr. Klausner has worked for several years, on a part-time basis, as a childrens' entertainer in hospitals and other locations. Some of Mr. Klausner's entertainment of children may appear childish to adults. As his work as a childrens' entertainer is completely irrelevant to his expertise in the area of computer and software science, and to the matters presently being litigated in this case, all evidence concerning Mr. Klausner's work as a childrens' entertainer should be excluded from trial.

The only information that is relevant to Mr. Klausner's background is the summary of skills, education and consulting/employment history detailed on his *curriculum vitae* which was produced to Microsoft. Ex. A. Indeed, as mentioned above, the sole purpose of Mr. Klausner's testimony in this case is to address Microsoft's infringement of the '216 patent and the validity of the '216 patent. There is nothing about his part-time employment as a children's entertainer that makes ". . . the existence of any fact that is of consequence to the determination of th[is] action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. As a result, because such evidence is irrelevant, it is not admissible and should be precluded from trial. *See* Fed. R. Evid. Rule 402; *see also McGrath v. Vinzant*, 528 F.2d 681, 684 (1st Cir. 1976) (noting "discretionary power of trial judge to exclude questions which tend merely to 'harass, annoy or humiliate'") (quoting *Alford v. United States*, 282 U.S. 687, 694 (1931))).

WHEREFORE, Uniloc respectfully requests this motion *in limine* be granted.

Dated:   February 10, 2009				Respectfully submitted,

**UNILOC USA, INC.**
**UNILOC SINGAPORE PRIVATE LIMITED**

By:   /s/  Sheri L. Pizzi
Sheri L. Pizzi (R.I. Bar No. 5720)
**TAYLOR DUANE BARTON**
 **& GILMAN, LLP**
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)

OF COUNSEL:

By:   /s/  Dean G. Bostock
Paul J. Hayes, Esq.
Dean G. Bostock, Esq.
**MINTZ, LEVIN, COHN, FERRIS,**
 **GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA  02111
(617) 542-6000 (Telephone)
(617) 542-2241 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on February 10, 2009.

  /s/  Dean G. Bostock

4535343v.1