UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | 03-CV-440 (WES) |

## **DEFENDANT MICROSOFT CORPORATION'S MOTION TO STRIKE UNILOC'S PROFFERED TESTIMONY FROM OTHER MATTERS**

Defendant Microsoft Corporation ("Microsoft") hereby moves the Court to strike the testimony from other matters that Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private, Ltd. have designated to be read into the record at trial. This testimony is taken from the following deposition or trial transcripts:

1. The March 24, 2004 deposition testimony of David Pearce in *Nash v. Microsoft*;
2. The September 23, 2003 deposition testimony of Robert Moline in *Arendi v. Microsoft*;
3. The July 14, 2004 deposition testimony of Ferdinand "Jay" Alabraba in *Nash v. Microsoft*;
4. The August 30, 2004 deposition testimony of Susan Cole in *Nash v. Microsoft*;
5. The April 9, 2002 deposition testimony of Caglar Gunyakti in *Intertrust v. Microsoft*;
6. The April 10, 2002 deposition testimony of Aidan Hughes in *Intertrust v. Microsoft*;
7. The May 25, 2004 deposition testimony of Aidan Hughes in *Nash v. Microsoft*;
8. The July 15, 2004 deposition testimony of Aidan Hughes in *Nash v. Microsoft*;
9. The April 13, 2006 deposition testimony of Aidan Hughes in *z4 v. Microsoft*;
10. The April 17, 2006 deposition testimony of Aidan Hughes in *z4 v. Microsoft*.

For the reasons set forth in Microsoft's Memorandum in Support of its Motion to Strike Uniloc's Proffered Testimony from other Matters, filed herewith, Microsoft respectfully requests that its motion be granted

Dated: March 16, 2009　　　　　　　　　　FISH & RICHARDSON P.C.

　　　　　　　　　　　　　　　　　　　　By: /S/ Joseph V. Cavanagh, Jr.
　　　　　　　　　　　　　　　　　　　　　　Joseph V. Cavanagh, Jr. #1139
　　　　　　　　　　　　　　　　　　　　　　(jvc@blishcavlaw.com )
　　　　　　　　　　　　　　　　　　　　　　BLISH & CAVANAGH
　　　　　　　　　　　　　　　　　　　　　　Commerce Center
　　　　　　　　　　　　　　　　　　　　　　30 Exchange Terrace
　　　　　　　　　　　　　　　　　　　　　　Providence, Rhode Island 02903
　　　　　　　　　　　　　　　　　　　　　　Telephone: (401) 831-8900
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (401) 751-7542

　　　　　　　　　　　　　　　　　　　　　　Frank E. Scherkenbach
　　　　　　　　　　　　　　　　　　　　　　(scherkenbach@fr.com)
　　　　　　　　　　　　　　　　　　　　　　Kurt L. Glitzenstein (glitzenstein@fr.com)
　　　　　　　　　　　　　　　　　　　　　　FISH & RICHARDSON P.C.
　　　　　　　　　　　　　　　　　　　　　　225 Franklin Street
　　　　　　　　　　　　　　　　　　　　　　Boston, MA 02110-2804
　　　　　　　　　　　　　　　　　　　　　　Telephone: (617) 542-5070
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (617) 542-8906

　　　　　　　　　　　　　　　　　　　　　　Of Counsel:

　　　　　　　　　　　　　　　　　　　　　　Isabella E. Fu, Esq.
　　　　　　　　　　　　　　　　　　　　　　MICROSOFT CORPORATION
　　　　　　　　　　　　　　　　　　　　　　One Microsoft Way
　　　　　　　　　　　　　　　　　　　　　　Redmond, WA 98052-6399
　　　　　　　　　　　　　　　　　　　　　　Telephone: (425) 882-8080
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (425) 936-7329

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　MICROSOFT CORPORATION

## CERTIFICATE OF SERVICE

I certify that on March 16, 2009 I caused a true and correct copy of the foregoing DEFENDANT MICROSOFT CORPORATION'S MOTION TO STRIKE UNILOC'S PROFFERED TESTIMONY FROM OTHER MATTERS to be served via ECF on the following counsel of record:

| | |
|---|---|
| Francis A. Connor, III<br>Sheri L. Pizzi<br>Taylor, Duane, Barton & Gilman, LLP<br>10 Dorrance Street<br>Suite 700<br>Providence, RI  02903 | Attorneys for Plaintiffs<br>UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED |
| Paul J. Hayes, Esq.<br>Dean G. Bostock, Esq.<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, Massachusetts 02111 | Counsel for Plaintiffs<br>UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED |

/S/ Joseph V. Cavanagh, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | 03-CV-440 (WES) |

## DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE UNILOC'S PROFFERED TESTIMONY FROM OTHER MATTERS

With no attempt to make the separate showings required by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Uniloc has designated for the trial of this case testimony from ten deposition and trial transcripts from four separate lawsuits, none of which involved Uniloc or Uniloc's '216 patent.

Eight of the transcripts are testimony from witnesses whom Uniloc deposed in this case, where Uniloc has also designated their deposition testimony from this case. For example, Uniloc has designated testimony from three deposition transcripts of Mr. Aidan Hughes, a Microsoft employee who will testify live at trial, in two separate cases (*Nash v. Microsoft* and *Intertrust v. Microsoft*), as well as two trial transcripts of Mr. Hughes' testimony from a third case (*z4 v. Microsoft*). Uniloc has also designated testimony from the transcript of Mr. Hughes' deposition in this case.

Uniloc has also designated testimony given by a former Microsoft employee, Ferdinand "Jay" Alabraba, in an unrelated case. Not only did Uniloc not depose Mr. Alabraba in this case, it never even disclosed him as a potential witness, either in response to Microsoft's interrogatory seeking identification of trial witnesses or in its Pretrial Memorandum.

This endless stream of testimony will be hopelessly confusing to the jury, since the other cases all involved different patents, and therefore different issues, than the present case. Because the prior cases did not involve the same infringement issues as this case, Microsoft did not develop the prior testimony (i.e., by direct examination or objection) to clarify issues of importance in this case. Clarifying the testimony at this point would require bringing each of the six witnesses whose former testimony is designated, not all of whom are current Microsoft employees, to testify live at trial. This is just another attempt by Uniloc to get the fact of other patent litigation involving Microsoft before the jury, in order to capitalize on the abundant unfair prejudice Microsoft. (*See* D.I. No. 249, Microsoft's Motion *In Limine* to Preclude Uniloc from Using For Any Purpose Evidence of Other Disputes and Proceedings Involving Microsoft.)

Rule 32(a)(8) of the Federal Rules of Civil Procedure governs the use of testimony from prior action. That rule states: "A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence." FED.R.CIV.PRO. 32(a)(8).[1] "The question of admissibility of a deposition must be by reference to both Fed.R.Civ.P. 32(a) *and* the Federal Rules of Evidence ... Rule 32(a) and

---

[1] The Federal Rule of Evidence that covers prior testimony similarly exempts from the hearsay rule "[t]estimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or,

2

the Evidence Rules are *cumulative*." *Kolb v. Suffolk County*, 109 FRD 125, 127 (E.D.N.Y. 1985) (*quoting* Wright & Miller, FEDERAL PRACTICE & PROCEDURE, and refusing to allow plaintiff to present its entire case by deposition of the defendant's employees where the deponents could appear live at trial.); *see also* 8A Wright, Miller & Marcus, FEDERAL PRACTICE & PROCEDURE § 2142 (2008) ("In considering the use of depositions at a trial or hearing, it is helpful to remember that the problem has two aspects. First, the conditions set forth in Rule 32(a) must exist before the deposition can be used at all. Second, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence.")

Whether to allow testimony from another matter into evidence under this rule rests within the sound discretion of the Court. *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982). A party seeking to introduce evidence under this rule bears the burden of making a "substantial showing" that the requirements of the rule have been met. *Hill, et al. v. Equitable Bank, Nat'l Ass'n*, 115 F.R.D. 184, 186 (D.Del. 1987).

Courts have recognized that "[d]ifferent parties and different issues are crucial circumstances that inevitably must alter the substance of the deposition taken." *Alamo v. Pueblo Intern. Inc.*, 58 F.R.D. 194, 195 (D.P.R. 1972) (denying a request by plaintiffs to use a deposition taken in a separate case against the defendant to which plaintiffs were not a party). While complete identity of parties and subject matter are not always required to use testimony from another matter at trial, the "accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit." *Hub*, 682 F.2d at 778.

---

in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." FED.R.EVID. 804(b)(1).

3

Where, as here, a party designates testimony given on an issue that was not significant in the prior action—particularly highly nuanced and technical issues such as those at stake in this case—it is unfair to bind the party against whom the testimony is offered to the prior examination. In *Hub*, for example, the plaintiff in an employment discrimination case attempted to introduce deposition testimony from a prior case involving the plaintiff and the defendant's predecessor-in-interest. *Hub*, 682 F.2d at 777. The prior testimony allegedly showed that the predecessor-in-interest had decided not to rehire plaintiff in retaliation against plaintiff for filing a complaint with the Equal Employment Opportunity Commission. *Id.* Retaliation was an issue in the present case, but there was no allegation of retaliation in the former case in which the deposition was taken. *Id.*, at 778. Accordingly, the court concluded: "If Hub had taken the deposition for the present lawsuit, of course Sun Valley would have carefully questioned the deponent about the alleged retaliation. It would be unfair to bind Sun Valley by the prior cross-examination which did not cover the issue of retaliation." *Id.*, *see also Tobacco and Allied Stocks, Inc., et al. v. Transamerica Corp.*, 16 F.R.D. 545 (D. Del. 1954) (requiring plaintiffs to show with specificity identity of issues before they could use depositions taken in a separate case against the defendant).

This is not a case where the use of depositions from a separate matter will "save the time, effort and money of litigants, and help expedite trial[.]" *Hub* at 777-78. The parties have already expended significant sums of money deposing and defending five of the six witnesses at issue in the present case, and the proffered testimony will only serve to prolong and confuse the trial. Moreover, in addition to deposing these and other witnesses in this case, Uniloc deposed Microsoft Corporation on 47 separate topics under rule 30(b)(6) of the Federal Rules of Civil Procedure. Microsoft provided designees for all of these topics. This is not a case where Uniloc

4

can complain that it did not have the means or the opportunity to take deposition discovery on the salient issues in this case.

For the foregoing reasons, Microsoft respectfully requests that the Court grant its motion to strike Uniloc's proffered designations of testimony from other cases.

Dated: March 16, 2009                    FISH & RICHARDSON P.C.


By: /S/ Joseph V. Cavanagh, Jr.
    Joseph V. Cavanagh, Jr. #1139
    (jvc@blishcavlaw.com )
    BLISH & CAVANAGH
    Commerce Center
    30 Exchange Terrace
    Providence, Rhode Island 02903
    Telephone: (401) 831-8900
    Facsimile: (401) 751-7542

    Frank E. Scherkenbach
    (scherkenbach@fr.com)
    Kurt L. Glitzenstein (glitzenstein@fr.com)
    FISH & RICHARDSON P.C.
    225 Franklin Street
    Boston, MA  02110-2804
    Telephone: (617) 542-5070
    Facsimile: (617) 542-8906


    Of Counsel:

    Isabella E. Fu, Esq.
    MICROSOFT CORPORATION
    One Microsoft Way
    Redmond, WA  98052-6399
    Telephone: (425) 882-8080
    Facsimile: (425) 936-7329

    Attorneys for Defendant
    MICROSOFT CORPORATION

## CERTIFICATE OF SERVICE

I certify that on March 16, 2009 I caused a true and correct copy of the foregoing DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE UNILOC'S PROFFERED TESTIMONY FROM OTHER MATTERS to be served via ECF on the following counsel of record:

| | |
|---|---|
| Francis A. Connor, III<br>Sherri L. Pizzi<br>Taylor, Duane, Barton & Gilman, LLP<br>10 Dorrance Street<br>Suite 700<br>Providence, RI  02903 | Attorneys for Plaintiffs<br>UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED |
| Paul J. Hayes, Esq.<br>Dean G. Bostock, Esq.<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, Massachusetts 02111 | Counsel for Plaintiffs<br>UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED |

/S/ Joseph V. Cavanagh, Jr.