UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and <br> UNILOC SINGAPORE PRIVATE LIMITED <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. A. No. 03-CV-440 (WES) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MOTION TO LIMIT TESTIMONY OF
DEFENDANT'S EXPERT DANIEL WALLACH TO OPINIONS
DISCLOSED IN HIS EXPERT REPORTS**

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc"), respectfully submit this motion to limit the testimony of defendant's expert, Daniel Wallach. For the reasons set forth below, Uniloc requests that this motion be granted.

**I.     BACKGROUND**

In view of the Court's ruling on Mr. Klausner's opinion regarding the MD5 and SHA-1 algorithms, Mr. Wallach should be precluded from opining that those algorithms do <u>not</u> constitute licensee unique ID generating means. None of Mr. Wallach's expert reports in this case contain any such opinion. Further, Mr. Wallach's reports were prepared and served prior to this Court's claim construction decision dated August 22, 2006. Mr. Wallach did not issue any subsequent report to conform his opinion to the Court's claim construction. As Mr. Wallach's report is inconsistent with this Court's claim construction, it is not probative. Therefore, Mr. Wallach should not be permitted to: (1) state the opinions contained in his report to the jury, or 2) provide any new opinions.

**II.     ARGUMENT**

Mr. Wallach's testimony should be limited as set forth below.

**A.     Summation Algorithm**

One of the issues in this case is whether the MD5 and SHA-1 hashing algorithms used in the accused products are "a summation algorithm or a summer" or an equivalent thereof.. *See* Dkt. Entry 145, p. 25.  Nowhere in any of his reports does Mr. Wallach opine that either the MD5 or the SHA-1 algorithm is <u>not</u> a "a summation algorithm or a summer" or an equivalent thereof.  As a result, Mr. Wallach should not be permitted to testify at trial that these algorithms are not summers, summation algorithms or an equivalent thereof.

**B.     Mr. Wallach's Demonstratives**

Microsoft has just produced to Uniloc the demonstratives that it intends to use with Mr. Wallach.  These demonstratives consist of an animation and a PowerPoint presentation.  The animation purportedly illustrates how the MD5 algorithm works.  This analysis is not contained in any of Mr. Wallach's reports and, therefore, should be excluded.

A copy of Mr. Wallach's PowerPoint presentation is attached as exhibit A.  The first eight slides of this presentation focus on the Court's construction of certain claim elements.  Mr. Wallach did not supplement his expert reports after this Court construed the claims.  Thus, Mr. Wallach should not be permitted to testify or opine with respect to his opinion of infringement or validity of the claims as they have been construed.  Nowhere in any of his reports does Mr. Wallach address the claims as construed by the Court.  In fact, Mr. Wallach's reports are contrary to the Court's claim construction.  Mr. Wallach bases his opinion on his incorrect belief that personally identifiable information is required for Product Activation.  As Mr. Wallach's construction was rejected by this Court, and he did not supplement his reports after claim

construction, he cannot now opine that the accused products do not infringe under the Court's claim construction.

With respect to the slides addressing the issue of validity, Uniloc objects as follows:

DDX 80 - This slide refers to column 4, lines 51-63, of the Hellman patent. These lines were not addressed in Mr. Wallach's reports.

DDX 83 - Mr. Wallach's reports do not disclose that the accused products use "one way hash functions".

DDX 85 - Mr. Wallach's reports do not analyze the issue of obviousness under the *KSR* case. This is a new opinion.

DDX 88 - The Court's construction of "use mode" was not disclosed in Mr. Wallach's reports because all of his reports predated claim construction. This is a new opinion.

DDX 89 - The Court's construction of "registration system" was not disclosed in Mr. Wallach's reports because all of his reports predated claim construction. This is a new opinion.

DDX 90 - Column 4, lines 33-35 of the Hellman patent were not part of Mr. Wallach's expert reports. This is new opinion testimony.

DDX 91 - This Court's claim construction of the term "mode switching means" was not in any of Mr. Wallach's reports and, therefore, this is a new opinion.

DDX 93 - There is a typographical error on this slide. It should cite column 6, not column 4, of the patent. This portion of the Hellman patent is not addressed in Mr. Wallach's reports. Thus, this slide relates to a new opinion and should be excluded.

### C.   "Unique Identifier Associated With A Licensee"

The Court construed "licensee unique ID" as "a unique identifier associated with a licensee." *See* Dkt. Entry 145, p. 9. As they preceded the claim construction decision which

rejected his proposed claim construction, Mr. Wallach's reports do not opine anywhere that the licensee unique ID is not associated with the licensee. Thus, Mr. Wallach should not be permitted to opine that the licensee unique ID in the accused products is <u>not</u> associated with the licensee.

### D. "Try-Before-Buy"

During his opening, counsel for Microsoft argued that:

> The evidence in the case will show that, because Product Activation does not prevent you from having full use of the software in the -- at least in the grace period, period of time, there's no infringement for that reason, all right?

Ex. A.

As this non-infringement argument has been rejected by the Court's claim construction, Mr. Hayes unsuccessfully attempted to make an objection and requested a side-bar conference to address this issue.

Microsoft's argument on this point is that the '216 patent only covers a product that is sold with certain features disabled and wherein those features are fully enabled upon activation. According to Microsoft, the accused products do not literally infringe because they are fully enabled at the time they are purchased and installed. Thus, the argument goes, the patent covers "try-before-buy" products only and the accused products are not of the "try-before-buy" type. This theory was expressly rejected by this Court's claim construction which, on page 38 of the order, stated that:

> In support of its argument that the demonstration mode only involves functions being disabled, Microsoft cites portions of embodiments 1 and 5.

The Court rejected this argument and found that disabling functions was not a requirement:

> But while these embodiments discuss characteristics which demonstration mode <u>can</u> have, or <u>typically</u> has, the Court declines to read these examples from two embodiments to mandate that in all instances, the demonstration mode only can involve functional limitations.
>
> * * *
>
> For these reasons, the words "functionality" and "functions are disabled" will not be part of the Court's construction of these terms.

*Id.* at pp. 38-39.

Notwithstanding this ruling, it appears from its opening statement that Microsoft is going to pursue the "try-before-buy" argument. Neither Mr. Wallach, nor any of Microsoft's other witnesses, should be permitted to testify, as Microsoft asserted in its opening statement, that the accused products do not infringe because they are sold without any functionality being disabled. Such testimony would be contrary to the Court's claim construction. Moreover, Uniloc requests that a curative instruction be given to the jury to point out that Microsoft's opening statement was legally erroneous in this respect and should be disregarded.

### III.   CONCLUSION

For the reasons set forth above, Mr. Wallach should not be permitted to offer any undisclosed opinions regarding the MD5 and SHA-1 algorithms or testify contrary to the Court's claim construction.

Dated: March 30, 2009          Respectfully submitted,

         **UNILOC USA, INC.**
         **UNILOC SINGAPORE PRIVATE LIMITED**

By:    /s/ Sheri L. Pizzi
      Sheri L. Pizzi (R.I. Bar No. 5720)
      **TAYLOR DUANE BARTON**
         **& GILMAN, LLP**
      10 Dorrance Street, Suite 700
      Providence, Rhode Island 02903
      (401) 273-7171 (Telephone)
      (401) 273-2904 (Facsimile)

OF COUNSEL:

By:    /s/ Dean G. Bostock
      Paul J. Hayes, Esq.
      Dean G. Bostock, Esq.
      **MINTZ, LEVIN, COHN, FERRIS,**
         **GLOVSKY AND POPEO, P.C.**
      One Financial Center
      Boston, MA  02111
      (617) 542-6000 (Telephone)
      (617) 542-2241 (Facsimile)

## **CERTIFICATE OF SERVICE**

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on March 30, 2009.

                                      /s/ Dean G. Bostock

4575479v.1