# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and <br> UNILOC SINGAPORE PRIVATE LIMITED <br><br> Plaintiffs, <br><br> v. <br><br><br> MICROSOFT CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civ. A. No. 03-CV-440 (WES) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFFS' BENCH MEMORANDUM *RE*: 
### POST-JUDGMENT ROYALTIES

As indicated at the July 8, 2009 hearing on post-trial motions, plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc"), are respectfully submitting this bench memorandum to address the issue of the royalty rate to be assessed upon the ongoing, post-judgment infringement by defendant, Microsoft Corporation ("Microsoft"), should an injunction not be issued in this case.

### BACKGROUND

In its post-trial motion, Uniloc requested the Court, *inter alia*, to issue a permanent injunction against Microsoft's continuing infringement of the '216 patent. *See* D.I. # 368, pp. 13-17.  In the event that the Court declines to enjoin Microsoft, and Microsoft declines voluntarily to cease its infringement, the Court will need to establish a post-judgment royalty rate to ensure that Uniloc is fully compensated for infringing post-judgment activations.

## **ARGUMENT**

The patent statute requires that a patent owner be fully compensated for an infringer's infringing acts. *See* 35 U.S.C. § 284. "When the damages are not found by a jury, the court shall assess them." *Id.* The Federal Circuit has recognized the authority of district courts to impose a post-judgment royalty rate for ongoing infringing acts. *See*, *e.g.*, *Paice, L.L.C. v. Toyota Motor Corp.*, 504 F.3d 1293, 1313-16 (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 2430 (2008). Such activity does not violate the infringer's rights under the Seventh Amendment. *Id.* at 1315-16. In this case, should the Court decline to enjoin Microsoft, and should Microsoft decline voluntarily to cease infringing, the Court will need to establish royalty rate for Microsoft's ongoing infringing activities. As set forth below, post-judgment royalties should be higher than pre-judgment royalties.

In setting post-judgment royalty rates, courts have recognized that the patent owner (Uniloc) is in a stronger position to demand a higher rate than was demanded at trial:

> There is a fundamental difference, however, between a reasonable royalty for pre-verdict damages and for post-verdict infringement.
>
> * * *
>
> Prior to judgment, liability for infringement, as well as the validity of the patent, is uncertain, and damages are determined in the context of that uncertainty. Once a judgment of validity and infringement has been entered, however, the calculus is markedly different because different economic factors are involved.

*Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361-62 (Fed. Cir. 2008).

As the district court recently observed on remand in the *Paice* case:

> Once judgment is entered, ongoing infringement by the adjudged infringer is willful; that factor, along with the potential for enhancement, the potential impact of *res judicata*, and many additional factual factors significantly change the ongoing royalty negotiation calculus.

\* \* \*

> Even though a permanent injunction may no longer be proper in many patent cases in light of *eBay*, an ongoing royalty rate must still adequately compensate a patentee for giving up his right under the law to exclude others from making, using, selling, offering for sale or importing his invention. That is, the law must ensure that an adjudged infringer who voluntarily chooses to continue his infringement must adequately compensate the patent holder for using the patent holder's property. Anything less would be manifestly unjust an violate the spirit, if not the letter, of the U.S. Constitution and the Patent Act.

*Paice, L.L.C. v. Toyota Motor Corp.*, 609 F. Supp.2d 620, 626-27, 630 (E.D. Tex. 2009).

In other words, the patent owner is in a much stronger position in calculating a post-judgment royalty than prior to verdict. Thus, a higher royalty rate for post-judgment infringement is justified. In *Paice*, the jury awarded damages at an effective royalty rate of $25 for each infringing hybrid vehicle. *Id.* at 622. For post-judgment infringement, the court found in light of the changed circumstances between the parties, namely that Toyota was an adjudged infringer, that a royalty rate of $98 for each infringing vehicle was appropriate. *Id.* at 630. Similarly, in *Joyal Prods., Inc. v. Johnson Elec. N. Am., Inc.*, 2009 WL 512156 at \*\*13-14 (D.N.J. Feb. 27, 2009), the district court granted plaintiff's request for a post-judgment royalty of 26% in a case wherein the jury awarded a pre-judgment royalty of 8%.

In the present case, Uniloc's damages expert (Mr. Gemini) opined that a reasonable pre-verdict royalty rate would be $2.50 for each first-time successful pre-verdict activation.[1] *See* 3/27/09 Tr. pp. 66-67. This was based, *inter alia*, upon his consideration of Microsoft's own documents. Among the Microsoft documents relied upon by Mr. Gemini was PX 261, which stated a value for Product Activation in the range of $10 - 10,000 for each new activation. *See*

---

[1] Based on the jury award of $388 million for approximately 266 million infringing activations, the effective royalty in this case was $1.72 for each such activation.

3

PX 261, p. MS-U 102708. Mr. Gemini used the lowest value ($10) in his calculations. *See* 3/27/09 Tr. pp. 61-62. Thus, Microsoft's own documentation indicates that a much higher royalty would be permissible.

Based on Microsoft's changed circumstances in this case, namely that it is an adjudged willful infringer and all of its defenses were rejected by the jury, and Mr. Gemini's analysis at trial, Uniloc submits that an appropriate post-verdict royalty would be $5.00 for each infringing activation. As it admittedly makes over 90% profit on the accused products, *see* 3/26/09 Tr. pp. 226-27, Microsoft will have no problem paying this royalty.

## **CONCLUSION**

For the reasons set forth above, should its motion for an injunction be denied, Uniloc requests the Court to assess a post-judgment royalty of $5.00 for each first-time activation.

Dated: July 10, 2009.            Respectfully submitted,

                                        **UNILOC USA, INC.**
                                        **UNILOC SINGAPORE PRIVATE LIMITED**

By:   /s/ Sheri L. Pizzi
Sheri L. Pizzi (R.I. Bar No. 5720)
**TAYLOR DUANE BARTON**
   **& GILMAN, LLP**
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)

OF COUNSEL:

By:   /s/ Dean G. Bostock
Paul J. Hayes, Esq.
Dean G. Bostock, Esq.
**MINTZ, LEVIN, COHN, FERRIS,**
   **GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
(617) 542-6000 (Telephone)
(617) 542-2241 (Facsimile)

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on July 10, 2009.

                                                        /s/ Dean G. Bostock

4578210v.1