# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED<br><br>        Plaintiffs,<br>vs.<br><br><br>MICROSOFT CORPORATION,<br><br>        Defendant. | Civ. A. No. 03-CV-440<br>(WES) |

## PLAINTIFFS' RESPONSE TO DEFENDANT MICROSOFT CORPORATION'S BENCH MEMORANDUM RE: JUDGEMENT AS A MATTER OF LAW OF INVALIDITY

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc"), submit this brief response to the belated Bench Memorandum re: Judgment as a Matter of Law of Invalidity filed by defendant, Microsoft Corporation ("Microsoft"), on July 23, 2009.

Effectively conceding that his testimony was not credible, Microsoft now argues that, irrespective of whether the jury disbelieved Prof. Hellman's testimony regarding invalidity, the Court should now find that claim 19 is invalid based solely upon the Hellman patent itself, unsupported by any expert testimony. This belated afterthought by Microsoft, filed ten days after the post-trial motions hearing, should be rejected as it was not raised in Microsoft's moving papers. *See* D.I. # 371-2, pp. 47-56; D.I. # 379, pp. 31-37.

Contrary to its new argument, Microsoft's position was, and Microsoft told the Court that, claim 19 was shown to be invalid by the testimony of Profs. Wallach and Hellman:

> Through the expert testimony of Prof. Wallach and the factual technical testimony of Prof. Hellman, Microsoft has more than met any requirement to explain all of the technological issues in this case that might be 'beyond the grasp of an ordinary layperson.
>
> ***
>
> That testimony and prior art, together with Uniloc's infringement contentions, establish by clear and convincing evidence that Hellman anticipates claim 19.

D.I. # 379, pp. 33, 34.

Thus, Microsoft's new argument is untimely and should be rejected.

In addition, as pointed out in Uniloc's post-trial briefs (*See*, *e.g.*, D.I. # 374, pp. 5-7), Profs. Wallach and Hellman were shown not to be credible at trial. In the First Circuit, "relief under Rule 50 is warranted only if the moving party's evidence is 'uncontradicted and unimpeached.'" *Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 22 (1st Cir. 2002). Dr. Wallach's testimony was contradicted by Microsoft's own documents and Prof. Hellman was repeatedly impeached. *See* D.I. # 374, p. 6. As "the party with the burden of proof is entitled to judgment as a matter of law only if it has established its case by 'testimony that the jury is not at liberty to disbelieve.'", *Marrero*, 304 F.3d at 22, Microsoft's motion for JMOL should be denied because the jury was at liberty to disbelieve Dr. Wallach and Prof. Hellman.[1]

---

[1] The Court instructed the jury that "You do not have to accept the testimony of any witness if you do not find that witness credible." 4/7/2009 Tr., p. 166.

Notwithstanding the foregoing, as the jury found, Microsoft failed to prove that claim 19 of the '216 patent is invalid. Anticipation is a question of fact for the jury. *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 619 (Fed. Cir. 1985). Microsoft had the burden of proving anticipation by clear and convincing evidence. *Schumer v. Lab. Computer Systems, Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002). The jury was presented with the Hellman patent and correctly rejected Microsoft's argument that it proved by clear and convincing evidence that the Hellman patent anticipates claim 19 because Hellman does not disclose each and every element of claim 19. More particularly, Uniloc rebutted Microsoft's anticipation argument through the cross-examination of Dr. Wallach and Prof. Hellman. Prof. Hellman admitted when cross-examined, *inter alia*, that none of the inputs (SK, N, R, H) to his cryptographic function generator (DX S-3, Fig. 2, Block 38) is a unique identifier associated with the user. *See* 3/31/09 Tr. pp. 41-45, 54:9-18; 56:9-15. Thus, the Hellman patent does not anticipate because it does not disclose using a licensee unique ID. *A fortiori*, the Hellman patent, therefore, does not disclose local licensee unique ID generating means or remote licensee unique ID generating means. Further, Prof. Hellman admitted during cross-examination that his patent does not disclose a Product Key, or a Product ID for preventing casual copying. *Id.* at 57:7-13.

Prof. Hellman also admitted when impeached[2] during cross-examination that, had he intended that the inputs be unique and associated with the user, he would have said so in his patent:

---

[2] Microsoft asserts, on page 3 of its memorandum, that the evidence it relies upon for its JMOL of invalidity was "uncontradicted and unimpeached." As set forth herein, this statement is contradicted by the record evidence.

> Q. Sir, could you turn to page 85 of your deposition?
>
> A. I'm there.
>
> Q. And I asked you the question: Right. And you certainly, if you wanted to indicate that information associated with the user, unique information was input into the cryptographic function, you certainly had the ability to disclose that in the figures, if you so chose. Answer: Correct. Question: And you didn't? Answer: Correct.

3/31/2009 Tr. p. 61:14-24.

> Q. (Reading:) And you also had the ability to describe in the patent if you so chose -- Answer: In the specification? Question: Yes. Answer: Yes. And you didn't? Answer: Line 11, correct. Did I read your testimony under oath and the questions and answers correctly?
>
> A. Yes, you did.

*Id.* at p. 62:9-18.

Via its belated bench memorandum, Microsoft now requests the Court to ignore this testimony of its own witness that contradicts its argument that the Hellman patent standing alone anticipates claim 19. Through its cross-examination of Prof. Hellman, Uniloc rebutted Microsoft's assertion that claim 19 is anticipated. Uniloc needs to have done nothing more because Microsoft had the burden of proof on this issue. As the jury has correctly determined, Microsoft failed to prove anticipation by clear and convincing evidence.

Microsoft erroneously asserts, on page 1 of its memorandum, that "Uniloc did not even attempt to rebut" Microsoft evidence of anticipation. In fact, as set forth above and as the jury found, Uniloc successfully rebutted Microsoft's anticipation argument through the cross-examination of Profs. Wallach and Hellman. *See United States v. Dube*, 520 F.2d 250, 252 n. 1 (1st Cir. 1975) ("defendant's expert testimony may be rebutted by cross-examination"). Similarly, on page 3 of its memorandum, Microsoft complains that

4

Uniloc did not recall Mr. Klausner in rebuttal following the close of Microsoft's case. Given the admissions by Prof. Hellman, and the lack of testimony on this issue by Prof. Wallach, Uniloc successfully rebutted Microsoft's invalidity argument. Uniloc did not need to recall Mr. Klausner. If Microsoft's plan was to attempt to plug the gaping holes in its anticipation case through cross-examining Mr. Klausner on rebuttal, its plan backfired.

The cases relied upon by Microsoft in support of its argument that the jury could find claim 19 anticipated from the Hellman patent alone without any supporting or explanatory testimony are inapposite. In *Arthrocare Corp. v. Smith & Nephew, Inc.*, 406 F.3d 1365, 1374 (Fed. Cir. 2005), the patent owner "limit[ed] its argument to contesting the veracity of [the defendant's] expert and disputing his conclusions regarding the presence of the electrical connector in the article". In the present case, however, Uniloc relies upon Prof. Hellman's admissions that the inputs to the cryptographic function generator are not uniquely associated with the user (3/31/09 Tr. pp. 41-45, 54:9-18; 56:9-15) and that, if he had intended for them to be so, he would have so said in his patent. *Id.* at 61:14-24. Likewise, in *Finisar Corp. v. The DirectTV Group, Inc.*, 523 F.3d 1323, 1335-1338 (Fed. Cir. 2008), there was no admission by the defendant's witness that the allegedly anticipatory reference lacked a feature of the asserted patent claim. In the present case, Prof. Hellman admitted that the inputs to his cryptographic function generator are machine identifiers, not unique to the user. (*See* 3/31/09 Tr. pp. 41-45, 54:9-18; 56:9-15.)

In *Akamai Techs., Inc. v. Cable & Wireless Internet Services, Inc.*, 344 F.3d 1186, 1195 (Fed. Cir. 2003), the invalidity finding was not based solely upon the asserted patent. Rather, the defendant also offered testimony that the prior art inherently disclosed the pertinent feature. *Id.* ("C & W proffered documentary evidence and testimony at trial that

5

redundant domain name servers are inherent in any Internet-based application"). Moreover, the plaintiff in that case "point[ed] to no evidence whatsoever that contradict[ed] the evidence [of anticipation] presented to the jury at trial." *Id.* In this case, Uniloc did present contrary evidence in the form of Prof. Hellman's admissions set forth above.

Microsoft cites *Boston Scientific Scimed, Inc. v. Cordis Corp.*, 554 F.3d 982 (Fed. Cir. 2009) in support of its argument that the Court can conclude that claim 19 is obvious just from the Hellman patent alone. Microsoft Memo., p. 2. This argument is absurd in the context of the present case. First, Microsoft argued to the jury that its obviousness argument is based upon a combination of the Hellman and Wolfe patents. *See* 4/7/09 Tr., pp. 57-58, 87. Second, Dr. Wallach admitted during cross-examination that he did not testify about combining the Hellman and Wolfe patents:

> Q. Okay. And with respect to the question of obviousness, you did not identify the elements in -- excuse me, you did not combine, so the record is clear, on your direct Hellman and Wolfe, correct?
>
> A. In my direct, I made no combination of Hellman and Wolfe.

4/1/09 Tr., p. 70:15-20.

Thus, Microsoft relies solely upon attorney argument that claim 19 is obvious in view of what is or is not disclosed in the Hellman patent alone, as it argues now, or the combination of Hellman and Wolfe, as it argued to the jury. As stated in the Court's jury instructions, attorney argument is not evidence. *See* 4/7/09 Tr. pp. 164:20 - 165:1.

Third, in *Boston Scientific*, the Court found that the prior art reference taught "all of the limitations of claim 8, and the record did not contain substantial evidence for the jury to conclude otherwise." *Boston Scientific*, 554 F.3d at 991. As set forth above, the record in this case contains Prof. Hellman's admissions that his patent lacks at least one feature of

6

claim 19 and the jury concluded that claim 19 is not obvious. Thus, the case is readily distinguishable on the facts.

Fourth, in *Boston Scientific*, the evidence regarding secondary considerations was "weak." *Id.* Secondary considerations of non-obviousness include evidence of the commercial success of the invention, a long-felt need for the invention, the failure of others to solve the problem, and copying of the invention by others. *Ashland Oil, Inc. v. Delta Resins & Refacs, Inc.*, 776 F.2d 281, 291 (Fed. Cir. 1985). In the present case, Uniloc introduced strong evidence regarding these secondary considerations. For example, Uniloc demonstrated that its invention enjoyed great commercial success, as evidenced by the 226 million successful activations and Microsoft's billions of dollars of sales of Windows and Office products that incorporated the infringing Product Activation software. *See*, *e.g.*, 3/27/09 Tr. pp. 72-73. Uniloc introduced evidence of long-felt need through the cross-examination of Mr. Pearce:

> Q. Sir, when you began the development product -- project of Product Activation, there was a recognition by Microsoft, was there not, that they were losing billions of dollars to casual copying?
>
> A. According to my boss, yes, that was the common figure thrown around.

*Id.* at p. 241:19-25.

Uniloc introduced evidence of the failure of Microsoft to solve the casual copying problem via its unsuccessful HDDI technology that "went really nowhere because everybody disliked it". *Id.* at p. 243:11-23. Uniloc also introduced extensive evidence that Microsoft copied Uniloc's technology. *See* D.I. # 374 (Uniloc Opp. To Microsoft's Motion

7

for JMOL), pp. 7-14. These proven facts all support the jury verdict that claim 19 is not obvious. Accordingly, Microsoft's reliance on the *Boston Scientific* case is misplaced.

Microsoft also fails to mention a case that is contrary to its argument. In *Lucent Technologies, Inc. v. Microsoft Corp.*, 544 F.Supp.2d 1080 (S.D. Cal. 2008), Microsoft alleged that Lucent's patent was anticipated. In that case, as here, Microsoft's expert (Gibson) "d[id] not delineate how any single prior art reference disclose[d] all limitations of the claim." *Id.* at 1091. The district court noted that "[u]nder *Celotex* [*Corp. v. Catrett*, 477 U.S. 317 (1986)], Microsoft must come forward with evidence sufficient to support a defense of anticipation, but it fail[ed] to do so." *Id*. As in this case, Microsoft's expert "d[id] not identify how a single prior art reference discloses all elements of [the asserted] claim. Gibson only cite[d] to prior art setting forth some but not all elements, or makes conclusory statements regarding anticipation." *Id.* at 1092.

In that case, "Microsoft fail[ed] to indicate any analysis in which its expert la[id] out precisely how any one of the[] references disclose[d] all the limitations of [the asserted] claim." *Id.* In this case, Dr. Wallach admitted during cross-examination that he failed to compare each element of the Hellman patent to claim 19:

> Q. All right. And with respect to Hellman, you did not compare each element of the claimed invention with Hellman to Hellman, correct?
>
> A. Each element? My discussion focused on several specific elements.
>
> Q. But you didn't compare each element of the claimed invention, Claim 19, to Hellman, isn't that true?
>
> A. In my direct testimony, that's true.

4/1/2009 Tr., p. 70:7-14.

8

As in the *Lucent* case, Microsoft's evidence on the issue of invalidity was, as the jury found, insufficient and its motion for JMOL on this issue should be denied.

At the July 13, 2009 hearing, counsel for Microsoft attempted to fill the holes in the Hellman reference that its witnesses at trial could not fill. Asked by the Court if he had anything else to say, counsel for Microsoft argued that Hellman discloses that the user "puts [] numbers in[to]" the Hellman device. 7/13/09 Tr. pp. 53-54. This argument is directly contrary to the Hellman patent and the testimony of Prof. Hellman, the inventor. As stated in the Hellman patent, R is generated by a noisy amplifier in the user's computer, without any input by the user to generate same. *See* DX S-3, col. 9:2-5. Further, Prof. Hellman admitted during cross-examination, the only mechanism used to generate R is the noisy amplifier in the user's hardware. *See* 3/31/09 Tr. pp. 45:10 - 46:2. In any event, as set forth above, Prof. Hellman admitted at trial that none of the inputs to the cryptographic function generator are uniquely associated with the user.

With respect to Microsoft's (waived) indefiniteness argument, the Court's definition of unique, affirmed by the Federal Circuit, was sufficiently precise for the jury to reach a unanimous finding of infringement. In its bench memorandum, Microsoft erroneously asserts that no standard for measuring the degree of "unique"-ness was provided. However, the Court instructed the jury that "unique in the context of this case should be sufficient to provide to the vendor or software maker some sufficiently distinguishing identifier of the licensee." 4/7/09 Tr. pp. 137:13-16. As set forth in Uniloc's opposition JMOL brief, the term as construed is not indefinite.

For the reasons set forth above, the new arguments presented in Microsoft's untimely bench memorandum should be rejected and it motion for JMOL should be denied.

Dated:   July 28, 2009                                Respectfully submitted,

                                            **UNILOC USA, INC.**
                                            **UNILOC SINGAPORE PRIVATE LIMITED**

By:   /s/ Sheri L. Pizzi
      Sheri L. Pizzi (R.I. Bar No. 5720)
      **TAYLOR DUANE BARTON**
         **& GILMAN, LLP**
      10 Dorrance Street, Suite 700
      Providence, Rhode Island 02903
      (401) 273-7171 (Telephone)
      (401) 273-2904 (Facsimile)

OF COUNSEL:

By:   /s/ Dean G. Bostock
      Paul J. Hayes, Esq.
      Dean G. Bostock, Esq.
      **MINTZ, LEVIN, COHN, FERRIS,**
         **GLOVSKY AND POPEO, P.C.**
      One Financial Center
      Boston, MA 02111
      (617) 542-6000 (Telephone)
      (617) 542-2241 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on July 28, 2009.

                                                     /s/ Dean G. Bostock

4673879v.2