# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**VIA ECF FILING**

August 13, 2009

The Honorable William E. Smith
United States District Court
 for the District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903

Re:   *UnilocUSA, et al v. Microsoft Corporation*
      Civil Action No. 03-CV-440 (WES)

Dear Judge Smith:

I am writing to respond to Uniloc's submission yesterday of the August 11, 2009, opinion and orders in the *i4i v. Microsoft* case in the Eastern District of Texas.

Because the facts there were different, Judge Davis's determinations in the *i4i* case, with which Microsoft in any event respectfully disagrees, have no bearing on the issues raised in the pending post-trial motions in this case. For example:

- **Summary Judgment as a Defense to Willful Infringement:** The summary judgment granted in the *i4i* case was only partial, in that only some of the asserted claims were invalidated. Here, of course, the Court granted full summary judgment of non-infringement of all claims, which Chief Judge Michel would have affirmed. [*See* Ex. A to Uniloc's August 12, 2009 Letter, at 18]

- **Improper Entire Market Value Insinuations:** Although i4i's damages expert offered "reasonableness check" testimony that Microsoft argued was improper, i4i argued and Judge Davis found that "i4i never argued an 'entire market value' theory to the jury." [*Id.* at 37] Not so here, where Uniloc repeatedly contended, both in cross-examination of Microsoft's expert and in closing argument, that its expert's entire market value-based "check" was the appropriate measure of damages.

- **Notice of Patent Rights as a Factor Influencing Enhanced Damages:** While Microsoft disputes these findings, Judge Davis found that an email exchange between Microsoft employees "confirms Microsoft's awareness of

FISH & RICHARDSON P.C.

The Honorable William E. Smith
August 13, 2009
Page 2

>the '499 patent, its relationship to i4i's products, as well as Microsoft's intention to implement similar capabilities in WORD." [*Id.* at 40] Putting aside whether the facts in *i4i* give rise to a duty to investigate the patent post-*Seagate*, or even provide the requisite notice required for a finding of contributory infringement, induced infringement or willful infringement, which Microsoft respectfully maintains they do not, these facts again differ markedly from those in this case, where Uniloc's only evidence of notice of the '216 patent was its citation to Microsoft's outside prosecution counsel during prosecution of a patent unrelated to product activation.

With respect to legal issues addressed in Judge Davis's opinion, Microsoft respectfully maintains its positions on those points, and this Court is of course free to make its own determinations of these issues. Although Judge Davis rejected the position that Microsoft has also advanced in this case that preponderance of the evidence should be the standard of proof for invalidity based on prior art that was not before the PTO, Microsoft continues to submit that this is the appropriate standard, for the reasons it has previously articulated.

Finally, to the extent that the determination that i4i met its burden of showing the objective prong of *Seagate* was limited to the facts and circumstances prior to the commencement of the allegedly infringing activity [*id.* at 18], Microsoft notes that "[t]he state of mind of the accused infringer is not relevant to this objective inquiry." *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). In a similar vein, "evidence of copying in a case of direct infringement is relevant only to *Seagate*'s second [subjective] prong, as it may show what the accused infringer knew or should have known about the likelihood of its infringement." *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d. 1314, 1336 (Fed. Cir. 2009). Whereas Judge Davis rejected Microsoft's litigation defenses as "irrelevant to the objective prong of the Seagate analysis" absent evidence that they "would have been apparent and considered by a reasonable person in Microsoft's position prior to its infringing activity" [Order at 17-18], the Federal Circuit in *Depuy* affirmed a grant of JMOL of no willfulness on the basis that the defendant had presented a *bona fide* defense of non-infringement at trial, thus negating the objective prong of *Seagate*. *Depuy* at 1336-37.

Sincerely,

/s/ Frank E. Scherkenbach

Frank E. Scherkenbach

FES/kjr