UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 03 440 (WJY) |

**REPLY BRIEF IN SUPPORT OF MICROSOFT CORPORATION'S MOTION TO
COMPEL DISCOVERY CONCERNING UNILOC'S EXCLUSIVE LICENSEE**

**I.     INTRODUCTION**

Since at least 2009, the Uniloc Plaintiffs have been in possession of highly material information that goes to their very right to litigate this case. That information shows that Sureloc—an entity that the Uniloc Plaintiffs had previously represented to be defunct and without any rights in the patent-in-suit—is in fact very much alive and well, with rights amounting to ownership of the patent-in-suit, and in any event sufficient to extend a release of liability and license to Microsoft under the patent. The Uniloc Plaintiffs failed to disclose this information to Microsoft in 2009 despite clear Federal Circuit authority requiring them to do so, authority that the Uniloc Plaintiffs do not even address in their opposition. The Uniloc Plaintiffs then actively concealed this information from Microsoft after the remand, an issue that the Uniloc Plaintiffs also do not address in their opposition.

The Uniloc Plaintiffs in their opposition pretend instead that this discovery dispute is about production of the 2000 agreement with Sureloc itself. (*E.g.*, Opp. at 7; "[t]hroughout its brief, Microsoft accuses Uniloc of attempting to conceal the PC Preload/Sureloc license from Microsoft.") It is not. It is about information showing that that license is in force, and confers

expansive rights to Sureloc. That is what Uniloc has withheld, continues to withhold, and continues to thwart Sureloc from disclosing to Microsoft and the Court.

## II. UNILOC'S PROCEDURAL EXCUSES FOR FAILING TO PROVIDE DISCOVERY ARE MERITLESS

Principles of res judicata and waiver do not excuse Uniloc's failure in 2009 to produce its Sureloc documents. Nor do they excuse Uniloc's failure to disclose its communications with Sureloc in its 2011 supplemental response to Microsoft's Interrogatory No. 9.

The 2009 information about Sureloc that Uniloc refuses to produce shows that Sureloc has all substantial rights in the patent-in-suit.[1] *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*. 944 F.2d 870, 876 (Fed. Cir. 1991) ("The contractual documents constituted a transfer of all substantial rights under the patent …."). Microsoft's opening brief discussed *Vaupel* extensively. Uniloc's opposition ignores it entirely.

There are two consequences of this. First, since Uniloc USA's purported exclusive license post-dates the grant of rights to Sureloc, Uniloc USA has no standing. Second, since Sureloc holds all substantial rights in the patent-in-suit, Uniloc Singapore also has no standing.

In short, neither of the Uniloc Plaintiffs has standing to pursue this litigation against Microsoft. Their discovery obligations under Fed. R. Civ. P. 26(e), as well as their duty of candor to the courts, obligated the Uniloc Plaintiffs in 2009 to produce its Sureloc documents and disclose the information regarding its contacts with them. *See Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F. 3d 1198, 1205 (Fed. Cir. 2005). Microsoft's opening brief discussed *Schreiber Foods*. Uniloc's opposition fails to address this case as well. *Schreiber Foods* affirmed the grant of Rule 60 relief, which also of course trumps principles of res judicata.

Uniloc's arguments of res judicata and waiver ignore the fact that Uniloc was aware of this highly material information before this case was appealed, and ignores the blackletter

---

[1] Uniloc's opposition does not offer any objection to Microsoft's requested relief as to Interrogatory No. 9. In fact, Uniloc's opposition does not mention Interrogatory No. 9, or provide a single reason the requested relief should not be granted.

caselaw cited in Microsoft's opening brief that issues of standing are in any event not waivable, even if raised for the first time on appeal. *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F. 3d 1016, 1018 (Fed. Cir. 2001) ("we do not agree that the issues surrounding its ability to sue in its own name are waivable or are beyond our jurisdiction as an appellate court"; "the issue of whether an exclusive licensee has sufficient rights in a patent to bring suit in its own name is jurisdictional").

Beyond the standing issues, there also is no merit to Uniloc's contention that Microsoft "waived" anything with regard to the license and release that it obtained from Sureloc. The 2000 agreement gave Sureloc broad rights to enforce the patent, and resolve patent disputes (¶ 3a):

> 3. **Third Party Infringement**
>
>   a. **Right to Pursue Infringers.** PCP shall have the right, in its sole discretion and at its sole expense, to pursue any and all infringers and potential infringers for acts of infringement of the Patent and any patents that issue from or in connection with the Patent, including but not by way of limitation, sending demand letters, filing suit, entering into settlement Agreements and/or license Agreements as PCP deems appropriate and collecting damages for the infringement thereof. PCP shall aggressively pursue known infringers and potential infringers by the above means in the manner PCP deems appropriate. UC shall promptly notify PCP of all suspected infringers of any Patent and of circumstances that arise which could lead to such infringing activities.

(Exhibit 7)[2]

An unconditional license or release extinguishes liability, regardless of when the rights are conveyed. Otherwise, it would be impossible to settle lawsuits after trial or appeal.

---

[2] All exhibits cited in this Brief are attached to the Declaration of Kurt L. Glitzenstein, filed with Microsoft Corporation's Motion To Compel.

### III. UNILOC'S SUBSTANTIVE EXCUSES FOR FAILING TO PROVIDE DISCOVERY ARE MERITLESS

The Uniloc Plaintiffs should not be permitted to resist discovery on these central—and dispositive—issues by arguing the merits. The merits are for this Court to decide, once all the relevant facts have been revealed. In any event, the Uniloc Plaintiffs are wrong that the license to Sureloc was void "ab initio," and also wrong that the license terminated.

#### A. The License To Sureloc Was Not Void "Ab Initio"

The central substantive response of the Uniloc Plaintiffs to the Sureloc issue is that the license to Sureloc was void "ab initio" because it was conveyed by Uniloc Australia, whereas Uniloc Singapore was the owner of record of the patent-in-suit. (Opp. at 5-6.) This argument is not only an afterthought,[3] but is also contrary to other representations from the Uniloc Plaintiffs.

There is no dispute that Uniloc Singapore is wholly owned by Uniloc Australia. The 2000 Agreement with Sureloc states that Uniloc Australia has the power to act for Uniloc Singapore:

> WHEREAS, UC (through its wholly-owned subsidiary, is the exclusive owner of all right, title and interest in and to U.S. Patent No. 5,490,216 for System for Software Registration, including all continuations, continuation-in-part and divisional applications and registrations derived therefrom (collectively, the "*Patent*"):

(Exhibit 7)

The Uniloc Plaintiffs—including Uniloc Singapore—have previously acknowledged that, in fact, Uniloc Australia had the authority to act for Uniloc Singapore. In their response to Microsoft's Interrogatory No. 5, the Uniloc Plaintiffs conceded that Sureloc's license was from Uniloc Singapore even though Uniloc Australia formally signed the document:

---

[3] In the California case that the Uniloc Plaintiffs filed against Sureloc, the original complaint filed on November 1 did not include this "ab initio" argument. (Exhibit 22) It appeared for the first time in the amended complaint filed on November 3. (Exhibit 1)

4

> the United States. Uniloc Corporation Pty Ltd. is an Australian corporation located at 6 Fennel Street, Parramatta, New South Wales, Australia 2150, which owns Uniloc Singapore Private Limited. ==Uniloc PC Preload, Inc.== was located at 19671 Beach Boulevard, Suite 415, Huntington Beach, California 92648, and ==was a non-exclusive, limited licensee of Uniloc Singapore Private Limited.==

(Exhibit 9)

Uniloc also represented to the European Patent Office that Uniloc Australia had the right to make decisions relating to the patent on behalf of Uniloc Singapore:

> 5. This document will show that:
>    1. ==Legal and contractual responsibility and rights to make decisions relating to patents== and patent applications, including the European patent application, ==was transferred from Uniloc Singapore to Uniloc Corp (Australia) from the time of Uniloc Singapore inception as a company.==
>    2. ==These rights and obligations were transferred from Uniloc Corp (Australia) to Uniloc PC Preload (USA) in 1998,== perpetuating the inability of Uniloc Singapore take decisions relating to the on-going prosecution and maintenance of *inter alia* the European patent application even though it was the applicant in the application.

(Exhibit 3)

Moreover, Uniloc Australia was a signatory to the "Common Interest Agreement" with Sureloc (Exhibit 12), further belying the Uniloc Plaintiffs' present assertion that Uniloc Australia does not speak on behalf of Uniloc Singapore.

The Uniloc Plaintiffs also omit another key fact from their "ab initio" argument: Ric Richardson, the inventor of the patent-in-suit, was wearing all of the relevant hats in the transaction. He was (1) the president of Uniloc Singapore, and executed the 2000 Agreement on behalf of both (2) Uniloc Australia and (3) Sureloc (named PC Preload at that time). The Uniloc Plaintiffs simply cannot credibly maintain that "[t]he fact that PC Preload failed to investigate

the ownership of the '216 patent, and attempted to take a license from the wrong company, is simply tough luck for Microsoft." (Opp. at 6.)[4]

### B. The License To Sureloc Did Not Terminate

Uniloc's fallback argument that the license to Sureloc "terminated" fares no better than its "ab initio" argument. The Uniloc Plaintiffs in their opposition assert that this termination allegedly occurred when Sureloc was suspended in 2003. (Opp. at 7; "As indicated on page 11 of Microsoft's brief, PC Preload's business was suspended (in 2003) by the State of California for non-payment of fees and taxes, i.e. PC Preload went out of business.")

The Uniloc Plaintiffs assert that Sureloc's suspension triggered the termination provision of ¶ 2b of the 2000 Agreement, but tellingly do not cite the language of that provision. That is because that provision does not identify suspension as a termination condition:

> b. If PCP makes any assignment of assets or business for the benefit of creditors, or if a trustee or receiver is appointed to administer or conduct its business or affairs, or if it is adjudged in any legal proceeding to be either a voluntary or involuntary bankrupt, or if it shall dissolve or liquidate, then all the rights granted herein shall forthwith cease and terminate without prior notice or legal action by UC.

(Exhibit 7)

The 2000 Agreement thus remains in full force and effect.

---

[4] Beyond all of this, there is no question that Uniloc Australia in any event had *apparent* authority to bind its wholly owned subsidiary, Uniloc Singapore. *Moreau v. Local Union No. 247*, 851 F.2d 516, 518 (1st Cir. 1988) (apparent authority to bind a principal exists where the principal engages in "written or spoken words or any other conduct of the principal" that, "reasonably interpreted," causes a third person to believe that the principal consents to have another acting on his behalf).

6

### IV. UNILOC'S "COMMON INTEREST AGREEMENT" EXCUSE FOR FAILING TO PROVIDE DISCOVERY IS MERITLESS

Finally, the Uniloc Plaintiffs take the remarkable position that every single document regarding Sureloc is subject to work product protection, and thus not discoverable under the Common Interest Agreement. (Opp. at 9; "The post-trial communications between Uniloc and Sureloc at a minimum reflect attorney work product.")

Not only is this bald assertion unsupported by the requisite declaration and offer of *in camera* inspection from the Uniloc Plaintiffs or their counsel (let alone a privilege log),[5] but it is belied by the representations made by the Uniloc Plaintiffs in their verified California complaint against Sureloc (¶¶ 34, 40):

> 34. Suddenly, in July 2009—within mere weeks of the jury verdict—an attorney purportedly representing Sureloc wrote to counsel for Plaintiffs. The attorney stated that his clients "recently learned that your clients have obtained a judgment against Microsoft Corporation for willful infringement of the [']216 Patent . . . " The letter suggested that the parties reach a "mutually acceptable resolution of these issues without having to resort to formal legal proceedings."
>
> 40. Since the verdict with Microsoft, Sureloc repeatedly contacted Plaintiffs demanding a share of the verdict and alleging that, although it has been completely inactive since 2002, it was supposedly the exclusive licensee under the '216 patent and had exclusive rights to sue for infringement of the '216 patent. Sureloc further alleges that Uniloc USA has no right to pursue infringement of the '216 patent and has threatened to bring suit against Uniloc USA.

(Exhibit 1)

Plainly Uniloc's and Sureloc's legal interests are *adverse* on the subject of the ownership of rights in the patent, and no privilege could attach to such discussions. The Uniloc Plaintiffs fail to reconcile the inherent inconsistency in their position, namely, that they have a "common

---

[5] *See In re Grand Jury Subpoena*, 274 F.3d 563, 575-76 (1st Cir. 2001) ("A party that fails to submit a privilege log is deemed to waive the underlying privilege claim.").

interest" with Sureloc on the issues that matter, even though they vigorously dispute that Sureloc has any rights whatsoever in the patent-in-suit and, indeed, the Uniloc Plaintiffs have brought suit against Sureloc to establish that fact. These are directly adverse interests, not common ones. It is also inconceivable that every single document exchanged with Sureloc was privileged and further, as would be required, that the document was exchanged to further a *common legal interest*. Microsoft strongly suspects that none of the withheld documents fall within this category. Regardless, the Uniloc Plaintiffs have not made a showing that any of the documents qualifies as privileged and therefore the "common interest" objection should be overruled on this basis as well.

Finally, even if the common interest agreement is deemed relevant here, a party cannot withhold documents based solely on a common interest agreement. On the contrary, there must be an underlying attorney-client or work product privilege to protect. *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 578 (N.D.Cal. 2007). Nor can Uniloc shield facts, business strategy, or business transactions from disclosure under the guise of privilege. *See Oxy Resources Cal. LLC* at 893. Moreover, Uniloc has no basis to assert any alleged privilege of Sureloc given Sureloc's willingness to produce its responsive documents. *See In re Grand Jury Subpoena*, 274 F.3d 563, 568 (1st Cir. 2001) (One party to common interest agreement can waive privilege).

## V. CONCLUSION

For the foregoing reasons and those set forth in its opening brief, Microsoft requests that the Court issue an Order providing the following relief in addition to any further relief that the Court deems just and appropriate.

(a) That the Uniloc Plaintiffs' objections to the Sureloc subpoena be overruled, and Sureloc be permitted to produce all relevant documents in its possession, custody or control.

(b) That the Uniloc Plaintiffs be compelled to produce, within four (4) days of the Order, all documents in their possession, custody, or control (including as held by their affiliates, attorneys, or agents) concerning ownership or license rights under the '216

8

patent, including all documents that in any way concern Sureloc or Sureloc's rights under the '216 patent.

(c) That Uniloc shall, within four (4) days of the Order, either (a) provide a verification for its September 21, 2011 Response To Interrogatory No. 9 or (b) withdraw its response and provide a corrected, complete and verified response.

(d) That Microsoft be permitted to take reasonable follow-up discovery after the documents are produced, including 30(b)(6) depositions of the Uniloc Plaintiffs and individual depositions of those individuals with knowledge of Sureloc's claims to the '216 patent and the exchanges between Sureloc and the Uniloc Plaintiffs.

Dated: November 22, 2011

By: /s/ Kurt L. Glitzenstein
Joseph V. Cavanagh, Jr. #1139
**BLISH & CAVANAGH**
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

Frank E. Scherkenbach
Kurt L. Glitzenstein
**FISH & RICHARDSON P.C.**
One Marina Park Dr.
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Isabella Fu
**MICROSOFT CORPORATION**
One Microsoft Way
Redmond, WA 98052-6399
Telephone: (415) 882-8080
Facsimile: (415) 936-7329

Attorneys for Defendant
MICROSOFT CORPORATION

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                       /s/ Kurt L. Glitzenstein
                                       Kurt L. Glitzenstein