# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC U.S.A., INC., and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br>    Defendant. | CASE NO. 1:03-CV-00440-WGY |

## PLAINTIFFS' SURREPLY IN OPPOSITION TO MICROSOFT CORPORATION'S MOTION TO COMPEL DISCOVERY CONCERNING UNILOC'S EXCLUSIVE LICENSE

Plaintiffs, Uniloc U.S.A. Inc. and Uniloc Singapore Private Limited (together "Uniloc"), respectfully submit this surreply in opposition to the motion of defendant, Microsoft Corporation ("Microsoft"), to compel discovery relating to Microsoft's new license defense, as liability has already been tried and affirmed on appeal. For the reasons set forth below and in Uniloc's opposition brief, Microsoft's motion should be denied.

## BACKGROUND

In June 2006, Uniloc produced to Microsoft in discovery in this case a copy of the purported license agreement between Uniloc Australia and Uniloc PC Preload upon which Microsoft now relies for its license defense. Microsoft was expressly aware of the production of this document by Uniloc because Microsoft marked the license as an exhibit during the deposition Microsoft took of the inventor of the patent-in-suit on July 20, 2006. *See* Ex. C to Uniloc's opposition brief. Thus, Microsoft has known about this license for over five (5) years. During that period of time, and through trial and appeal, Microsoft never claimed that Uniloc PC Preload or Microsoft had any rights to the patent-in-suit that interfere

06008071

in any way with the rights granted to Uniloc USA by the rightful owner of the patent, Uniloc Singapore. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011). Only after this case was remanded to this Court for the sole purpose of retrying the issue of damages did Microsoft claim to have obtained a sublicense under the Uniloc PC Preload/Sureloc license that, according to Microsoft, nullifies the jury's infringement finding that was affirmed by the Court of Appeals for the Federal Circuit.[1]

As set forth in Uniloc's opposition brief, Microsoft's newly-minted defense that it does not infringe the patent-in-suit because it purportedly obtained a post-trial, post-appeal sublicense from Uniloc PC Preload a couple of weeks ago is simply too late. *See, e.g., Kearns v. General Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996), *cert. denied*, 520 U.S. 1186 (1997) (decision affirmed on appeal "is not subject to collateral attack"). Thus, the mandate rule bars Microsoft from relitigating the issue of infringement. Incredibly, Microsoft's reply brief ignores Uniloc's arguments and, instead, attempts to blame Uniloc for Microsoft's failure to raise this new, albeit fatally flawed, license defense prior to trial.

## ARGUMENT

Uniloc's first argument in its opposition brief was that the issue of infringement has finally been decided by the Federal Circuit and Microsoft cannot now attempt to retry the issue via a (sub)license defense based upon a license that was disclosed to Microsoft over five years ago. Uniloc opp., p. 3. Microsoft's reply brief totally ignores this argument. Thus, Microsoft has conceded the point. Further, though it now demands, on the eve of the damages trial, discovery on the issue of liability, Microsoft has not even moved for a new

---

[1] On pages 3-4 of its opposition brief, Uniloc pointed out the unusual structuring of the financial agreement whereby Microsoft claims to have obtained a sublicense from Sureloc. In a Litigation Release dated November 22, 2011, the Securities and Exchange Commission announced that it had commenced an investigation of Patrick G. Rooney for misusing $3.6 million of investments in a third-party of which he is the Chairman. *See* Ex. 1. Mr. Rooney is the principal of Sureloc.

2

trial thereon pursuant to Rule 50. This is not surprising, as Microsoft has known for over five years about the Uniloc PC Preload license upon which it now relies for its discovery demand.

Uniloc also argued in its opposition brief that Microsoft has waived its new license defense because, notwithstanding its knowledge since 2006 of the Uniloc PC Preload license upon which it now relies, Microsoft never made this license argument at trial (or on appeal). As a result, Uniloc argued that Microsoft has also waived this argument. *Id.* at pp. 4-5. Microsoft's reply also ignored this argument, which must also be considered as having been conceded by Microsoft.

On pages 7-8 of its opposition, Uniloc argued that it did not conceal the Uniloc PC Preload (now Sureloc) license, as such was produced to Microsoft in 2006. Microsoft does not deny this in its reply (or anywhere else). Instead, Microsoft argues in its reply that Uniloc purportedly failed to disclose post-trial correspondence with Sureloc in 2009 and post-trial, post-appeal correspondence with Sureloc in 2011. This argument is simply a smokescreen as Microsoft was aware of the Uniloc PC Preload license upon which it now relies for its new license defense since 2006. This puts Microsoft in the embarrassing position of arguing that a document of which Microsoft has been aware for over five years now presents a defense to the jury verdict of infringement. Therefore, Microsoft now wants an impermissible second bite at the non-infringement apple. Obviously, if Microsoft, one of the largest corporations in the world, believed this to be true, it would have raised the defense prior to trial. Its failure to do so warrants a conclusion that it knew that the Uniloc PC Preload license does not provide a viable license defense (as explained in Uniloc's opposition brief).

## CONCLUSION

For the reasons set above and in Uniloc's opposition brief, Uniloc requests that Microsoft's motion to compel be denied.

Respectfully submitted,

Dated: November 28, 2011

**UNILOC USA, INC. and**
**UNILOC SINGAPORE PRIVATE**
**LIMITED**

By: /s/  Andria Coletta
Andria Coletta (R.I. Bar No. 5916)
(acoletta@taylorduane.com)
TAYLOR DUANE BARTON
& GILMAN, LLP
10 Dorrance Street, Suite 800
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)

Paul J. Hayes, Esq.
(phayes@hbcllc.com)
Dean G. Bostock, Esq.
(dbostock@hbcllc.com)
Paul J. Cronin, Esq.
(pcronin@hbcllc.com)
HAYES BOSTOCK & CRONIN LLC
300 Brickstone Square, 9th Floor
Andover, MA 01810
(978) 809-3850 (Telephone)
(978) 809-3869 (Facsimile)

*Attorneys for Plaintiffs Uniloc U.S.A., Inc. and*
*Uniloc Singapore Private Limited*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on November 28, 2011.

/s/  Andria Coletta

# EXHIBIT 1



Home | Previous Page

## U.S. Securities and Exchange Commission

**U.S. SECURITIES AND EXCHANGE COMMISSION**

Litigation Release No. 22167 / November 22, 2011

*Securities and Exchange Commission v. Patrick G. Rooney and Solaris Management, LLC*, Case No. 1:11-cv-08264 (N.D. IL)

**SEC CHARGES ILLINOIS-BASED HEDGE FUND ADVISER AND ITS OWNER FOR FRAUDULENT CONDUCT**

The Securities and Exchange Commission today announced that on November 18, it filed a civil injunctive action against Patrick G. Rooney ("Rooney"), a resident of Oakbrook, Illinois, and his company, Solaris Management, LLC ("Solaris Management"), the investment adviser to the Solaris Opportunity Fund, LP ("Solaris Fund") for the fraudulent misuse of the Solaris Fund's assets and other illegal conduct.

According to the SEC's complaint, the Solaris Fund is purportedly a non-directional hedge fund with approximately 30 investors and reported assets of $16,277,780 as of December 2008. Contrary to the Solaris Fund's offering documents and marketing materials, Rooney and Solaris Management allegedly made a radical change in the Solaris Fund's investment strategy by becoming wholly invested in Positron Corp. ("Positron"), a financially troubled microcap company of which Rooney has been Chairman since 2004. Rooney, who has received compensation from Positron since September 2005, allegedly misused the Solaris Fund's money by investing over $3.6 million in Positron through both private transactions and market purchases. Many of the private transactions were undocumented while other investments were loans to Positron at 0% interest. The complaint alleges that Rooney and Solaris Management hid the Positron investments and Rooney's relationship with the company from the Solaris Fund's investors for over four years. Although Rooney finally told investors about the Positron investments in a March 2009 newsletter, he allegedly lied by telling them he became Chairman to safeguard the Solaris Funds' investment. The complaint further alleges that these investments benefited Positron and Rooney while providing the Solaris Fund with a concentrated, undiversified, and illiquid position in a cash-poor company with a lengthy track record of losses.

The SEC's complaint, filed in the United States District Court for the Northern District of Illinois, charges Rooney and Solaris Management with violating Section 17(a) of the Securities Act of 1933, Sections 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and thereunder, and Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8(a)(1) and (a)(2) thereunder. The complaint also charges Rooney with aiding and abetting Solaris Management's violations of Section 206(4) of the Advisers Act and Rule 206(4)-8(a)(1) thereunder, and Rooney and Solaris Management with aiding and abetting the Solaris Fund's violation of Section 10(b) of the

Exchange Act and Rule 10b-5(b) thereunder, and Section 13(d)(1) of the Exchange Act and Rule 13d-1 thereunder.

The SEC is seeking permanent injunctions, disgorgement of any ill-gotten gains plus prejudgment interest and civil monetary penalties against Rooney and Solaris Management, and an officer and director bar against Rooney.

> [SEC Complaint in this matter](#)

http://www.sec.gov/litigation/litreleases/2011/lr22167.htm

Home | Previous Page                                                                 Modified: 11/22/2011