UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNILOC U.S.A., INC., and )
UNILOC SINGAPORE PRIVATE LIMITED, )
        Plaintiff, )
       ) CASE NO. 1:03-CV-00440-WGY
v. )
  )
MICROSOFT CORPORATION, )
        Defendant. )

## PLAINTIFFS' SURREPLY IN OPPOSITION TO MICROSOFT CORPORATION'S MOTION TO COMPEL DISCOVERY CONCERNING UNILOC'S EXCLUSIVE LICENSE

Plaintiffs, Uniloc U.S.A. Inc. and Uniloc Singapore Private Limited (together "Uniloc"), respectfully submit this surreply in opposition to the motion of defendant, Microsoft Corporation ("Microsoft"), to compel discovery relating to Microsoft's new license defense, as liability has already been tried and affirmed on appeal. For the reasons set forth below and in Uniloc's opposition brief, Microsoft's motion should be denied.

## BACKGROUND

In June 2006, Uniloc produced to Microsoft in discovery in this case a copy of the purported license agreement between Uniloc Australia and Uniloc PC Preload upon which Microsoft now relies for its license defense. Microsoft was expressly aware of the production of this document by Uniloc because Microsoft marked the license as an exhibit during the deposition Microsoft took of the inventor of the patent-in-suit on July 20, 2006. *See* Ex. C to Uniloc's opposition brief. Thus, Microsoft has known about this license for over five (5) years. During that period of time, and through trial and appeal, Microsoft never claimed that Uniloc PC Preload or Microsoft had any rights to the patent-in-suit that interfere

in any way with the rights granted to Uniloc USA by the rightful owner of the patent, Uniloc Singapore. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011). Only after this case was remanded to this Court for the sole purpose of retrying the issue of damages did Microsoft claim to have obtained a sublicense under the Uniloc PC Preload/Sureloc license that, according to Microsoft, nullifies the jury's infringement finding that was affirmed by the Court of Appeals for the Federal Circuit.[1]

As set forth in Uniloc's opposition brief, Microsoft's newly-minted defense that it does not infringe the patent-in-suit because it purportedly obtained a post-trial, post-appeal sublicense from Uniloc PC Preload a couple of weeks ago is simply too late. *See, e.g., Kearns v. General Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996), *cert. denied*, 520 U.S. 1186 (1997) (decision affirmed on appeal "is not subject to collateral attack"). Thus, the mandate rule bars Microsoft from relitigating the issue of infringement. Incredibly, Microsoft's reply brief ignores Uniloc's arguments and, instead, attempts to blame Uniloc for Microsoft's failure to raise this new, albeit fatally flawed, license defense prior to trial.

## ARGUMENT

Uniloc's first argument in its opposition brief was that the issue of infringement has finally been decided by the Federal Circuit and Microsoft cannot now attempt to retry the issue via a (sub)license defense based upon a license that was disclosed to Microsoft over five years ago. Uniloc opp., p. 3. Microsoft's reply brief totally ignores this argument. Thus, Microsoft has conceded the point. Further, though it now demands, on the eve of the damages trial, discovery on the issue of liability, Microsoft has not even moved for a new

---

[1] On pages 3-4 of its opposition brief, Uniloc pointed out the unusual structuring of the financial agreement whereby Microsoft claims to have obtained a sublicense from Sureloc. In a Litigation Release dated November 22, 2011, the Securities and Exchange Commission announced that it had commenced an investigation of Patrick G. Rooney for misusing $3.6 million of investments in a third-party of which he is the Chairman. *See* Ex. 1. Mr. Rooney is the principal of Sureloc.

trial thereon pursuant to Rule 50. This is not surprising, as Microsoft has known for over five years about the Uniloc PC Preload license upon which it now relies for its discovery demand.

Uniloc also argued in its opposition brief that Microsoft has waived its new license defense because, notwithstanding its knowledge since 2006 of the Uniloc PC Preload license upon which it now relies, Microsoft never made this license argument at trial (or on appeal). As a result, Uniloc argued that Microsoft has also waived this argument. *Id.* at pp. 4-5. Microsoft's reply also ignored this argument, which must also be considered as having been conceded by Microsoft.

On pages 7-8 of its opposition, Uniloc argued that it did not conceal the Uniloc PC Preload (now Sureloc) license, as such was produced to Microsoft in 2006. Microsoft does not deny this in its reply (or anywhere else). Instead, Microsoft argues in its reply that Uniloc purportedly failed to disclose post-trial correspondence with Sureloc in 2009 and post-trial, post-appeal correspondence with Sureloc in 2011. This argument is simply a smokescreen as Microsoft was aware of the Uniloc PC Preload license upon which it now relies for its new license defense since 2006. This puts Microsoft in the embarrassing position of arguing that a document of which Microsoft has been aware for over five years now presents a defense to the jury verdict of infringement. Therefore, Microsoft now wants an impermissible second bite at the non-infringement apple. Obviously, if Microsoft, one of the largest corporations in the world, believed this to be true, it would have raised the defense prior to trial. Its failure to do so warrants a conclusion that it knew that the Uniloc PC Preload license does not provide a viable license defense (as explained in Uniloc's opposition brief).

## CONCLUSION

For the reasons set above and in Uniloc's opposition brief, Uniloc requests that Microsoft's motion to compel be denied.

Respectfully submitted,

Dated: November 28, 2011
**UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED**

By: /s/ Andria Coletta
Andria Coletta (R.I. Bar No. 5916)
(acoletta@taylorduane.com)
TAYLOR DUANE BARTON
& GILMAN, LLP
10 Dorrance Street, Suite 800
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)

Paul J. Hayes, Esq.
(phayes@hbcllc.com)
Dean G. Bostock, Esq.
(dbostock@hbcllc.com)
Paul J. Cronin, Esq.
(pcronin@hbcllc.com)
HAYES BOSTOCK & CRONIN LLC
300 Brickstone Square, 9th Floor
Andover, MA 01810
(978) 809-3850 (Telephone)
(978) 809-3869 (Facsimile)

*Attorneys for Plaintiffs Uniloc U.S.A., Inc. and Uniloc Singapore Private Limited*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on November 28, 2011.

/s/ Andria Coletta