UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNILOC U.S.A., INC., and<br>UNILOC SINGAPORE PRIVATE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:03-CV-00440-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY
MOTION TO COMPEL DISCLOSURE OF LITIGATION COSTS
ASSOCIATED WITH DEFENDING MICROSOFT AND PRODUCTION
OF A RULE 30(B)(6) WITNESS TO AUTHENTICATE, AND ADMIT
THE BUSINESS-RECORD STATUS OF, DOCUMENTS**

Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private Ltd. (together "Uniloc") respectfully request this Court compel Defendant Microsoft Corp. ("Microsoft") to,

A. Stipulate, or provide a Rule 30(b)(6) witness to testify, to the amount of money Microsoft has spent to litigate the above-entitled action since its inception; and

B. Provide a witness to authenticate, and confirm the business-record status of, Microsoft documents specifically referenced in the reports of Uniloc's expert witnesses, and identified in Exhibit A[1] to this motion.

This motion is urgent. The amount of money Microsoft has spent to litigate this case is relevant to the damages issues and discoverable. Uniloc only seeks to authenticate Microsoft documents cited in Uniloc's expert reports.[2] Microsoft has ignored or objected to Uniloc's requests, discovery is set to close on January 25, 2012, and counsel for Uniloc will travel to Seattle,

---

[1] This, and all other exhibits, refer to the exhibits contained in the Declaration of Jacob W. S. Schneider, attached herewith.
[2] For an example of the Microsoft documents Uniloc wishes to authenticate and confirm business-record status of, please see Exhibit B. This document is a printed page of Microsoft's website, and was previously admitted at trial as Exhibit PX612. Microsoft has refused to answer requests for admission directed toward this document. *See* Ex. F at 53-54.

06011855

Washington later this week to conduct depositions of Microsoft's employees. Because these depositions could include discovery on items above, Uniloc respectfully requests this Court grant its motion with haste.

## ARGUMENT

    A.    The amount of money Microsoft has spent to litigate this suit is <u>relevant and discoverable.</u>

Uniloc's request is relevant, as it seeks to rebut Microsoft's position, foretold by its damage expert reports, that the software giant would have paid no more than $2 million in a hypothetical negotiation. $2 million is the cost of Microsoft's so-called next-best alternative to infringement. Because legal expenses, alone, have cost Microsoft much more than this so-called $2 million alternative, Uniloc intends to argue that this figure is far too low to survive reasonable scrutiny. The costs associated with defending a patent suit in two trials, and submitting the patent to reexamination, over an eight-year period are far greater than Microsoft's $2 million walk-away theory. As a result, Uniloc's request is relevant and probative of the damages issue.

And "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ..." Fed. R. Civ. P. 26(b)(1). Uniloc seeks request the amount of money Microsoft has spent litigating this suit:

> Documents sufficient to show on a yearly basis all external legal fees and external legal costs incurred by Microsoft in its defense of this case from the date the complaint was filed to the present, including without limitation, all external legal fees and external legal costs incurred in this civil action, the appeals, reexamination of the '216 patent, and/or any other activity relating to this case and/or the '216 patent.

Ex. C at 2 (Request No. 65, "Plaintiff's Fourth Requests for Production of Documents and/or Things (No. 65)", served Dec. 12, 2011); *see* Ex. D at 10 (Deposition Topic No. 6) (Dec. 28, 2011 Notice of Rule 30(b)(6) deposition re: "costs incurred by Microsoft in its defense of this case ..."). On January 17, 2012, Microsoft objected to Uniloc's request, stating that such

evidence was, "irrelevant to any claim or defense ... and outside the scope" of damages. Ex. E. Uniloc's request, however, is directly relevant to refuting Microsoft's hypothetical-negotiation theory.

Nor is privilege is an impediment to Microsoft's disclosure of its legal fees. The attorney-client privilege generally does not protect attorneys fees. *See In re Grand Jury Subpoena (Zerendow)*, 925 F. Supp. 849, 855 (D. Mass. 1995); *United States v. Buitrago-Dugand*, 712 F. Supp. 1045, 1048 (D.P.R. 1989) ("The identity of the client and fee arrangements are generally not protected by the attorney-client privilege." (citing United States v. Strahl, 590 F.2d 10, 11 (1st Cir.1978))). Any possible privilege is further preserved by the scope of Uniloc's request: Uniloc only requests an approximate, total figure and not a detailed accounting with verbose descriptions.

Because the amount of money Microsoft has spent on this litigation likely dwarfs the $2 million walk-away theory its experts espouse, Uniloc requests a stipulation to the amount of money Microsoft has spent litigating this case in lieu of a formal deposition. Absent a stipulation, Uniloc respectfully requests this Court compel Microsoft to produce a Rule 30(b)(6) witness to testify to its legal expenditures in this case.

B.  Microsoft's refusal to provide a Rule 30(b)(6) witness for authentication, and admission of business-record status, of its own documents is an impediment to the <u>efficient admission of exhibits at trial.</u>

Microsoft refuses to produce a Rule 30(b)(6) witness to authenticate Microsoft documents that Uniloc's experts cite in their expert reports. Some of these documents were admitted exhibits at the previous trial, and Uniloc seeks only to establish that the documents are (1) authentic; and (2) business records of Microsoft. *See* Ex. A (full listing of Microsoft documents it refuses to authenticate or admit business-record status of). Establishing

3

authenticity and business-record status will expedite document admission at trial and conserve both judicial and party resources.

Uniloc has served its Second, Third, and Fourth sets of requests for admission to authenticate Microsoft documents prior to trial. Microsoft's responses to Uniloc's requests have been inconsistent. Though Microsoft responded to Uniloc's Second and Third sets of requests, it has objected to the Fourth set with the blanket objection that Uniloc has "exceeded the number of requests for admissions ..." Ex. F.[3] Because Microsoft has responded to Uniloc's Second and Third sets of requests, Microsoft's admissions have authenticated, and admitted the business-record status for, some documents – but many remain unauthenticated. To authenticate those that remain, Uniloc sent a letter on December 14, 2011 seeking clarifications to Microsoft's responses. Ex. G. Uniloc has not received an answer.

In another attempt to clear admissibility hurdles ahead of trial, Uniloc served Microsoft with a Rule 30(b)(6) deposition notice to authenticate, and admit the business-record status of, Microsoft documents on January 5, 2012. Ex. H. On January 9, 2012, Uniloc offered to withdraw this deposition notice if Microsoft would "agree that Microsoft's own documents are authentic and business records of Microsoft ..." Ex. I. Instead, Microsoft refuses to comply with the Rule 30(b)(6) notice and offers to delay the issue of authentication until parties discuss exhibit lists for trial. Parties will be producing these lists, however, well after the discovery deadline of January 25, 2012.

A Rule 30(b)(6) deposition to authenticate the documents will settle many admissibility issues before trial, saving the Court and parties' resources. Counsel for Uniloc is already traveling to Seattle, Washington at the end of this week to depose Microsoft employees, and will

---

[3] Any argument that Uniloc has exceeded a limit of 100 requests for admission is undermined by Microsoft's responses to Uniloc's Second and Third Requests for Admission containing Request Nos. 1-403, which are directed to authenticity and business-record status.

remain on the west coast through January 25, 2012.  It would be expedient for Uniloc to authenticate these documents during this period.  As a result, Uniloc respectfully requests this Court compel Microsoft to provide a witness to authenticate Microsoft documents. Ex. A.

## CONCLUSION

Microsoft has refused to provide valuable discovery that is relevant and capable of narrowing evidentiary issues prior to trial.  Because discovery is set to close on January 25, 2012 and counsel for Uniloc will be available to depose Microsoft witnesses this following week, Uniloc respectfully requests this Court grant its motion to compel.

Respectfully submitted,

Dated: January 18, 2012         **UNILOC USA, INC. and**
                                **UNILOC SINGAPORE PRIVATE**
                                **LIMITED**

By:  /s/   Dean G. Bostock
Andria Coletta (R.I. Bar No. 5916)
(acoletta@taylorduane.com)
TAYLOR DUANE BARTON
& GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)

Paul J. Hayes, Esq.
(phayes@hbcllc.com)
Dean G. Bostock, Esq.
(dbostock@hbcllc.com)
HAYES BOSTOCK & CRONIN LLC
300 Brickstone Square, 9th Floor
Andover, MA 01810
(978) 809-3850 (Telephone)
(978) 809-3869 (Facsimile)

*Attorneys for Plaintiffs Uniloc U.S.A., Inc. and*
*Uniloc Singapore Private Limited*

## CERTIFICATE OF SERVICE

      I hereby certify that this document field through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on January 18, 2012.

                                          /s/ Dean G. Bostock