## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNILOC U.S.A., INC., and<br>UNILOC SINGAPORE PRIVATE<br>LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:03-CV-00440 (WGY)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' OMNIBUS MOTION IN LIMINE

Plaintiffs, Uniloc U.S.A. Inc. and Uniloc Singapore Private Limited (together "Uniloc"), hereby move in limine to preclude defendant, Microsoft Corporation ("Microsoft"), from offering certain evidence at the damages trial in this case. For the reasons set forth below, Uniloc requests that this motion be granted.

### I.     BACKGROUND

At the 2009 trial of this case, Microsoft's damages expert (Brian Napper) testified that damages for Microsoft's infringement of Uniloc's patent could not exceed $7 million. The jury awarded Uniloc $388 million. Retrial on the issue of damages is set to commence on February 27, 2012. Microsoft intends to rely upon two witnesses designated as experts on the issue of damages, namely Robert H. Mnookin and Christopher A. Vellturo, Ph.D. Mr. Mnookin intends to opine that damages cannot exceed $2 million. Dr. Vellturo merely criticizes the reports of

Uniloc's damages expert, Philip Green.  In addition, Microsoft intends to rely upon a technical expert to discuss the infringing Microsoft technology.  As set forth below, there are a number of aspects of the proposed testimony of these experts that should be precluded from going to the jury.

## II.   ARGUMENT

### A.   SETTLEMENT AGREEMENTS SHOULD BE EXCLUDED

In his Expert Report dated December 9, 2011, Dr. Vellturo states that he intends to rely upon 41 settlement agreements made between Uniloc and third parties to resolve Uniloc's claim that such third parties infringed the Uniloc '216 patent. *See* Ex. A, p. 48.  More particularly, Dr. Vellturo intends to point out that all but two of the settlement agreements involving the patent-in-suit herein were structured as lump-sum payments to Uniloc. *Id.*

Dr. Vellturo concedes, however, that these agreements were made to settle litigation. *Id.* ("Uniloc has produced 41 agreements in settlement of litigation involving the '216 patent").  Thus, there is no dispute that these settlement agreements were made to resolve actual litigation between Uniloc and third parties (in Texas).  As a result, the agreements should be excluded under Fed. R. Evid. 408.  As the Advisory Committee's notes to the Rule state:

> (1) The evidence is irrelevant, since the offer [to settle] may be motivated by a desire for peace rather than from any concession of weakness or position.

> (2) A more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes.

Thus, the settlement agreements should be excluded under Rule 408. *See also*

*Inline Connection Corp. v. AOL Time Warner, Inc.*, 470 F. Supp.2d 435, 444 (D. Del. 2007).

In addition, the settlement agreements should be excluded under Fed. R. Evid. 403.  Settlement terms are not a proper basis for calculating damages based upon a reasonable royalty. *See Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 651 (N.D. Il. 1994) ("amounts paid in settlements may not be used to compute a reasonable royalty"); *see also Rite-Hite Corp. v. Kelley Co.*, 774 F. Supp. 1514, 1535 (E.D. Wis. 1991) ("[s]ettlement agreements are [] not an accurate gauge of a reasonable royalty"), *rev'd on other grounds*, 56 F.3d 1538 (Fed. Cir.), *cert. denied*, 516 U.S. 867 (1995).  Thus, Uniloc's prior settlement agreements should be excluded for all purposes.

Moreover, Dr. Vellturo admits "as settlement agreements, they may not be probative as to the amount of a reasonable royalty." Ex. A, p. 48.  In an attempt at an end-run around the public policy of excluding settlement agreements, Dr. Vellturo asserts that 38 of the settlement agreements are relevant because they were for lump-sum payments which would be indicative of the form of license that Uniloc and Microsoft would have agreed upon. *Id.*  This argument does not permit Microsoft to circumvent the protection provided settlement agreements by Rules 403 and 408 and has previously been expressly rejected.  In *Inline Connection v. AOL*, "Defendants argue[d] that the Goodman memo and the Verizon offer are evidence of Inline's willingness to accept a lump-sum payment to license the patents-in-suit and, therefore, should not be excluded." *See Inline Connection*, 470 F. Supp.2d at 444.  That argument was rejected and the evidence was excluded. *Id.*

Likewise, the settlement agreements between Uniloc and third parties should be excluded in this case.

Uniloc's settlement agreements should also be excluded because Microsoft refused to produce to Uniloc herein Microsoft's own settlement-of-litigation agreements. *See* Ex. B ("Microsoft objects to producing license agreements entered into in connection with settlement of litigation.").  Given Microsoft's position, with which Uniloc agrees, it would be fundamentally unfair to allow Microsoft's witnesses to discuss Uniloc's settlement agreements at trial.

> B.     DR. SHERMAN'S TESTIMONY THAT THE INVENTION OF CLAIM 19 IS A "HASH" SHOULD BE EXCLUDED

As indicated above, Microsoft intends to call Dr. Sherman to testify regarding how the infringing devices operate.  In several places in his report, however, Dr. Sherman makes numerous statements that are contrary to what has been found to infringe in this case.  For example, on page 9 of his report, in an effort to minimize the extent of Microsoft's infringement, Dr. Sherman states that only the hash used in the Microsoft system infringes:

> The hash found to infringe claim 19 is not necessary to the digital signature process and can be safely removed.

Ex. C, p. 9.  This statement is legally and technically inaccurate.  It is also directly contradicted by a prior Order of this Court on a motion filed by Microsoft in this case.  On September 26, 2011, Microsoft filed an Emergency Motion requesting, *inter alia*, that "the Court expressly confirm that claim 19 of Uniloc's 5,490,216 patent only covers Microsoft's Clearinghouse." *See* Dkt. No. 460.  In an Order dated October 14, 2011, the Court granted Microsoft's request. *See* Ex. D.

4

("Motion allowed as to prayers 3 and 4").  Thus, in response to Microsoft's request, the Clearinghouse was found to infringe claim 19.  Microsoft cannot now alter its position via Dr. Sherman's report or trial testimony.

Contrary to Dr. Sherman's opinion, the "hash" alone was not found to infringe claim 19.  Accordingly, Dr. Sherman should be precluded under Rule 403 from attempting to minimize the scope of Microsoft's infringement by testifying that only the "hash" was found to have infringed claim 19.  Such testimony will only cause undue prejudice and confuse and mislead the jury regarding what has been found to infringe in this case.

C.      TESTIMONY THAT DAMAGES ARE REDUCED BECAUSE
        ONLY CLAIM 19 IS INFRINGED SHOULD BE EXCLUDED

The reports of both Mr. Mnookin and Dr. Vellturo repeatedly state that only claim 19 has been found to infringe the patent-in-suit.  Although those statements are true, these witnesses should not be permitted to testify directly or by inference that damages are somehow limited if only one claim is infringed.  "A patent is infringed if one or more claims of the patent are infringed" and "[d]amages are not affected by the number of claims infringed." *Square Liner 360 degrees, Inc. v. Chisum*, 1981 WL 48168, 215 U.S.P.Q. 1110, 1119 (D. Minn. Nov. 2, 1981), *rev'd on other grounds*, 691 F.2d 362 (8th Cir. 1982).  Thus, the fact that only claim 19 was found to be infringed is irrelevant and immaterial to the calculation of damages and any testimony to the contrary will only mislead and confuse the jury.  Accordingly, any testimony to the effect that damages are reduced if only one claim is infringed should be excluded under Rules 402 and 403.

D.    CROSS-EXAMINATION OF MR. KLAUSNER SHOULD BE
LIMITED TO RELEVANT ISSUES

Uniloc's technical expert, David Klausner, will testify regarding how the infringing Microsoft Clearinghouse operates.  Microsoft's cross-examination of Mr. Klausner should be limited to such matters.  More particularly, Microsoft should not be permitted to elicit before the jury testimony regarding Mr. Klausner's totally separate part-time work entertaining sick children in hospitals and other locations.  Some of Mr. Klausner's entertainment may appear childish to adults and could be humiliating to Mr. Klausner in the context of a patent damages trial.  Mr. Klausner's charitable activities have no relevance to the matters to be decided by the jury and will only cause undue prejudice to Uniloc.  During cross-examination of Mr. Klausner at a prior trial in this Court in the *Arendi U.S.A., Inc. v. Microsoft Corp.*, Civil Action No. 02-cv-343, counsel for Microsoft attempted to portray Mr. Klausner as an actor reading his lines, rather than a witness giving expert testimony.  Microsoft should be precluded under Rules 402 and 403 from eliciting testimony at trial in this case regarding Mr. Klausner's unrelated and irrelevant childrens' entertainment activities. *See also McGrath v. Vinzant*, 528 F.2d 681, 684 (1st Cir. 1976) (noting "discretionary power of trial judge to exclude questions which tend merely to 'harass, annoy or humiliate.'")

**III.    CONCLUSION**

For the reasons set above, Uniloc requests that this motion be granted.

6

Respectfully submitted,

Dated: January 30, 2012                **UNILOC USA, INC. and**

**UNILOC SINGAPORE PRIVATE LIMITED**

By:  /s/ Andria Coletta
Andria Coletta (R.I. Bar No. 5916)
(acoletta@tayloeduane.com)
TAYLOR DUANE BARTON
& GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
(401) 273-7171 (Telephone)
(401) 273-2904 (Facsimile)


Paul J. Hayes, Esq.
(phayes@hbcllc.com)
Dean G. Bostock, Esq.
(dbostock@hbcllc.com)
Paul J. Cronin, Esq.
(pcronin@hbcllc.com)
HAYES BOSTOCK & CRONIN LLC
300 Brickstone Square, 9th Floor
Andover, MA 01810
(978) 809-3850 (Telephone)
(978) 809-3869 (Facsimile)

*Attorneys for Plaintiffs Uniloc U.S.A., Inc. and*
*Uniloc Singapore Private Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that this document field through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File  ("NEF"), and paper copies will be sent to those indicated as non-registered participants on January 30, 2012.

/s/  Andria Coletta